**MEMO ENDORSED**

# MORRISON TENENBAUM

MORRISON-TENENBAUM PLLC, ATTORNEYS-AT-LAW  M-T-LAW.COM
87 WALKER STREET  2ND FLOOR  NEW YORK  NY  10013
PHONE 212.620.0938  FAX 646.998.1972

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/20/2021

July 14, 2021

**BY ECF**
Honorable Debra Freeman
Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007 – 1312

Re: <u>SingularDTV GmbH v. John Doe</u>, 1:21-cv-06000-VEC

Dear Judge Freeman:

This firm represents Plaintiff SingularDTV GmbH ("<u>SingularDTV</u>" or the "<u>Company</u>") in the above-referenced case. Plaintiff respectfully submits this letter pursuant to Local Civil Rule 37.2 to request an informal, pre-motion conference regarding Plaintiff's anticipated motion for leave to serve third-party subpoenas prior to a Fed. R. Civ. P. 26(f) conference.

## BACKGROUND

Plaintiff SingularDTV GmbH brought this action against Defendant John Doe for claims arising under the Computer Fraud and Abuse Act (18 U.S.C. § 1030), Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962(a)), conversion, fraud in the inducement and unjust enrichment by filing a complaint on July 13, 2021 (the "<u>Complaint</u>").

Plaintiff alleges in the Complaint that Defendant, accessed a Company e-mail account and impersonated a shareholder of the Company to fraudulently acquire cryptocurrency valued at approximately Two Million Dollars ($2,000,000.00).

## PLAINTIFF'S ANTICIPATED MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO A FED. R. CIV. P. 26(F) CONFERENCE

Defendant's identity remains unknown, and no Defendant has yet appeared in this matter. Plaintiff is unable to identify the Defendant because, at present, the only information available to Plaintiff is the e-mail address used by the Defendant to impersonate the Company shareholder to unlawfully obtain the cryptocurrency. Furthermore, the stolen cryptocurrency is untraceable using available online tools.

As such, Plaintiff intends to file a motion for leave to serve subpoenas on third parties who possess information necessary to identify the Defendant and locate the stolen cryptocurrency. With this information, Plaintiff may properly serve the Defendant as well as efficiently develop the factual record in order to fully adjudicate its claims.

Therefore, Plaintiff respectfully requests a pre-motion discovery conference to address Plaintiff's anticipated motion for leave to serve third-party subpoenas prior to a Fed. R. Civ. P. 26(f) conference.

Hon. Debra Freeman
July 14, 2021
Page 2

## CONCLUSION

  For the foregoing reasons, Plaintiff respectfully requests a pre-motion conference regarding its anticipated motion for leave to serve third-party subpoenas prior to a Fed. R. Civ. P. 26(f) conference.

                 Respectfully submitted,

                 */s/ Jerald M. Tenenbaum*
                 Jerald M. Tenenbaum, Esq.
                 87 Walker Street, Floor 2
                 New York, NY 10013
                 Tel: (212) 620-0938
                 Fax: (646) 390-5095
                 jerald@m-t-law.com
                 *Attorneys for Plaintiff*

---

Plaintiff's consent to proceed before a magistrate judge for all purposes does not result in a referral of this action to the magistrate judge because not all parties have consented.  *See N.Y. Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 996 F.2d 21, 23–24 (2d Cir. 1993) ("Consent of all parties to be bound by a judgment of a magistrate judge is required by 28 U.S.C. § 636 and Fed. R. Civ. P. 73.").  Accordingly, this case will proceed before the undersigned, subject to Defendant's appearance and consent to proceed before the magistrate judge.

Plaintiff's request for a pre-motion conference in anticipation of its motion for leave to serve third-party subpoenas is denied as unnecessary.  Plaintiff is instructed to file its motion as expeditiously as possible.

SO ORDERED.

*[signature]*
7/20/2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

M+T