UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SINGULARDTV, GmbH,** *Plaintiff*, v. **JOHN DOE**, *Defendant*. | Civil Action No.: 1:21-cv-06000-VEC |

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE**

Re: Issuance of Subpoena to Google LLC and Binance Holdings Limited for Information to Identify John Doe and Locate Stolen Property

     Pursuant to Fed. R. Civ. P. 26(d)(1), and upon the attached: (1) Memorandum of Law in support of this motion; (2) Affidavit of Carl Volz, Esq. in support of this motion; (3) Affidavit of Daniel Ghazi in support of this motion; and (4) Affidavit of Kimberly Jackson in support of this motion, SingularDTV GmbH ("Plaintiff"), respectfully moves for entry of an order granting it leave to serve a third party subpoena on Google LLC and Binance Holdings Limited prior to a Rule 26(f) conference (the "Motion").

Dated: New York, New York
       July 20, 2021

                                                   Respectfully submitted,

                                                   By:    */s/ Jerald M. Tenenbaum*

                                                     Jerald M. Tenenbaum, Esq.
                                                     87 Walker Street, Floor 2
                                                     New York, NY 10013
                                                     Tel: (212) 620-0938
                                                     Fax: (646) 390-5095
                                                     *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. Defendant's identity remains unknown, and no Defendant has yet appeared in this matter.

      By:   */s/ Jerald M. Tenenbaum*

      Jerald M. Tenenbaum, Esq.
      87 Walker Street, Floor 2
      New York, NY 10013
      Tel: (212) 620-0938
      Fax: (646) 390-5095
      *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SINGULARDTV, GmbH,**<br><br>                                          *Plaintiff*,<br><br>       v.<br><br>**JOHN DOE**,<br><br>                                          *Defendant*. | Civil Action No.: 1:21-cv-06000-VEC |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS…………………………………………………………………………….i

TABLE OF AUTHORITIES ………………………………………………………………….……ii

BACKGROUND …………………………………………………………………………………….1

ARGUMENT …………………………………………………………………………………….....5

    I. PLAINTIFF IS ENTITLED TO EXPEDITED DISCOVERY…………………………….5

        A.    Plaintiff's Complaint Makes a Prima Facie Case for its Claims…………………………………….……………………………6

        B.    Plaintiff's Request for Expedited Discovery is Specific and Narrowly Tailored ……………………………………………………….…………….7

        C.    There are No Alternative Means to Obtain the Information Sought……...7

        D.    The Subpoenaed Information is Necessary to Advance Plaintiff's Claims…….………………………………………………………………….8

        E.    Defendant's Minimum Privacy Interest is Outweighed by Plaintiff's Interests…...………………………………………………………..................9

CONCLUSION………………………………………………………………………………..11

# TABLE OF AUTHORITIES

**CASES**

*AdMarketplace, Inc. v. Tee Support, Inc.*, No. 13-cv-5635 (LGS), 2013 WL 4838854 (S.D.N.Y. Sept. 11, 2013)……………………………………………………………………...7

*Arista Records LLC v. Doe*, 604 F.3d 110 (2d Cir. 2010)………………………………...…………7

*Ayyash v. Bank Al-Madina*, 223 F.R.D. 325 (S.D.N.Y. 2005)……………………………………6

*Digital Sin, Inc. v. Does 1-27*, 12-cv-3873 (JMF), 2012 WL 2036035 (S.D.N.Y. June 6, 2012)………………………………………………………………………………………..... 9, 10

*In re Various Strike 3 Holdings, LLC Copyright Infringement Cases*, No. 17CV6717WFKCLP, 2018 WL 3404142 (E.D.N.Y. July 11, 2018)…………………………………………………10

*Malibu Media*, No. CV 14-4808 (JS) (SIL), 2016 WL 4574677………………………………….8

*Rotten Records, Inc. v. Doe*, 108 F. Supp. 3d 132 (W.D.N.Y. 2015)…………………….…..10

*Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004)…………...………7, 9, 10

*Stern v. Crosby*, 246 F.R.D. 453 (S.D.N.Y. 2007)……………………………………….………6

*Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020)…………………………. 7

*Strike 3 Holdings, LLC v. Doe*, No. CV 19-5818 (AT) (JLC), 2019 WL 5459693……….…..8, 10

