UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SINGULARDTV GMBH

                          Plaintiff                Case No. 1:21-cv-6000

      -against-

JOHN DOE

                          Defendant

-------------------------------------------------------X

## DECLARATION OF KIMBERLY JACKSON
## IN OPPOSITION TO MOTION TO INTERVENE

      I, Kimberly Jackson, ("Declarant") pursuant to 28 U.S.C. § 1746 and Local Rule 6.1(d), hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

      1.    At all relevant times I was, and remain, the duly appointed Chief Operating Officer ("COO") of Plaintiff SINGULARDTV GMBH (hereinafter "SINGULARDTV" or "Plaintiff") in the within action.

      2.    I make this Declaration in opposition to the Motion to Intervene and/or to Substitute Counsel presently before the Court. The statements in this Declaration are true to the best of my knowledge.

      3.    I have been the COO of SINGULARDTV since October of 2016, continuously until the present time. While the proponents of the motion insist that I am not a member of the Board of SINGULARDTV or an Officer, and thus do not have any authority to make any binding decisions on behalf of the Company, including engaging counsel on Company's behalf, it has been my position and that of the co-founder of SINGULARDTV, Zachary LeBeau, that due to the

1

Board's failure to adhere to Swiss Law and established corporate formalities in holding meetings and voting on removal resolutions without a quorum, the Declarant continues to serve as the COO.

4. SingularDTV GmbH (Switzerland), Plaintiff in this matter, was formed in or about October 2016, by Zachary LeBeau ("LeBeau") and myself together with Joseph Lubin ("Lubin") and Arie Levy Cohen ("Cohen"). Lubin and Cohen were invited to participate in the business by LeBeau and myself and given shares in the Company in exchange for their services as CTO and CFO respectively.

5. The purpose of the Company was to raise capital through an initial coin offering (ICO) in Switzerland. In recent years the Company's cryptocurrency assets have dramatically appreciated in value.

6. From the inception of the business, I have continuously served as its COO and attended every Board meeting where my voice was co-equal with other founders. LeBeau has continuously served as the CEO. Lubin, Cohen and LeBeau has also served on the board of directors of SINGULARDTV, though Cohen resigned in 2019 by written letter.

7. After joining the company, Lubin and Cohen largely neglected their obligations. Further they have misused Company funds. My warnings about financial responsibility largely went ignored. As the value of the Plaintiff's cryptocurrency holdings appreciated, Lubin and Cohen found new and creative ways to use those funds for their own personal benefits, rather than in the best interest of the SINGULARDTV shareholders and token holders.

8. They have wrongfully capitalized on SINGULARDTV's success by using business assets to purchase personal luxury items, in the case of Cohen, and, in the case of Lubin, by demanding payment of almost ten million dollars to ConsenSys purportedly for 'opportunity costs'

2

related to software development services performed by a third party that was also paid more than a million dollars by Plaintiff.

9. Lubin and Cohen have breached their fiduciary obligations to the Company through undisclosed and unapproved insider transactions and the misuse of confidential company information to enrich themselves.

10. Additionally, as a result of Cohen's improprieties, including alleged atmosphere of harassment and open use of illicit drugs at the Switzerland office, Cohen was removed from his position as CFO in 2018 and then resigned from the Board in February of 2019. Following his removal as CFO, the Company moved its operations largely to New York to be overseen by myself and LeBeau.

11. Following Cohen's departure from the Board, Plaintiff engaged in long negotiation with Cohen to buy out his shares. Settlement papers were drafted to that extent.

12. All communications concerning settlement negotiations were emailed to and from Cohen's email, arielevycohen@gmail.com.

13. Settlement discussions did not make any headway and the proposed buy-out lingered in limbo until around May 6, 2021, when an email came from Cohen's email account arielevyycohen@gmail.com attaching a purportedly executed Settlement agreement and requesting a payout in crypto tokens which at the time were valued at approximately $2,000,000.

14. After the payout was transferred per the instructions contained in the aforementioned e-mail., Cohen contacted the company to advise that he had not signed the agreement and did not receive any payment. Subsequent forensic investigation by DAG Tech LLC, SINGULARDTV's IT vendor revealed that the company General Counsel's e-mail had been

3

hacked, and that he had been manipulated by the hacker to authorize the payment to the wallet addresses that he believed were owned by Cohen.

15. Following the hacking incident and the theft of nearly $2,000,000 in cryptocurrency, in my capacity as COO, I engaged the services of Morrison-Tenenbaum PLLC to conduct an investigation of the incident and ultimately to commence an action against the presently unknown person(s) named only as "John Doe". The cases were commenced for the sole purpose of obtaining information and documents which may lead to discovery and ultimate loss recovery and/or prosecution of said "John Doe".

