UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
SINGULARDTV GMBH

|                    |               |                          |
|--------------------|---------------|--------------------------|
|                    | Plaintiff     | Case No. 1:21-cv-6000     |
| -against-          |               | Judge:  Hon. Valerie Caproni |

JOHN DOE

                     Defendant

---------------------------------------------------X

_____

## PLAINTIFF's MEMORANDUM OF LAW IN OPPOSITION TO

## MOTION TO INTERVENE

***On the Brief***:

Jerald Tenenbaum, Esq

Attorney for Plaintiff

                                         MORRISON TENENBAUM PLLC

                                         Attorneys for Plaintiff
                                         *87 Walker Street, 2nd Floor*
                                         *New York New York 10013*
                                         *(212) 620-0938*
                                         jerald@m-t-law.com

                                         Dated:   December 17, 2021

## TABLE OF CONTENTS

**Preliminary Statement** ……………………………………………………...…5

**Statement of Facts** ……………………………………………………………….7

**Legal Argument** ……………………………………………………………...13

A.    MOVANT IS NOT ENTITLED TO INTERVENE AS OF RIGHT
PURSUANT TO FED. R. CIV. P. 24(A)(2)

    1.    Motion To Intervene Is Not Timely……………………………………...15

    2.    Intervenor's Standing is Contingent on Determination of Multiple
Collateral Issues and is herefore Improper. ……………………………..16

    3.    Intervenor Failed to Demonstrate Substantial Prejudice as Its Interests
Will Not Be Impeded………………………………………………………18

    4.    Intervenor Can Adequately Address Its Interests in the Companion
Matters. ……………………………………………………………………19

B.    INTERVENOR FAILED TO DEMONSTRATE THAT IT HAS THE
AUTHORITY TO DISMISS AND SUBSITUTE CURRENT COUNSEL  . . …19

**Conclusion** …………………………………………………………...……… 20

## <u>**TABLE OF AUTHORITIES**</u>

### <u>Cases</u>

<u>Amoco Oil Co. v. Dingwell</u>, ………………………………………………..………15
*690 F. Supp. 78 (D. Me. 1989), affirmed 884 F.2d 629 (1st Cir 1989)*

<u>Apple v. Atlantic Yards Dev. Co., LLC</u>, …………………………………………..16
*2014 U.S. Dist. Lexis 152053 (EDNY 2014)*

<u>Eddystone Rail Co. v. Jamex Transfer Servs., LLC</u>, ………………………..…….. 13, 18
*289 F. Supp. 3d 582, 593 (S.D.N.Y. 2018)*

<u>Donaldson v. United States</u>, …………………………………………………..…17
*400 U.S. 517 (1971)*

<u>Floyd v. City of New York</u>, …………………………………………………15, 16
*302 F.R.D. 69, 116-118 (S.D.N.Y. 2014), aff'd 770 F.3d 1051 (2d Cir. 2014)*

<u>High Farms LLC v. King</u>, ………………………………………………...8, 13, 18
*2021 WL 1137995 (E.D.N.Y. March 25, 2021)*

<u>In re Holocaust Victim Assets Litigation</u>, …………………………………..15, 16
*225 F.3d 191, l95-196 (2d Cir. 2000)*

<u>Jackson v. Waterbury Police Dept.</u>, ……………………………………………..16
*2015 U.S. Dist. Lexis 119771, at 29 (D. Conn. 2015)*

<u>MasterCard Int'l Inc. v. Visa Int'l Serv. Assoc., Inc.</u>, …………………………..20
*471 F.3d 377, 389 (2d Cir. 2006)*

<u>New York v. Scalia</u>, ………………………………………………………14, 20
*2020 WL 3498755, 1 (S.D.N.Y. June 29, 2020)*

<u>Perry v. Schwarzenegger</u>,…………………………………………………..14
*630 F.3d 898, 903 (9th Cir. 2011).*

<u>Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.</u>, ……………17
*725 F.2d 871, 874-76 (2d Cir. 1984)*

<u>Trbovich v. United Mine Workers</u>, …………………………………………… 14
*404 U.S. 528 (1972),*

<u>United States v. Pitney Bowes, Inc.</u>, ……………………………………………14
*25 F.3d 66, 70 (2d Cir. 1994)*

