# EXHIBIT 19

' Handélsregisteramt Zug

14. 13. Juli 2021

**SingularDTV LLC**
(the **Company**)

Registered Office: Zug, Canton of Zug, Switzerland
Enterprise Identification No.: (CHE-143.156.740)

**Minutes of the Meeting of the Managing Directors of the Company** (collectively the
**Board**)
**Held via Videoconference on May 27, 2021**

---

### Present

- Arie Yehuda Levy Cohen, Chairman of the Board ("AYLC")

- Joseph Michael Lubin, Managing Director ("JML")

### Absent

— Zachary James LeBeau, Managing Director ("ZJL")

### Chairman

— Arie Yehuda Levy Cohen

### Secretary

— As ZJL declined to attend the meeting and presumably instructed company counsel to do the same, JML will be acting as secretary.

### A.   Agenda

1.   Constitution of the Meeting

2.   Discussion of compliance incident and resolutions on measures to be taken

3.   Discussion of the exit of ZJL as CEO of Breaker, effective immediately

4.   Proposal recommending an orderly dissolution

5.   Date of the next Meeting of Shareholders

6.   Miscellaneous

401869/12653453v2

**B.    Business Transacted and Resolutions Passed**

1.    Mr. Levy Cohen takes the chair (the **Chairman**); it being noted that the prior secretary Carl Volz was terminated by ZJL, for purposes of this meeting AYLC and JML agree that JML acts as secretary.

    The Chairman opens the meeting at 5PM CEST. He directs the record to show that the meeting of the Board has been duly convened and that a majority of the Managing Directors are present and therefore the Board has a quorum. No objections are raised against these ascertainments.

2.    The Chairman restates the recent compliance incident involving the fraudulent transfer of approximately $2,000,000 USD equivalent of company assets at the time of transfer (the "Compliance Incident").

3.    JML notes that Company assets were always intended to be secured in a multisignature solution and continuing disappointment that the funds were not in an industry standard multisignature solution, that they continue to be held solely by ZJL and that basic compliance measures were not taken prior to the Compliance Incident. JML notes that the assets, as far as he is aware, still remain in the sole possession of ZJL.

4.    The Managing Directors, further to discussions and consideration of all relevant documents, the Managing Directors then resolve as follows:

    (a)    Resolved that ZJL is dismissed as CEO with immediate effect.

        Voting in Favor:

        Voting Against:

    (b)    Resolved that ZJL is expressly instructed to refrain from continuing holding personal control over or disposing of any (digital) assets that belong to the Company (e.g., by way transferring, assigning or selling assets to third parties, or using them in any other way), or otherwise taking any action in relation to such assets that have the effect of depriving the Company from exercising exclusive control over such assets. The Company shall provide ZJL with a wallet address (the "Address"). The Address will be a multisignature wallet with at least 2 out of 3 signatures required, of which at least 2 will be Company employees with fiduciary obligations. ZJL shall effect a transfer of all Company assets under the direct or indirect control of ZJL to the Address within 48 hours of his receipt of the Address, the legitimacy of which shall be confirmed and authenticated using video conferencing. ZJL is also further instructed to provide to the Company all documentation and information required or appropriate for the Company to be able to regain immediate control of its digital and other assets belonging to the Company, including, but not limited to, the documentation and information, including the private key, with respects to the accounts, custodians or wallets in which any such (digital) assets are held for any address containing digital assets which ZJL does not cause a transfer to the Address within 48 hours. Resolved that the Company shall be authorized to take any action necessary against ZJL in a personal capacity in order to fulfill this resolution.

        Voting in Favor:

Voting Against:

(c)    It is resolved that all signatory authorities and powers to act in the name and on behalf of the Company granted to ZJL are herewith immediately withdrawn. The Board authorizes Patrik Allenspach, and failing his willingness to do so, Mr. Cohen and Mr. Lubin, each acting singly (and not jointly), to instruct all banks and other custodians to cancel any signatory powers of ZJL with respect to accounts of the Company with immediate effect.

        Voting in Favor:

        Voting Against:

(c)    The Board reminds ZJL that he shall continue to be subject to all confidentiality obligations as a managing director of the Company (no vote required).

(d)    It is resolved that the Board shall form a Dissolution Committee. The purpose of the Dissolution Committee, which ZJL is invited to be a part of should he so choose, is to conclude a proposal for an orderly wind-down of the Company as soon as is practicable. The Dissolution Committee shall be co-chaired by Joseph Lubin and Patrik Allenspach, and any such members as appointed by the Board in the ordinary course. The Dissolution Committee will, among other actions standard for such committees:

- Continue working with forensic authorities regarding the Compliance Incident in an attempt to recover the lost assets;
- Continue working with Patrik Allenspach to finalize all remaining tax obligations of the Company;
- Appoint a third party to complete an accounting of all debts, if any, owed by shareholders, directors, and/or employees, to the Company;
- Make a proposal for the Shareholders regarding how the remaining Company assets may be allocated to limit liability, promote the interests of SNGLS token holders, and potentially, continue on some aspects of the business; and
- The Dissolution Committee is expressly authorized to engage third party professional services in Switzerland as required to conclude this analysis.

        Voting in Favor:

        Voting Against:

5.    The Board resolves that any spending on content, if any, that is taking place be ceased immediately, and that the Company takes all steps to completely exit any remaining obligations for the production of content, effective immediately.

        Voting in Favor:

        Voting Against:

6.    The Board resolves that any relationship between the Company and Breaker LLC shall be terminated by the Company as soon as possible.

Voting in Favor:

Voting Against:

7. The Board resolves to convene an extraordinary general meeting of shareholders on July 1, 2021, for the purposes of voting on recommendations from the Board as described herein, as well as any proposals from the Dissolution Committee that are ready to be effected.

There being no further business to be transacted, the Chairman closes the board meeting.

[*signatures on the next page*]

4/5

Executed as of the date written on the cover page to these resolutions

The Chairman:                                    The Secretary:

_____                          _____
Arie Yehuda Levy Cohen

**Distribution:**

-   Domicile
-   Managing Officers