# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

March 11, 2022

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> **RE:** *SingularDTV GmbH v. Doe*, No. 1:21-cv-06000 (VEC); *SingularDTV GmbH v. LeBeau, et al.*, No. 1:21-cv-10130 (VEC)

Dear Judge Caproni:

We represent Plaintiff SingularDTV GmbH ("SingularDTV" or the "Company") in *SingularDTV GmbH v. LeBeau, et al.*, No. 1:21-cv-10130 (VEC) (the "*LeBeau* Action") and have filed a motion to intervene on behalf of the Company in *SingularDTV GmbH v. Doe*, No. 1:21-cv-06000 (VEC) (the "*Doe* Action"). Pursuant to the Court's order dated February 25 (*LeBeau* Action, Dkt. No. 77), we have submitted a joint letter advising the Court of the areas of agreement between the parties regarding the scheduling of discovery and related proceedings in the above-captioned matters.

We write separately to provide the Company's positions on two points on which the parties have not reached an agreement: the scheduling of discovery for purposes of resolving the Company's motion to intervene in the *Doe* Action, and its request for expedited discovery into Defendants' apparent violation of a court order in the *LeBeau* Action.

### A. Stay of Proceedings in *Doe* Action

We respectfully submit that, in the interests of comity and judicial efficiency, the *Doe* Action should be stayed pending the disposition of proceedings that are underway in Switzerland. Among other things, those proceedings will resolve the corporate-control questions on which the Company's Motion to Intervene or, in the Alternative, Substitute Counsel (the "Intervention Motion," *Doe* Action Dkt. Nos. 11–15) is predicated.

The Swiss courts are poised to resolve these issues in large part because LeBeau has asked them to do so. On November 19, 2021, LeBeau commenced a declaratory-judgment action in the canton of Zug, where SingularDTV is incorporated. In that action, LeBeau seeks a declaration that

**Americas** (New York, Buenos Aires, Chicago, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**Asia-Pacific** (Hong Kong, Seoul, Shanghai), **EMEA** (Dubai, London, Tel Aviv), **Offshore** (BVI, Cayman Islands)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Hon. Valerie E. Caproni
March 11, 2022
Page 2

the Shareholders' resolution removing him from SingularDTV's Board is void and asserts that the Swiss courts have jurisdiction over that issue.

In a separate proceeding in Switzerland, LeBeau has requested that SingularDTV be judicially dissolved. Notably, the request is premised in part upon LeBeau's allegation that one of SingularDTV's Directors, Arie Levy-Cohen, resigned from the Company's Board in 2019 and that "the Company's subsequent management resolutions that were passed with Cohen's participation"—including the dismissal of LeBeau and Jackson from their positions as the Company's CEO and COO, respectively—"are void." (*See* Decl. of Michael Mráz, Ex. B (*LeBeau* Action, Dkt. No. 18-8) at 9.) SingularDTV opposes LeBeau's request and has asserted a counterclaim against LeBeau seeking damages for his misappropriation of Company assets.

In yet another Swiss proceeding, SingularDTV has asserted claims against SingularDTV LLC—a New York limited liability company owned by Jackson (and operated by her and LeBeau) which does business under the trade name "Breaker LLC"—for breach of a Service and Development Agreement (the "Agreement") and infringement of certain intellectual property rights that, under the terms of the Agreement, belong to SingularDTV. Those claims were asserted in Switzerland pursuant to the Agreement's mandatory forum-selection clause and may be impacted by the Swiss court's determination of the corporate-control disputes.

Absent a settlement, the Swiss tribunals before which these claims are pending will necessarily determine, as part of the merits of those claims:

- whether, as LeBeau alleges, Levy-Cohen resigned from SingularDTV's Board in 2019;

- whether the SingularDTV Board's termination of LeBeau as CEO and Jackson as COO in May 2021 and June 2021, respectively, was effective; and

- whether LeBeau, Jackson, or Breaker LLC have any legal entitlement to continue acting on behalf of the Company.

At the conference on February 25, 2022, the Court suggested a stay of the *Doe* Action "pending either or both the New York State litigation, the New York derivative lawsuit, or the Switzerland proceedings, because those are the cases that are going to resolve the question of who is the [C]ompany"—and, as a consequence, who is entitled to retain and instruct counsel on its behalf. (Feb. 25, 2022 Conf. Tr. at 20.) And, as we explained at the conference, SingularDTV supports a stay of the *Doe* Action over an approach in which the parties embark on months of discovery into their many corporate governance disputes and the Court attempts to fully and finally resolve those disputes in the process of deciding a procedural motion to intervene. (*Id.* at 25 ("MR. SAUTER: If it came to that, your Honor, that would be the company's preference, to stay this in favor of resolution in Switzerland.").) At least five separate factors support the Company's position that a stay of the *Doe* Action is preferable to taking discovery and conducting an evidentiary hearing on the Intervention Motion.

