# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

March 18, 2022

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      **RE:**    **Withdrawal of Motion to Intervene in *SingularDTV GmbH v. Doe*, No. 1:21-cv-06000 (VEC)**

Dear Judge Caproni:

      We write briefly in response to the March 17, 2022 letter submitted by Morrison-Tenenbaum PLLC ("Morrison-Tenenbaum") proposing a scheduling order for the above-captioned action (the "*Doe* action"). That letter does not (and cannot) identify any need for the proposed discovery and hearing schedule now that the Motion to Intervene or, in the Alternative, Substitute Counsel (the "Intervention Motion") (Dkt. Nos. 11–15) has been withdrawn. The effect of Morrison-Tenenbaum's proposed scheduling order would be to plunge the Company into months of costly discovery and a mini-trial on issues that have no relevance to the claims asserted in the *Doe* action. There is currently no economic rationale for the Company to pursue such extensive litigation in the context of this case, which appears unlikely to yield any recovery of the monies lost when Mr. LeBeau unilaterally transferred funds to a purported hacker. Indeed, Morrison-Tenenbaum's own status reports to the Court acknowledge the difficulties in obtaining information from the subpoena targets, let alone recovering assets.[1] (*See* Dkt. Nos. 8-10). Accordingly, SingularDTV has chosen to withdraw the Intervention Motion—a decision that prejudices no party to this action and will conserve substantial Company and Court resources.

      In his effort to press forward with discovery on a motion the Company has withdrawn, Mr. Tenenbaum takes aim at the Company's pending action *SingularDTV GmbH v. LeBeau, et al.*, No. 1:21-cv-10130 (VEC) (the "*LeBeau* action"). That action is entirely separate from the *Doe* action, which, as the Company has learned since filing its Intervention Motion, has produced virtually no information regarding the funds Mr. LeBeau lost, much less how those funds might

---

[1] Further, Morrison-Tenenbaum has never explained why it is not pursuing information from GazeTV, an entity partly owned by Mr. LeBeau with clear connections to the hack at issue in the John Doe action. (Dkt. No. 12 at 10).

Americas (New York, Buenos Aires, Chicago, Delaware, Miami, San Francisco, São Paulo, Washington DC)
Asia-Pacific (Hong Kong, Seoul, Shanghai), EMEA (Dubai, London, Tel Aviv), Offshore (BVI, Cayman Islands)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Hon. Valerie E. Caproni
March 18, 2022
Page 2

be recovered. The only further project in the *Doe* action that Mr. Tenenbaum has mentioned is filing a motion to compel against Binance, an offshore cryptocurrency exchange that traditionally contests U.S. jurisdiction. Although such a motion is highly unlikely to yield any recovery for the Company, we attempted to discuss with Mr. Tenenbaum a cost-effective path forward in the *Doe* action that would avoid the unnecessary expense of discovery on collateral issues. Mr. Tenenbaum was unwilling to proceed without moving forward on that discovery, which compelled the Company to withdraw the Intervention Motion.

Notably, the Company did not request discovery or an evidentiary hearing when it filed its Intervention Motion. Nor did the parties seek any discovery when similar issues were being litigated in the context of the now-resolved preliminary injunction motion in the *LeBeau* action. The Court recently informed the Parties on March 14, 2022 that discovery and an evidentiary hearing would nonetheless be necessary to resolve the Intervention Motion. (Dkt. 84). In light of this recent ruling, and even though the Company continues to object to Morrison-Tenenbaum's purported representation of it, the Company has determined that the costs of conducting months of discovery and an evidentiary hearing far outweigh any apparent benefit of intervening in this action. Indeed, the Company has no need or desire to litigate Swiss corporate-law issues in this Court, particularly when those issues are already subject to parallel litigation in Switzerland.

This Court previously denied the Company's request to stay this action on the ground that it is not a party to this case. (Dkt. 34.) As a non-party and in light of the changed circumstances described above, the Company no longer seeks to devote the substantial resources required to intervene in this action. As such, the proposed discovery and hearing schedule is moot—there is no need for the Court to resolve the Intervention Motion, much less order months of discovery and an evidentiary hearing, when the Company no longer seeks to be a party.

Respectfully submitted,

 /s/ Benjamin J. A. Sauter
Benjamin J. A. Sauter
Christopher S. Cogburn
Alexa R. Perlman
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022

*Attorneys for SingularDTV GmbH*