**OTHER AUTHORITIES**

8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2046.1 (3d ed. 2011)………………………………………………………………………………………5

**RULES**

Fed. R. Civ. P. 26(d)(1)……………………………………………………………….…..1, 5, 10

Fed. R. Civ. P. 45………………………………………………………………………………….9

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff hereby respectfully submits the following in support of its Motion for Leave to serve non-party subpoenas prior to a Fed. R. Civ. P. 26(f) conference on Google LLC ("Google") (a Delaware limited liability company with its principal place of business in Mountain View, California) and Binance Holdings Limited ("Binance"). Upon information and belief, Binance is a Cayman Islands limited liability company that operates as a cryptocurrency exchange. *See* Affidavit of Kimberly Jackson ("Jackson Aff."). ¶ 18; *see also* Jackson Aff., **Exhibit "KJ-A"**.

## BACKGROUND

Plaintiff SingularDTV GmbH ("SingularDTV" or "Plaintiff" or the "Company") is a Swiss company operating in New York, New York that uses blockchain technology to create decentralized distribution ecosystem for the entertainment and film industry. SingularDTV created the SNGLS cryptocurrency tokens ("SNGLS" or the "Tokens") which were sold in an initial coin offering on October 2, 2016. Plaintiff commenced this action against Defendant by filing a complaint on July 13, 2021, for unlawful conduct relating to Defendant's unauthorized access of the Company's computer systems and illegal acquisition of cryptocurrency through fraudulent misrepresentation (the "Complaint").

SingularDTV has three shareholders: Joseph Lubin ("Lubin"), Arie Levy-Cohen ("Levy-Cohen") and Zach LeBeau ("LeBeau").

In or about February 2019, Lubin and LeBeau proposed a settlement to Levy-Cohen, under which he would resign all his positions with the company and relinquish his ownership interest. In consideration for the redemption, resignation, and execution of a settlement agreement, the company agreed to pay Levy-Cohen 76,800,000 SNGLS tokens, having an

1

estimated value of between $1,700,000 - $2,000,000,[1] and 11,520,000 SNGJ tokens (the "SNGJ Tokens"), having an estimated value of $32,843.52.[2] *See* Jackson Aff., ¶ 9.

A settlement was never reached, and the offer was rescinded in early 2020. Then, in February 21, general counsel for SingularDTV, Carl Volz, Esq. ("Volz"), approached Levy-Cohen about reconsidering the proposed settlement. Levy-Cohen expressed a willingness to accept the proposed settlement terms and indicated that he planned to execute the transaction documents that had been provided to him. Volz and Levy-Cohen continued to discuss the settlement over the ensuing months via e-mail using the following e-mail addresses: cvolz@breaker.io for Carl Volz and arielevycohen@gmail.com for Arie Levy-Cohen. *See* Affidavit of Carl Volz ("Volz Aff."), ¶ 10.

On May 4, 2021, Defendant sent an e-mail from arielevyycohen@gmail.com[3] to Volz (the "Fraudulent E-mail") with an attached executed version of the settlement agreement, an executed resignation letter and other signed transaction documents together (the "Fraudulent Settlement Agreement"). *See* Volz Aff. ¶ 17; *see also* **Exhibit CV-A** to the Volz Aff, e-mail from arielevyycohen@gmail.com to Volz dated as of May 4, 2021. The Fraudulent Settlement Agreement purported to contain Levy-Cohen's signature to indicate his acceptance of the settlement agreement. The accompanying e-mail appears to be from Levy-Cohen. Further, the signature on the Fraudulent Settlement Agreement is identical to Levy-Cohen's real signature when compared to executed corporate documents. Volz Aff. ¶ 17.

---

[1] The valuation of the SNGLS tokens is subject to fluctuations in the market price.