16. This is the sole purpose of the SINGULARDTV GMBH v. JOHN DOE, 1:21-cv-6000 ("John Doe Action") action presently before this Court. A copy of the Complaint in the John Doe action filed on July 13, 2021, is annexed hereto as **Exhibit '1'**.

17. Neither Mr. LeBeau's approval nor the approval of the Board of Directors of SINGULARDTV was required for me to bring this action. The Company's Articles of Association as well as the By-Laws do not require board approval for litigation.

18. Further, the costs involved with the action do not exceed the thresholds under para. 18 of the bylaws (generally expenditures of CHF 1 Mio +), which require board approval.

19. Pursuant to para. 30 of the by-laws, the CEO (LeBeau) shall be responsible for the management of the Company and each member of the Senior Management shall report to LeBeau.

20. Commencing the aforementioned claim was within my authority as the COO. That authority also included hiring and firing employees on behalf of SINGULARDTV.

21. Morrison-Tenenbaum PLLC was properly engaged to pursue the instant 'John Doe' action. A copy of the Articles of Association and ByLaws are annexed hereto respectively as **Exhibits '2' and "3"**.

22. Following the hack, Cohen and Lubin took a number of unlawful and improper steps to purportedly remove the Declarant and LeBeau from SingularDTV by unlawful and improper Resolutions which violated both he Company's By-Laws as well as the corporate regulations of Switzerland. Litigation followed and the Parties are presently engaged in two litigations in both state and federal court, as well as a dissolution proceeding in Switzerland.

23. The facts and circumstances leadings up to the acrimonious divorce of the Declarant and LeBeau as the Founders of this company from and Lubin and Cohen as its majority shareholders and acting directors are more fully laid out in the companion state action, <u>LeBeau derivatively on behalf of SINGULARDTV v Lubin et ano , Index No. 655673/2021</u> as well as the companion federal action, <u>SINGULARDTV GMBH v. LeBeau et al, Case No. 1:21-cv-10130,</u> annexed hereto respectively as **Exhibits '4' and '5'**.

24. These companion New York State Court and Federal actions are seeking various relief including determination of whether my removal and removal of LeBeau from management and directorship of SingularDTV was improper, violated the Company's By-Laws and Articles of Association, and/or breached the governing regulations of Switzerland.

25. According to counsel in Switzerland Cohen's resignation from the board of directors in February of 2019 negates any actions that the board of SingularDTV took after that date. A copy of the Declaration of Niklaus Glatthard and Exhibits incorporated by reference therein, submitted in the companion federal action before this Court is attached as **Exhibit '6'**.

26. The Declarant does not wish to muddle the waters by restating all of the issues, facts and allegations set forth in the above referenced companion actions because it is our position that the matters in the aforementioned state and federal companion actions must be left to the presiding judges and/or jury in said state and federal actions. The sole relief being sought in this

action is against the yet-to-be named individual/entity which perpetrated the hack of SINGULARDTV's business assets.

27. I have now been advised by counsel that Lubin and Cohen on behalf of SINGULARDTV are moving to intervene in this action and seek substitution of counsel on the grounds that the Declarant and/or LeBeau a) did not have the requisite authority to engage counsel and b) even if we had such authority in the past, we are no longer authorized. However, it is our position that neither Declarant nor LeBeau were properly removed and therefore remain the CEO and COO of the Company at this time.

28. There has been no judicial determination that I am no longer the COO or that LeBeau is no longer the CEO of the Company. Without such determination, it is improper to allow Lubin and Cohen to seek substitution of properly retained counsel.

29. Furthermore, there is no harm to the Intervenor in continuing the John Doe matter 'as is' because, regardless of the outcome in the companion actions, whatever information and documents current counsel of record is able to obtain in this 'John Doe', would inure to the benefit SINGULARDTV, and any recoupment of losses would be deposited into Company's coffers.

30. Our counsel would certainly share all relevant documents and information discovered in the John Doe action with counsel in companion actions. Thus, there is no prejudice or harm to the movants.

31. I believe that this motion is being made for the sole purpose of circumventing the proceedings in the companion state and federal action. Intervenor is trying to short cut the relief requested in the companion actions by asking this court to reach a determination as to who is authorized to serve on the SINGULARDTV board of directors and to serve as officers of the company.

32. These are the very questions the companion actions seek to answer. Movant should allow the companion actions to proceed in due course. This attempt to obtain a determination on collateral issues is improper and we respectfully ask that the Court deny this motion to intervene.

Dated: December 16, 2021

_____
Kimberly Jackson