United States v. New York, ……………………………………………………………14
*820 F.2d 554, 556 (2d Cir. 1984)).*

U.S. v. Yonkers Board of Education, …………………………………………………..19
*902 F.2d 213 (2nd Cir 1990).*

Wash. Elec. Coop., v Mass. Municipal …………………………………… 14, 15, 17, 20
*922 F.2d at 96 (2nd Cir. 1990)*

Warth v. Seldin, ……………………………………………………………………15
*422 U.S. 490  (1975)*

## Rules

Fed. R. Civ. P.  Rule 24(a)(2). …………………………………………………14, 17

## Other Authorities

Wright & A. Miller, Federal Practice & Procedure § 1902 (Supp. April 2015) ……14, 17

Plaintiff SINGULARDTV GMBH (hereinafter "SINGULARDTV" or "Plaintiff") submits the following Memorandum in Opposition to the Motion to Intervene or, in the alternative to Substitute Counsel, presently before the Court.

## PRELIMINARY STATEMENT

Intervenor's motion should be denied for several reasons. First, this motion is made months after Intervenor learned about instant action and is therefore untimely.

Second, Intervenor lacks standing to make this motion, as determination of standing would require Court to decide issues that are outside of the purview of relief sought and facts presented in the within action. In other words, to determine whether the Intervenor has standing, the Court would first have to decide who are the proper members of the Board of Directors of SINGULARDTV (the "Board"), and who has the authority to retain counsel to pursue instant action. As demonstrated below, there are already two other actions pending in New York State Supreme Court as well as before this Court with respect to said collateral issues of improper removal and appointment of officers and members of the Board. Intervenor's standing in this action depends on the resolution of these related State and Federal matters. The Courts have held that where Intervenor's standing depends on a contingency, motion to intervene should be denied.

Third, intervention would prejudice the Plaintiff and denial of same would not prejudice the Intervenor. If this Court were to grant Intervenor's motion, this would be tantamount to issue determination of the proper constitution of the Board and would amount to the Court's tacit concurrence that the removal of Kim Jackson ("Jackson"), a co-founder of the Plaintiff business, its former Chief Operating Officer (COO), and the corporate officer who commenced this action on behalf of the Plaintiff, was proper. This

determination by the Court will then, no doubt, be used by the Intervenor in the companion action as res judicata on the issue of removal of Board Members, especially since the Federal companion action is likewise pending before Your Honor.  In essence, the Intervenor would be allowed to circumvent all the discovery and/or trial in the companion action by sneaking collateral issue determination into this matter by way of its Motion to Intervene.

Additionally, the action before this Court brought by SINGULARDTV seeks only to uncover the identity of, and to pursue damages against, present unknown individual(s) who participated in a hack of cryptocurrency causing Plaintiff millions of dollars in damages.  Plaintiff is seeking certain documents and information pursuant to a subpoena which may lead to disclosure and discovery of the identity of the individual(s) responsible for hacking SINGULARDTV's former general counsel. Plaintiff's counsel, having been properly retained by Jackson in her capacity as Plaintiff's COO, commenced this action after the Board (who have since improperly locked-out Jackson out of her business) took no measures to investigate the hacking incident or to pursue damages against the hackers. The Intervenor showed no interest in pursuing investigation into the hack, prior to the filing of this motion. In fact, Plaintiff has serious doubts that the Intervenor has any interest whatsoever in pursing this action. If the Intervenor is successful on this motion and is permitted to intervene and substitute instant Counsel, Intervenor can simply abandon this action, or, bury information it obtains pursuant to the subpoenas should such information reveal a connection to the proponents of Intervention.

On the other hand, the Intervenor is not prejudiced by the continuation of this action, since any discovery derived from Plaintiff's efforts, would be equal benefit the

Intervenor as it would be to the Plaintiff.  After all, the Intervenor is moving on behalf of the same entity named as the Plaintiff in this matter, namely, SINGULARDTV. Any discovery of information or documents pertaining to the hack of Company's assets would benefit all shareholders of the Company equally. Furthermore, nothing prevents the Intervenor from seeking issuance of the very same subpoenas in the companion action before the Court to obtain their own documents and information responsive to the issues pertaining to the hack. Therefore, denial of Intervenor's motion would not prejudice the Intervenor, because Intervenor's rights are protected in a separate companion action, referenced below.