*First*, comity considerations weigh against resolving issues about the internal affairs of a Swiss company while those same issues are the subject of several pending proceedings in

Hon. Valerie E. Caproni
March 11, 2022
Page 3

Switzerland. *See In re BP p.l.c. Derivative Litig.*, 507 F. Supp. 2d 302, 307 (S.D.N.Y. 2007) (explaining that "internal affairs doctrine" requires courts to apply "the law of the place where the company is incorporated" to resolve issues "related to corporate affairs"); *R. Maglanal & Co. v. M.G. Chem.*, 942 F.2d 164, 168 (2d Cir. 1991) (recognizing "interest in having issues of foreign law decided by a foreign tribunal").

*Second,* the corporate-control issues raised by the Motion to Intervene are completely separate from the underlying merits of the *Doe* Action. Swiss courts are not merely better equipped to apply Swiss law in addressing those questions; they are also poised to answer them as part of merits adjudications and, as a result, may be better positioned to weigh the myriad collateral implications of those rulings.

*Third*, proceeding with costly and time-consuming discovery and an evidentiary hearing on the corporate-control issues, for the sole purpose of resolving the Intervention Motion, risks unnecessarily wasting the Court's and parties' resources in the event that the Swiss courts resolve those issues before this Court is able to rule. If, alternatively, this Court rules first and a Swiss Court later reaches a materially different conclusion, the parties and Court will have to engage in yet another round of discussions about how the *Doe* Action should proceed in light of those conflicting adjudications.

*Fourth*, additional discovery on the Intervention Motion is likely to raise sensitive and complex issues of attorney-client privilege. As but one example, the Company would likely pursue the purported engagement letter between the Company and Morrison-Tenenbaum PLLC ("Morrison-Tenenbaum"), along with any other communications between Jackson and Morrison-Tenenbaum that relate to Jackson's authority to retain and instruct Morrison-Tenenbaum on the Company's behalf. Resolving these issues would likely involve extensive briefing and require the Court's involvement, all of which can be avoided if the corporate-control issues are instead resolved in Switzerland.

*Fifth*, the Company objects to the use of any Company funds to pay fees for Morrison-Tenenbaum's work in the *Doe* Action, including discovery and preparation for or participation in any evidentiary hearing. This, too, may lead to collateral disputes requiring the Court's intervention and can be avoided if the *Doe* Action is stayed while the corporate-control issues are resolved in Switzerland.

For these reasons, we respectfully submit that, if the Court is not inclined to grant the Intervention Motion on the papers,[1] a stay of the *Doe* Action pending resolution of the corporate control disputes in Switzerland is the most reasonable and cost-effective alternative.

---

[1] As explained at the conference, we believe that the Court can and should rule on the Intervention Motion based on the parties' briefing on that motion and the extensive documentary evidence submitted with that briefing. (*See Doe* Action Dkt. Nos. 11–15; 20–27.) Unlike the final resolution on the merits of a claim (or a motion, such as one for a preliminary injunction, that requires courts to inquire into the merits of a party's claim), the Court need not hold a hearing to resolve the factual predicates for a purely procedural ruling like the one sought in the Intervention Motion. *See* Fed. R. Civ. P. 78(b) (authorizing courts to "determin[e] motions on briefs, without oral hearings"); *cf. Stone v.*

Hon. Valerie E. Caproni
March 11, 2022
Page 4

### B. Expedited Discovery into *LeBeau* Action Defendants' Compliance with Consent Order

On February 25, 2022, SingularDTV filed a Motion for Expedited Discovery (*LeBeau* Action Dkt. Nos. 75–76) into potential violations of the Consent Order entered on January 25, 2022 (Dkt. No. 66). Counsel for LeBeau and Jackson have indicated that their clients do not consent to the discovery requested therein.

Accordingly, SingularDTV proposes that the Motion for Expedited Discovery be briefed promptly, with LeBeau and Jackson to submit any opposition to that Motion **no later than March 18, 2022**, and SingularDTV to submit its reply papers, if any, **no later than March 23, 2022**. In the event that the Motion is granted, SingularDTV requests that LeBeau and Jackson be required to produce all responsive documents within **14 days of the order granting the Motion**, and that LeBeau be required to appear for a deposition within **7 days after all responsive documents are produced**.

Respectfully submitted,

 /s/  Benjamin J. A. Sauter

Benjamin J. A. Sauter
Christopher S. Cogburn
Alexa R. Perlman
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022

*Attorneys for SingularDTV GmbH*

---

*N.Y. Pub. Library*, 348 F. App'x 665, 666 (2d Cir. 2009) (holding that "district court was not required to hold a hearing on the summary judgment motion" and deciding motion on papers was not abuse of discretion).