[2] The valuation of SNGJ tokens is subject to fluctuation in market price but has maintained a price of $0.002851 from January 2021 to present. *See Singular J Price*, COINCODEX, https://coincodex.com/crypto/singular-j/?period=1Y (last visited July 12, 2021).

[3] Note, Levy-Cohen's real e-mail address is "arielevycohen@gmail.com," which contains only one "y" and the fraudulent e-mail is ""arielevyycohen@gmail.com," which contains two "y"s.

Upon receipt of the Fraudulent Settlement Agreement, which was, at the time, believed to have been validly executed by the intended signatory, Levy-Cohen, Volz advised LeBeau, the Company's Chief Executive Officer who resides in New York, to remit payment on behalf of SingularDTV to Levy-Cohen pursuant to the terms of the settlement agreement. Volz Aff. ¶ 18.

Accordingly, on May 7, 2021, LeBeau wired the SNGLS and the SNGJ Tokens to the wallet addresses provided by the Fraudulent Account (the "Recipient Wallet Addresses") in accordance with the terms of the settlement agreement. Volz Aff. ¶ 19. After the SNGLS Tokens were wired to the Recipient Wallet Addresses, they were subsequently wired from the Recipient Wallet Addresses to three separate wallet addresses and thereafter transacted through Binance. *See* Volz. Aff., **Exhibit CV-B**. Once transacted through Binance, no further transaction history can be traced.

Following the transfer to the Recipient Wallet Addresses, Levy-Cohen informed the Company that (a) he did not sign the settlement agreement, and (b) the Fraudulent Account did not belong to him. Volz Aff. ¶¶ 20-21. Levy-Cohen asserted that a third party must have created an e-mail account for the purposes of impersonating him and to acquire the Tokens through an elaborate impersonation scheme. Volz Aff. ¶ 21. It was later revealed that Defendant executed this plan by hacking Volz' Company e-mail account to create a system rule that redirected all communications from arielevycohen@gmail.com to an RSS subfolder where they would not easily be found. Volz Aff. ¶¶ 20-21; *see also* Affidavit of Daniel Ghazi ("Ghazi Aff.") ¶¶ 4-5.

Through this scheme, Defendant deceived SingularDTV personnel into believing that Levy-Cohen executed the settlement agreement, in turn inducing them to transfer Tokens to the Defendant. The value of the Tokens was approximately $2,000,000.00. *See* Jackson Aff. ¶ 9.

The only way for Plaintiff to identify Defendant is to obtain the account credentials

3

associated with the Gmail account used to impersonate Levy-Cohen. This information is ascertainable only through Google.

Google is a technology company that provides various internet-related services and products, including Gmail. Gmail is a free e-mail service provided by Google that enables users to create e-mail accounts.[4] To create a Gmail account, a user is prompted to input a first and last name and to create a password for the account.[5] Once the user creates an account, the user must provide a recovery e-mail address and/or a recovery phone number for, *inter alia*, future verification and security purposes and to regain access in the event a user forgets their password.[6]

The specific information sought by Plaintiff from Google to identify Defendant is: (a) the date on which the Gmail account was established; (b) the first and last name of the account holder; and (c) all IP addresses associated with the Fraudulent Account; and (d) all recovery e-mail addresses and phone numbers associated with the Fraudulent Account.

To ensure a full, fair, and efficient development of the factual record necessary to adjudicate this matter, it is also critical to obtain full transmission history with respect to the Tokens. The only way to obtain this information, and to possibly recover the fraudulently acquired Tokens, is through Binance. Binance is a global cryptocurrency exchange that provides a platform for buying, selling and storing digital currencies in what is known as "wallets."[7] *See*

---

[4] *See* GOOGLE, google.com/gmail/about/ (last visited July 2, 2021); *see also Create your Google Account,* GOOGLE, https://accounts.google.com/signup/v2/webcreateaccount?service=mail&continue=https%3A%2F%2Fmail.google.com%2Fmail%2F&flowName=GlifWebSignIn&flowEntry=SignUp (last visited July 12, 2021); *see also* Goodwill Community Foundation, Inc., https://edu.gcfglobal.org/en/gmail/introduction-to-gmail/1/ (last visited July 2, 2021).