Finally, while movant attempts to make the case that Jackson had no authority to retain and maintain Morrison Tenenbaum PLLC as Plaintiff's counsel, the opposite is true. Jackson maintains that her removal as the Company COO and the Board's lockout efforts are improper and unlawful. This issue is more fully addressed in two companion lawsuits; until there is a determination by the Court that Jackson is no longer the COO (which also requires a determination that Zack LeBeau was properly removed from the Board and from his position as CEO, as well as determination regarding the resignation of Arie Levy Cohen, and determination that Joe Lubin can properly serve on the Board despite rampant conflicts of interest, and a determination that Jackson has no rights whatsoever as a founder of SINGULARDTV), her authority to retain counsel and to pursue the instant litigation is continues unaltered. For all these reasons, the motion to intervene must be denied.

## STATEMENT OF FACTS

If it may please the Court, for purposes of judicial economy and brevity, we will spare your Honor the long and tortured history of this case, which is more fully laid out in

the companion state action, LeBeau derivatively on behalf of SINGULARDTV v. Lubin et ano, Index No. 655673/2021, and in the companion federal action, SINGULARDTV GMBH, Case No. 1:21-cv-10130, presently before your Honor[1]. We will limit the statement of facts and procedural history to date to the facts and circumstances relevant to the motion presently before the Court, and as are set forth in the annexed Declaration of Kimberly Jackson (hereinafter the "Jackson Declaration") together with the Exhibits annexed thereto which includes a Declaration of Niklaus Glatthard, (NG Declaration), Lebeau' Switzerland Counsel personally familiar with the facts and circumstances of this case[2].

We ask the Court to take notice that Plaintiff vehemently objects to and denies all or substantially of the allegations contained in the Statement of Facts, as set forth by the movant, and objects to introduction of these allegations and facts-in-controversy in a 'Statement of Facts' for purposes of this opposition. A motion to intervene is not a proper vehicle for resolving material questions of fact at the crux of litigation collateral to the instant lawsuit. See e.g. High Farms LLC v. King, 2021 WL 1137995 (E.D.N.Y. March 25, 2021) (denying motion to intervene where determination of Intervenor's standing was dependent on collateral rulings from state Court). Below is a summary of the facts as set forth in the annexed Jackson Declaration and accompanying NG Declaration[3].

1.  The company presently known as SINGULARDTV was initially formed in or around October 2014 as Evotion Media LLC by Zachary LeBeau ("LeBeau") and his wife, Kimberly Jackson. The business was first conceptualized by its founders as a

---

[1] See Exhibits '3' and '4' to Jackson Declaration (copies of Complaints in companion actions).
[2] Niklaus Glatthard's Declaration is submitted as Ex. 6 to Jackson Declaration
[3] NG Declaration is Exhibit 6 to Jackson Declaration

blockchain-based platform for content creators to track and monetize their intellectual property rights and to fund and create television and film assets related to blockchain and cryptocurrency.[4]

2.      In or around October 2016, SingularDTV GmbH (Switzerland), Plaintiff in this matter, was formed by Zachary LeBeau and Kim Jackson together with Joe Lubin ("Lubin") and Arie Levy Cohen ("Cohen"). Lubin and Cohen were invited to participate and given shares in the business in exchange for their services as CFO and CTO[5].

3.      The purpose of the Company was to raise capital through an initial coin offering (ICO) in Switzerland. In the years following the ICO, the cryptocurrency raised by SINGULARDTV has appreciated dramatically.[6]

4.      From the inception of the Company Zachary LeBeau served as its Chief Executive Officer (CEO) while Jackson served as COO handling human resources, finance and operations functions. Jackson also attended each and every Board Meeting, where her voice was coequal with the other founders.[7]

5.      In May of 2021, Zachary LeBeau was purportedly removed from the Board by Lubin and Cohen, at a meeting of the Board which failed to follow Swiss Corporate formalities, including violation of article 809 Para.4 of the Swiss Code of Obligation as well as other violations as more fully set forth in the state Derivative Action[8]. LeBeau objected to the meeting at the time on the grounds that the meeting failed to observe said formalities and on the grounds that there could be no quorum in his absence[9].