[5] *See* GOOGLE, https://support.google.com/accounts/answer/27441?hl=en (last visited July 2, 2021).

[6] *See Google Account Help,* GOOGLE, https://support.google.com/accounts/answer/27441?hl=en (last visited July 2, 2021).

[7] *See* BINANCE, https://www.binance.com/en (last visited July 7, 2021).

4

Jackson Aff. ¶ 15. Specifically, Plaintiff intends to obtain "KYC" or "know your customer" information that Binance possesses, or should possess, pursuant to its account-opening procedures. KYC information includes such information as: name, address, contact details, and transaction history related to the wallets which could enable Plaintiff to identify the Defendant.

Wallet information is by its nature pseudo-anonymous being that the blockchain technology used to create these wallets does not require any personal information to establish ownership of the wallet. Each account is given a "wallet address". The "wallet address" is a digital address comprised of a seemingly random set of letters and numbers. This alphanumeric code is similar to a social security number insofar as it is unique to the wallet holder. Binance, on information and belief, is able to identify the holder of any wallet and/or provide transaction history that is otherwise not available through the Binance platform. This information can be used to identify the Defendant and the current location of the misappropriated Tokens.

Binance is a financial institution subject to "KYC" or "know your customer" verification requirements.[8] Thus, Binance possesses precisely the information Plaintiff needs to identify the Defendant and recover the stolen Tokens. Plaintiff has made numerous requests to Binance for this information, but Binance has been unresponsive to its requests. *See* Jackson Aff. ¶ 17.

Accordingly, Plaintiff now seeks leave to serve limited, immediate subpoenas on Google to obtain information related to the Fraudulent Account and on Binance for relevant KYC and Token transaction data in its possession. With this information Plaintiff hopes to: (1) learn Defendant's identity and effectuate service upon Defendant; and (2) locate the stolen Tokens. Plaintiff will carefully tailor each subpoena only to obtain information that supports the efficient

---

[8] *Binance Blog: What is KYC, and How Is it Increasingly Important for Crypto?*, BINANCE (June 18, 2021) https://www.binance.com/en/blog/421499824684902130/%E2%80%8BWhat-is-KYC-and-How-Is-it-Increasingly-Important-for-Crypto.

development of the evidentiary record, and for no other purpose.

## ARGUMENT

I.   **PLAINTIFF IS ENTITLED TO EXPEDITED DISCOVERY**

Generally, parties may not seek discovery until the parties have conferred as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(d)(1). However, there is a carveout in the Rule that empowers courts to permit limited, expedited discovery before a Rule 26(f) conference.[9] Here, Plaintiff seeks only information sufficient to identify the Defendant and the location of the Tokens; assets that were fraudulently obtained from Plaintiff, which can only be ascertained through the third-party subpoenas.

"In deciding whether to allow expedited discovery, courts apply a flexible standard of 'reasonableness' and 'good cause'" shown. *Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007); *see also Ayyash v. Bank Al-Madina*, 223 F.R.D. 325, 327 (S.D.N.Y. 2005). In *Stern v. Cosby*, it was held discerned that this District's flexible standard of "reasonableness" and "good cause" allows for expedited discovery under what "is reasonable in light of all the circumstances." 246 F.R.D. 453, 457 (S.D.N.Y. 2007); *see also* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2046.1 (3d ed. 2011) ("Although [Rule 26(d)] does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard").

The instant action poses a uniquely compelling situation that necessitates issuance of third-party subpoenas under Rule 26(d)(1). The Second Circuit has routinely found that in John

---

[9] Fed. R. Civ. P. 26(d)(l) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized ... by court order.").

6

Doe proceedings such as this one, "identification of the alleged infringers [is] indispensable for the vindication of plaintiff's [claims]" and that the information sought through expedited means is not available "through alternative means." *Arista Records LLC v. Doe*, 604 F.3d 110,115 (2d Cir. 2010);[10] *see also AdMarketplace, Inc. v. Tee Support, Inc.*, No. 13-cv-5635 (LGS), 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013) ("Courts in this district have found "good cause" for expedited discovery to determine the identity of John Doe defendants where the plaintiff has stated a prima facie case and is unable to identify the defendants without a court-ordered subpoena").