---

[4] Jackson Declaration, p. 2, paragraph 4.
[5] Id.
[6] See Jackson Declaration, p 2 paragraph 5.
[7] Id, p2  paragraph 6.
[8] See Ex. 3 to Jackson Declaration as well as NG Declaration, Ex 6.
[9] Id.

Again, Plaintiff reiterates that each of these issues, and more, are set fully set out in the companion actions, and the very fact that it is necessary recite the factual and procedural history of these cases for this Court to reach a decision in *this* case, should signal that Intervenor's motion cannot stand.

6.      After joining the company, Lubin and Cohen wavered between neglect of their duties as executive officers and outright breach of the duty of good faith and fair dealing as members of the Board. Jackson's warnings about financial responsibility and obligations to token holders were largely ignored until Plaintiff's cryptocurrency holdings began to dramatically appreciate. Once it became clear that SINGULARDTV was sitting on a valuable, appreciating asset, Lubin and Cohen took more of an interest, principally to the detriment of the Plaintiff. Once again, all of these details are set forth more fully in the pleadings and declarations filed in companion State and Federal actions.[10]

7.      As a result of financial improprieties, Cohen was terminated as CFO and resigned from his position as a member of the Board on February 12, 2019[11], thereby forfeiting any right or authority to vote on any resolutions at any of the Company's meeting, including the meeting which ultimately resulted in termination of LeBeau and Jackson. Cohen was never re-elected or reappointed to the Board, and therefore any resolution passed by his vote in subsequent years (including without limitation the resolution locking Jackson out of the business she co-founded and purporting to eliminate her role as Plaintiff's COO), again, as described in the companion actions, is a nullity.[12]

---

[10] Jackson Declaration, p 2-3 paragraphs 7-10, Ex. 3-4 to Jackson Declaration and Ex. 6 – NG Declaration
[11] Jackson Declaration p. 2 paragraph 6.
[12] The facts and legal effect of Cohen's resignation and of resolutions which resulted in purported termination of Jackson and Lebeau are laid out in NG Declaration, Ex. 6 to Jackson Declaration.

8.     Since the formation of the Company in October 2016, LeBeau has served as the Company CEO; Jackson its COO[13]. They have responsibly kept company's ColdWallet (cryptocurrency wallet) secure, sought to maintain financial accountability (at one point removing Cohen as the Chief Financial Officer due to financial improprieties), and operated the day-to-day business of the Company. Lubin and Cohen only sought to remove Jackson and LeBeau from the Company and seize control over its assets purportedly in response to a hacking incident perpetrated on SINGULARDTV's now terminated general counsel[14]. That is the subject of the suit against John Doe presently before this Court[15].  In fact, in the derivative action pending in New York State Supreme Court, LeBeau, individually and on behalf of SINGULARDTV, is seeking judgment declaring the meetings and resolutions relied on by Intervenor void, and permanently enjoining, restraining, and prohibiting Lubin and Cohen from holding any further meetings or passing any further resolution.[16] It also should be noted that numerous objections have been filed in Switzerland in response to these disputed resolutions[17].

9.     Rather than investigate the source of the hacking incident and theft, Lubin and Cohen used the incident as a pretext for seizing control of Plaintiff[18]. More than six months later, they have not taken any actions to investigate the hacking incident. Nor have they taken any action to recover the stolen cryptocurrency. Had it not been for Jackson's engagement of this Firm to pursue investigation and litigation against John Doe, SINGULARDTV would have taken no responsive action whatsoever.