The Second Circuit established a five-factor analysis (the "*Sony* Factor(s)") for determining whether expedited discovery is appropriate. These factors include:

> (1) a concrete showing of a prima facie claim of actionable harm, …
> (2) specificity of the discovery request, … (3) the absence of alternative means to obtain the subpoenaed information, … (4) a central need for the subpoenaed information to advance the claim, … (5) the party's expectation of privacy.
>
> *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004).

These factors all weigh in favor of Plaintiff's motion for expedited discovery.

A.   <u>Plaintiff's Complaint Makes a Prima Facie Case for its Claims</u>

The Court is referred to the recitation of facts set forth above and in Plaintiff's Complaint, which is attached hereto as **Exhibit "PLM-A"**. Plaintiff's allegations are more than sufficient to state viable claims for each of its causes of action.

Plaintiff has sufficiently alleged that Defendant intentionally and knowingly engaged in tortious conduct designed to fraudulently induce Plaintiff into believing Defendant was someone

---

[10] *See Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) ("In cases involving as-yet-known defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining identifying information from a third party, 'the only potential avenue for discovery is a [court order under] Rule 26(d)(1)) (citation omitted).

7

they were not in order to unlawfully obtain assets Defendant was not entitled to receive. Defendant's unlawful conduct gives rise to several federal statutory and common law causes of action which Plaintiff concretely alleges in the Complaint with sufficient detail to satisfy the first *Sony* factor.

B.     Plaintiff's Request for Expedited Discovery is Specific and Narrowly Tailored

The information Plaintiff intends to seek in its third-party subpoenas is limited to only information necessary to identify the Defendant and locate the stolen Tokens. Specifically, Plaintiff intends to request: (a) the name, IP address, recovery phone number and recovery e-mail of Defendant from Google; and (b) the wallet information and transaction history from Binance.

Plaintiff's motion for expedited discovery is anything but a fishing expedition; rather it is narrowly tailored to obtain information that is (i) "highly specific," *Malibu Media*, No. CV 14-4808 (JS) (SIL), 2016 WL 4574677 at *6, (ii) "only needed to advance Plaintiff to the service of process stage, and (iii) is sufficiently specific to accomplish that end." *Strike 3 Holdings, LLC v. Doe*, No. CV 19-5818 (AT) (JLC), 2019 WL 5459693 at *3 (citation omitted) (emphasis removed).

C.     There are No Alternative Means to Obtain the Information Sought

The requested information can only be obtained through Google and Binance, respectively. First, the e-mail sent from arielevyycohen@gmail.com to Volz does not contain any header data that could be used to identify the Defendant.[11] Second, Binance can provide information about the wallets to help locate the stolen Tokens and possibly identify the wallet holder. As noted above, each wallet address contains a unique alphanumeric identifier[12] which

---

[11] *See Gmail Help*, GOOGLE, https://support.google.com/mail/answer/29436?hl=en-GB (last visited July 12, 2021).

[12] *See Crypto Wallet Types Explained*, BINANCE ACADEMY (June 17, 2019), https://academy.binance.com/en/articles/crypto-wallet-types-explained ("The wallet also includes an address, which

8

can be limited to KYC data in the possession of Binance. This information is critical to Plaintiff's claims and full development of the factual record in this case.

With the above information, Plaintiff will be able to identify to which wallet address the Tokens were sent, and who owns those wallets.

D.     The Subpoenaed Information is Necessary to Advance Plaintiff's Claims

The information sought from Google will enable Plaintiff to serve process upon Defendant. Without the Gmail account data for the arielevyycohen@gmail.com address, Plaintiff cannot ascertain who created the Gmail account and sent the fraudulent e-mail to Volz for the purpose of stealing the Tokens. Without information identifying Defendant, Plaintiff will not be able to prosecute its case.