---

[13] See Jackson Declaration, p. 2 paragraph 6.
[14] Jackson Declaration, p.3, paragraphs 12-14, p. 5, paragraph 22.
[15] See Ex. 1 to Jackson Declaration, Complaint in John Doe Action.
[16] Jackson Declaration, Exhibit 4, Complaint in state action.
[17] See Ex. 6 to Jackson Declaration – NG Declaration of Lebeau's Swiss counsel
[18] Jackson Declaration p. 5, paragraph 22, see also Ex.6 to Jackson Declaration – NG Declaration

10.     This firm was retained to represent the Plaintiff with regard to the hacking incident in May of 2021, when Ms. Jackson remained the duly appointed COO of the Company and Mr. LeBeau was still its CEO.  Jackson retention of this firm did not require board approval, nor was Board approval required to bring this action. The Company's Articles of Association as well as its Bylaws do not require board approval for litigation. Further, the costs involved with the action do not exceed the thresholds under Para. 18 of the Bylaws (generally expenditures of CHF 1 Mio +), which require board approval. Pursuant to Para. 30 of the by-laws, the CEO (LeBeau) is responsible for the management of the Company and each member of the Senior Management reports to LeBeau. Therefore, this firm was properly retained per the protocols and requirements of the SINGULARDTV By-Laws.[19]

11.     We note that movants do not dispute COO Jackson's or LeBeau's initial authority to retain this firm when they remained the executive officers of the Plaintiff. Intervenor merely argues that once Lubin and Cohen purportedly removed them from their executive roles, they inherited the right to substitute Morrison Tenenbaum PLLC as counsel.  However, as is set forth more fully in the Derivative Action[20], and in the NG Declaration of Lebeau's Swiss Counsel the resolution giving rise to COO Jackson's dismissal was invalid and is at the crux of two companion litigations[21]. Since the issue of whether this resolution is proper has yet to be resolved, we maintain that our engagement on behalf of the Plaintiff remains valid at this time.

---

[19] Jackson Declaration, pp. 4-5, see also Exhibit '4' Complaint in  state Derivative Action  and Ex. 6 NG Declaration
[20] See Ex. 4 to Jackson Declaration
[21] See Ex. 6 to Jackson Declaration

We respectfully ask this Court to take notice that Plaintiff's Statement of Facts, should more aptly be titled a Counter-Statement of Facts, because our Client's position with respect to the facts and circumstance are diametrically opposed to the Statement of Facts presented by the movant. It is our client's position that Jackson remains the COO of SINGULARDTV and LeBeau remain a member of the Board and the Plaintiff's CEO since resolution(s) pertaining to their removal were improper and unlawful. Our client's position is that based on the history of financial impropriety as well as Lubin and Cohen's reluctance to investigate the hacking incident, and that the hack occurred through the use of Cohen's email, arielevycohen@gmail.com, by a person who recited details that would have been known only to Cohen, and that Cohen's exact signature appeared on the executed redemption agreement, that there is at least circumstantial evidence that Lubin and Cohen participated and/or colluded with perpetrators of the hacking[22]. Movant, in its Statement of Fact, accuses the improperly locked-out founders, Jackson and LeBeau, of doing the same. All of these opposing factual statements, should not and cannot be resolved on a motion to intervene.

The Intervenor should not be permitted to obfuscate the legal processes ongoing in New York State Supreme Court, and in the companion action before this Court, by filing this motion to Intervene in hopes of winning a declaration of 'standing' from this Court. The issue of whether Intervenor has standing, is contingent on the resolution of issues in the Companion lawsuits, and therefore, this motion must be denied.[23]

## **LEGAL ARGUMENT**

---

[22] See Jackson Declaration and Ex. 6 thereto.
[23] See High Farms LLC v. King, 2021WL 1137995  (E.D.N.Y. March 24, 2021) citing Eddystone Rail Co. v. Jamex Transfer Servs., LLC, 289 F. Supp. 3d 582, 593 (S.D.N.Y. 2018)

A.   MOVANT IS NOT ENTITLED TO INTERVENE AS OF RIGHT
PURSUANT TO FED. R. CIV. P. 24(A)(2)

The United States Court of Appeals for the Second Circuit has identified four
factors that courts in the Second Circuit must assess to determine whether a party is entitled
to intervene as a matter of right in an action pursuant to Fed. R. Civ. P.  Rule 24(a)(2).
Under this four-part test, a party is entitled to intervene as of right if the putative intervenor:
(1) Files a timely motion (2) Asserts an interest relating to the property or transaction that
is the subject of the action; (3) Is so situated that without intervention the disposition of the
action may, as a practical matter impair or impede its ability to protect its interest; and (4)
Has an interest not adequately represented by the other parties. United States v. Pitney
Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994) (citing United States v. New York, 820 F.2d
554, 556 (2d Cir. 1984)). "The intervention application will be denied unless all four
requirements are met." U.S. v. Pitney Bowes at *70. The overall burden of proving
entitlement to intervene belongs solely to the movant. See Trbovich v. United Mine
Workers, 404 U.S. 528 (1972), passim.