In *Sony*, New York's Southern District Court applied this factor to a John Doe proceedings by stating, "Ascertaining the identities and residences of the Doe Defendants is critical to plaintiffs' ability to pursue litigation, for without this information plaintiffs will be unable to serve process." *Sony Music Entm't Inc.*, 326 F. Supp. 2d, at 566. Accordingly, this factor weighs in favor of Plaintiff.

There is good cause to serve third-party subpoenas on Google and Binance. These subpoenas are not only critical to furthering Plaintiff's case, but they are also necessary to uncover the full extent of the unlawful conduct.

Moreover, it has been held that "[e]xpedited discovery is also necessary to prevent loss of the requested information as a result of routine deletion by the ISPs." *Digital Sin, Inc. v. Does 1-27*, 12-cv-3873 (JMF), 2012 WL 2036035, at *4 (S.D.N.Y. June 6, 2012). This principle can be applied to the transmission of crypocurrencies on the Binance platform. Binance is the

---

is an alphanumeric identifier that is generated based on the public and private keys. Such an address is, in essence, a specific "location" on the blockchain to which coins can be sent to.").

9

"infrastructure services provided for the blockchain ecosystem."[13] The blockchain technology Binance uses is celebrated for being fundamentally a permanent framework for immutable transactions to take place. However, in practice, each transaction that occurs on the blockchain results in new wallet addresses and new alphanumeric identifiers in relation to these transactions. Thus, applying the principle in *Digital Sin v. Does 1-27*, it is not that the information is routinely deleted but rather relentlessly changing if and every time the illegally obtained Tokens are transferred from one buyer to another. This ongoing change makes it increasingly difficult to locate and recover the Tokens, and thus supports the need for Plaintiff's expedited discovery.

E.  Defendant's Minimum Privacy Interest is Outweighed by Plaintiff's Interests

The Plaintiff's need for the subpoenaed information outweighs the Defendant's minimum expectation of privacy and therefore this factor too weighs in Plaintiff's favor. New York courts have consistently held that potential defendants have a minimal expectation of privacy in concealing their identity to avoid reprisals for their tortious conduct. *Rotten Records, Inc. v. Doe*, 108 F. Supp. 3d 132, 134 (W.D.N.Y. 2015); *see also Strike 3 Holdings*, No. CV 19-5818 (AT) (JLC), 2019 WL 5459693 at *4. Further, Plaintiff's narrowly tailored request for information diminishes any potential abuse of privacy rights.[14]

In conclusion, all *Sony* factors weigh in favor of a finding that Plaintiff presents good cause for its motion for expedited discovery. Plaintiff seeks leave to serve third party subpoenas on Google and Binance pursuant to Fed. R. Civ. P. 45 in order to obtain the identity of Defendant and to locate the stolen Tokens. Plaintiff will only use the information obtained from the

---

[13] *See* BINANCE, *Building Infrastructure*, https://www.binance.com/en/about (last visited July 5, 2021).

[14] *See In re Various Strike 3 Holdings, LLC Copyright Infringement Cases*, No. 17CV6717WFKCLP, 2018 WL 3404142, at *3 (E.D.N.Y. July 11, 2018) ("To protect the subscriber's rights to privacy, the ISP shall reveal only the subscriber's true name and address, and the plaintiff may only use the information disclosed in response to the subpoena to effectuate service in the present actions and not for any other purpose or in further litigation against the defendants or other parties, absent further order of this Court.").

10

subpoenas to pursue the claims made in the Complaint. The information sought by Plaintiff is vital to identify the Defendant and to utilize the protection afforded by the law from Defendant's tortious and unlawful acts.

## CONCLUSION

Upon the foregoing, Plaintiff has demonstrated the requisite good cause for an order granting limited expedited discovery. Accordingly, Plaintiff respectfully requests that the Court enter an order pursuant to Fed. R. Civ. P. 26(d) compelling the limited expedited discovery sought herein.

Dated: New York, New York
July 20, 2021

By:     */s/ Jerald M. Tenenbaum*
Jerald M. Tenenbaum, Esq.
87 Walker Street, Floor 2
New York, NY 10013
Tel: (212) 620-0938
Fax: (646) 390-5095
jerald@m-t-law.com
*Attorneys for Plaintiff*