The Notice of Motion filed by the Intervenor, specifies that the Intervenor is
seeking relief under Rule 24(a) only, i.e. as of right. A motion to intervene as of right
involves a question of law (see 7C C. Wright & A. Miller, Federal Practice & Procedure §
1902 (Supp. April 2015) and cases cited therein (viz., it is not an issue committed solely to
the Court's discretion). The intervenor movant has the burden of proving its right to
intervene. Perry v. Schwarzenegger, 630 F.3d 898, 903 (9th Cir. 2011). If Intervenor fails
to prove even one of the required elements, the motion to intervene must be denied. An
applicant must show that all of these elements are "satisfied to qualify for intervention as
of right." Wash. Elec. Coop., 922 F.2d at 96; see also New York v. Scalia, No. 20-CV-

1689 (GHW), 2020 WL 3498755, at 1 (S.D.N.Y. June 29, 2020) (holding that intervention as a matter of right was improper when proposed intervenors "have not carried their burden to show" that all elements of Rule 24(a)(2) were met).

The Second Circuit requires that the Intervenor have standing to sue (see In re Holocaust Victim Assets Litigation, 225 F.3d 191, l95-196 (2d Cir. 2000), citing and quoting Warth v. Seldin, 422 U.S. 490, 508 (1975) and Floyd v. City of New York, 302 F.R.D. 69, 116-118 (S.D.N.Y. 2014), aff'd on other grounds 770 F.3d 1051 (2d Cir. 2014) (standing of putative intervenor required where intervenor takes a position "in conflict with an existing defendant")) and that Intervenor's  interest in the matter is "direct"  and not contingent for Rule 24 purposes. Amoco Oil Co. v. Dingwell, 690 F. Supp. 78 (D. Me. 1989), affirmed 884 F.2d 629 (1st Cir 1989); Washington Electric Cooperative, Inc. v. Massachusetts Municipal Wholesale Electric Co., 922 F.2d 92 (2d Cir. 1990) (discussed further below).

1.     **The Motion  To Intervene Is Not Timely**

This action was commenced on July 13, 2021. There is nothing in movant's papers to indicate when Intervenor first became aware of this action. Cohen, Lubin and LeBeau had multiple interactions in the summer of 2021 concerning this hack; thus, it would appear that they became aware of this action many months before deciding to intervene. Further, the derivative action pending in New York State Supreme Court specifically referring to this matter was filed in September of 2021[24], and Intervenor knew at least since then of the existence of this federal matter. Notably, movant's papers are silent as to the timeline of when Intervenor became aware of this action. While Intervenor was aware of this action

---

[24] See Ex 4 to Jackson Affirmation, Complaint in State Derivative Action.

since September of 2021 at the absolute latest (if not much earlier) they waited more between two months and up to five months before seeking to intervene. Intervenor's failure to make this motion timely is especially notable since they are represented by Counsel in two companion actions.

Where, as here, there is demonstrable undue delay in filing a motion to intervene, such motion must be denied.  See, e.g., In re Holocaust Victim Assets Litig., 225 F.3d 191, 198- 99 (2d Cir. 2000) (intervention properly denied where intervenor delayed eight months); Jackson v. Waterbury Police Dept., 2015 U.S. Dist. Lexis 119771, at 29 (D. Conn. 2015) ("When the applicant appears to have been aware of the litigation but has delayed unduly seeking to intervene, courts generally have been reluctant to allow intervention") (internal quotation marks omitted). See also Apple v. Atlantic Yards Dev. Co., LLC, 2014 U.S. Dist. Lexis 152053, at 32-33 (E.D.N.Y. 2014) (intervention motion untimely where intervenor waited three months to file motion).

Although the conception of timeliness in a Rule 24 context is an elastic one, the Rule's "[o]n timely motion" language remains an explicit Rule 24 threshold. The imminent flexibility in these words does not sanction their use as a sort of reward for being pokey. In fact, the Second Circuit has held that where there is a showing that a putative intervenor knew or should have known it had an interest to protect but delayed timely intervention, such delay militates against allowing intervention. See Floyd v. City of New York, 770 F.3d 1051, 1081 (2d Cir. 2014).

**2.      Intervenor's Standing is Contingent on Determination of Multiple Collateral Issues and is therefore Improper.**

The Supreme Court has declared that an "interest" under Rule 24 "obviously" means "a significantly protectable interest." Donaldson v. United States, 400 U.S. 517 (1971). A Rule 24(a)(2) "movant must demonstrate that it has a 'direct, substantial, and legally protectable' interest in the action. [Citation omitted.]" See Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc., 725 F.2d 871, 874-76 (2d Cir. 1984)

Where, as here, Intervenor has an interest that is contingent on determination of collateral issues - i.e. depends on contingencies - granting motion to intervene is improper. Id at 875. Similarly, in Washington Electric the Second Circuit held simply that if a putative intervenor's interest in a case is "based upon a contingency," that interest is inadequate to justify intervention, at least under Rule 24(a)(2) and arguably under Rule 24(b)(1) too. Washington Elec. v. Mass. Mun. Wholesale Elec, 922 F.2d 92 (2d Cir. 1990).

Clearly here, the determination of whether Intervenor's motion should be granted necessitates the determination of which officers and members of the board had and continues to have legal authority to retain counsel to pursue the instant litigation. Where, as here, the Parties submit contradictory Declarations regarding their authority to act,  as well as regarding just about every aspect of the corporate formalities, operations and purpose, the determination becomes one of fact and not one of law. Yet, as set forth above, the decision as to whether to grant a motion to intervene is one of law and is not one of judicial discretion. See 7C C. Wright & A. Miller, Federal Practice & Procedure § 1902 (Supp. April 2015). However, here, in order to allow intervention, this Court would have to make a factual determination of myriad issues presently pending in the state court derivative action and the Federal companion action. Therefore, where, as here, the decision as to whether movant is entitled to intervention is one contingent on factual determination

of issues that are not subject of this lawsuit; thus, intervenor's motion must be denied. <u>See</u> <u>High Farms LLC v. King,</u> 2021WL 1137995 (E.D.N.Y. March 24, 2021) <u>citing Eddystone</u> <u>Rail Co. v. Jamex Transfer Servs., LLC</u>, 289 F. Supp. 3d 582, 593 (S.D.N.Y. 2018)(holding that where determination of Intervenor's standing is dependent on rulings from other Courts, intervention is improper).

3.   **Intervenor Failed to Demonstrate Substantial Prejudice as Its Interests  Will Not Be Impeded.**

This is an action to obtain disclosure and discovery needed to determine the identity of and pursue the party(ies) responsible for the hack of SINGULARDTV's cryptocurrency assets. The suit is brought on behalf of SINGULARDTV.[25]  Regardless of what ultimately happens in the state derivative action or Federal companion action, SINGULARDTV needs to seek recovery from the John Doe defendant in this lawsuit and such recovery would benefit all of the existing Shareholders regardless of whether or not said Shareholders remain corporate officers or directors.  Intervenor presumably wishes to substitute counsel so as to continue this Action. If so, there is no harm to the Intervenor in allowing current counsel to continue representation until such time as the collateral issues are resolved in the companion actions.

Furthermore, since Intervenor demonstrated complete lack of interest in pursuing the identity or in seeking recovery from the individual(s) responsible for the hack of Company's assets, and given Cohen's and Lubin's respective fiscal improprieties with regard to Company assets in the past[26], the opponent of this motion may actually be harmed if Intervenor takes over simply to throw put a lid on the matter.

---

[25] See Ex 1 to Jackson Declaration, Complaint in 'John Doe' Action.
[26] See gen. Jackson Declaration

Where, as here, the Intervenor fails to show that Intervenor's interest in this action is not adequately protected, its motion to Intervene must be denied.  See e.g. <u>U.S. v. Yonkers Board of Education,</u> 902 F.2d 213 (2nd Cir 1990).

**4.  <u>Intervenor Can Adequately Address Its Interests in the Companion Matters</u>.**

As your Honor is aware, there are two other pending actions concerning SINGULARDTV, including another action presently before your Honor that was brought by Lubin and Cohen against Jackson and Jackson wherein SINGULARDTV they allege all manner of improprieties against Jackson and LeBeau, including failure to secure Company assets from hackers and/or possible collusion with said hackers.[27]  Therefore, discovery and issue determination in the Companion action is sufficient to address Intervenor's concerns without intervening in this action.

**B.      <u>INTERVENOR FAILED TO DEMONSTRATE THAT IT HAS THE AUTHORITY TO DISMISS AND SUBSITUTE CURRENT COUNSEL</u>**

With apologies to the Court for belabouring the point, the determination of whether Plaintiff's counsel has the authority to represent the Plaintiff or whether Intervenor has the authority to dismiss and substitute present counsel, rests with determination of whether corporate formalities were properly followed in terminating LeBeau and Jackson, and who are the present lawful members of the Board.  This determination cannot be properly made on motion to intervene as there are two other actions pending, in State and Federal court.

It is improper for the Intervenor to try to inject unresolved issues from other lawsuits into this motion to intervene.  Both of the companion actions, as is very clear from the pleadings submitted as Exhibits hereto, are laden with controversies of fact and law,

---

[27] See Ex. 5 to Jackson Declaration, Complaint in Federal Action and Ex. 4 – Complaint in Derivative Action.

and movant should not be permitted to circumvent the proceedings in those actions by seeking a collateral issue determination on the topic of 'actual authority' via motion to intervene.  An intervenor cannot use Rule 24 to "creat[e]" a "whole new suit[ ]" or to "inject collateral issues into an existing action.  _Wash. Elec. Coop._, 922 F.2d 92 (2nd Circuit 1990).

## CONCLUSION

To intervene as of right, movant must show that: (1) it has an interest relating to the property or transaction that is the subject of this litigation; (2) disposing of this action without her participation may as a practical matter impair or impede Intervenor's ability to protect its interest; and (3) its interests are not adequately represented by an existing party. See MasterCard Int'l Inc. v. Visa Int'l Serv. Assoc., Inc., 471 F.3d 377, 389 (2d Cir. 2006). In addition, Intervenor must demonstrate that the motion is timely. Id. An applicant must show that all of these elements are "satisfied to qualify for intervention as of right." Wash. Elec. Coop., 922 F.2d at 96 (citation omitted); see also New York v. Scalia, No. 20-CV-1689 (GHW), 2020 WL 3498755, at 1 (S.D.N.Y. June 29, 2020) (holding that intervention as a matter of right was improper when proposed intervenors "have not carried their burden to show" that all of the elements of Rule 24(a)(2) were met).

Here, as demonstrated above, the Court cannot decide whether Intervenor has proper standing to obtain relief sought, without first waiting for resolution of collateral issues in other Courts. Therefore, the movant failed to carry its burden on each of the elements required to intervene in this action and especially, failed to show it has a proper standing to intervene.

WHEREFORE, for all of the reasons set forth above, it is respectfully requested the Court deny motion to intervene in its entirety and order such further relief as the Court deems just and proper.

Respectfully submitted,

MORRISON TENENBAUM PLLC

By:_____

JERALD M. TENENBAUM

Attorney for Plaintiff
*87 Walker Street, 2nd Floor*
*New York New York 10013*
*(212) 620-0938*
jerald@m-t-law.com

To:

KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220
Benjamin J. A. Sauter
Christopher S. Cogburn
*Attorneys for Intervenor*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of December, 2021, I caused the foregoing Memorandum of Law in Opposition with Declaration and Exhibits to be filed and served upon all counsel of record through the ECF system and by first class mail:

KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220
Benjamin J. A. Sauter
Christopher S. Cogburn
*Attorneys for Intervenor*

Dated: Staten Island, New York
        December 17, 2021

Mayya Gotlib on behalf of
By: _ss/***Mayya S. Gotlib*** _____
MORRISON TENENBAUM PLLC
Attorneys for Plaintiff
87 Walker Street, 2nd Floor
New York New York 10013