# MORRISON TENENBAUM

MORRISON-TENENBAUM PLLC, ATTORNEYS-AT-LAW M-T-LAW.COM
87 WALKER STREET  2ND FLOOR  NEW YORK  NY  10013
PHONE 212.620.0938  FAX 646.998.1972

May 6, 2022

**VIA ECF**
The Honorable Judge Valerie Figuerdo
United States District Court
Southern District of New York
500 Pearl Street, Room 1660
New York, New York 10007

                               Re.: SingularDTV GmbH v. Doe, Case No. 1:21-cv-06000-VEC

Dear Magistrate Judge Figuerdo:

       We write in furtherance of our letter of April 20, 2022, to the Honorable Judge Valerie E. Caproni pursuant to the Fed. R. Civ. Proc. R. 45 and Local Rule § 1.4 that requested the Court's authorization to demand documents and testimony relevant to this case through third party subpoenas.

       The information we are seeking relates to a hacking incident that occurred in early May of 2021, whereby the then-General Counsel for SingularDTV GmbH ("Plaintiff"), a Swiss entity operating in the United States, became victim to a hacker or group of hackers (the "John Doe") into authorizing a payment of $2,000,000 in cryptocurrency. The hacking incident described in the complaint and the Affirmation of Carl Volz, the general counsel who was hacked, began an onslaught of litigation between opposing factions of the now non-operating SingularDTV GmbH (the Plaintiff in this matter) and SingularDTV LLC, its U.S. affiliate. (ECF No. 6-3).

       Following the filing of this action, Plaintiff issued third party subpoenas for information from Google Inc. and Binance; while Google has since complied, Binance has remained unresponsive.[1] On November 28, 2021, more than four months following our complaint, Kobre & Kim, counsel for the opposing faction of SingularDTV GmbH, filed a Motion to Intervene or Substitute Counsel in this case. That motion was fully submitted on December 23, 2021, and a hearing was held on February 25, 2022 wherein the Honorable Judge Caproni ordered discovery and a hearing on the Motion to Intervene. Rather than engage in discovery, Kobre & Kim withdrew its Motion to Intervene, thereby allowing pre-answer discovery to continue. (ECF No. 39, Memo Endorsed Order Granting Motion to Withdraw).

       On April 20, 2022, I requested leave to serve subpoenas on five (5) individuals with information that is likely related to the hacking incident. (ECF No. 40). Some of those individuals are SingularDTV GmbH employees working within the company; others are persons engaged at one time or another by SingularDTV GmbH to gather information regarding the July 2021 hacking incident. With the Motion to Intervene withdrawn, our firm is now charged with continuing its investigating into the hacking incident on behalf of Plaintiff. Our objectives are simply to (a) identify the John Doe(s) who defrauded SingularDTV GmbH and its affiliate and (b) recover the misappropriated funds.

       In response to our April 20, 2022, letter, the Honorable Judge Caproni has asked us to explain (1) why subpoenas are necessary to obtain information in the custody and control of the Plaintiff; (2) why subpoenas are appropriate with respect to Swiss-domiciled witnesses rather than letters rogatory; and (3)

---

[1] Simultaneous with this letter, Plaintiff is filing a separate Motion to Compel whereby we are asking this court to compel Binance Holdings Limited to provide the materials demanded in Plaintiff's subpoena.

the factual basis for each information request. (ECF No. 41). Please find below our responses to the questions posed by the Honorable Judge Caproni.

**(1) Why subpoenas are necessary**. Subpoenas are necessary because the opposing faction of SingularDTV GmbH has frozen the faction represented by our firm out of all company matters. Further, Kobre & Kim has maintained its opposition to our representation of Plaintiff in this matter. No information is being shared by Kobre & Kim or the opposing faction of SingularDTV GmbH; in fact, the only information we do have regarding independent investigations into the hacking incident being pursued by the opposing faction is through court filings in this matter, the related case before this Court, and the derivative action being adjudicated in Manhattan County Supreme Court.

We have been able to deduce from limited Company communications and pleadings (mentioned below under Section 3) that certain SingularDTV GmbH insiders and their representatives are holding information that could prove vital to this case and possibly lead to the discovery of the identity of the "John Doe" who unlawfully hacked SingularDTV GmbH's email to perpetrate a fraud and theft of Tokens. These very same insiders however remain hostile to our representation of SingularDTV GmbH. This unusual fact pattern thus requires us to compel the release of information from our own client pursuant to subpoenas. Further, without a known defendant, there is no party against whom our firm can serve discovery.

**2. Why subpoenas here will be the most effective and best-suited process to obtain testimony**. On further review, we believe that the information gathered by Swiss-domiciled witnesses, namely the law firm of Wenger Vieli AG, can be obtained through subpoenas for information held by SingularDTV GmbH insiders who are domiciled in the United States. It would certainly be more economical to compel production by third party witnesses located in the United States rather than through the time consuming and costly process of compelling non-US persons to comply with our document and testimony requests through letters rogatory or letters of request. At this time, the request to issue subpoena for documents held by Mr. Michael Mraz, partner of the firm Wenger Vieli, is withdrawn without prejudice. Should we be unable to recover the documents believed to be in his possession and control from other sources, we reserve the right to renew this application. It is also noted that we may seek documents and/or testimony from SingularDTV GmbH pursuant to a protective order due to the likely privileged nature of some disclosures.

**3. The Factual Bases for Information Requests**. *Firstly*, (a) Kevin Madura is the Senior Vice President in the global cybersecurity practice group at AlixPartners, LLP ("Alix") and an expert in cryptocurrency technology, including blockchains, and computer programming. In the companion case to this one, *SingularDTV GmbH v. Zach LeBeau*, the initial complaint filed by Kobre & Kim on behalf of Plaintiff in that matter included allegations stemming from an investigation conducted by Alix on behalf of SingularDTV GmbH. 2022 WL 1082557 (S.D.N.Y. 2022). In Mr. Madura's declaration in support of Kobre & Kim's Order to Show Cause, he stated "I have been retained as an expert in this matter and have been asked to provide context regarding blockchain technology and my analyses of certain transactions related to SingularDTV GmbH and associated entities."[2] (ECF No. 26 at 2).

Mr. Madura's Declaration is extensive and detailed. Ultimately, Mr. Madura concluded that Mr. LeBeau was involved with the hacking incident complained of in this case,[3] a conclusion that Kobre & Kim reiterate in its order to show cause.[4] (ECF No. 26 at 12) The Company's ongoing investigation, and

---

[2] *SingularDTV GmbH v. Lebeau*, 2022 WL 1082557 (S.D.N.Y. 2022). ECF. No. 52 at 2.
[3] *Id*. at 4.
[4] *Id*. ECF No. 7 at 8 ("SingularDTV is investigating this sequence of events [the "Hack"] and has not ruled out the involvement of one or more company insiders, including LeBeau.")

M+T

LeBeau's erratic behavior in connection with it is the subject of a related action pending in this District, herein referred to as the "John Doe Case".[5] As described in SingularDTV's pending Motion to Intervene in the John Doe Case, there are substantial reasons to suspect that LeBeau was complicit in "at least some of the transfers involved in the Hack and is not being transparent about those transfers." (ECF No. 12 at 6-9). Kobre & Kim once again referenced the findings of Madura before Judge Caproni in a February 25, 2022, hearing for the related case, *SingularDTV v. LeBeau et al. Case No. 1:2021cv10130*.[6]

From these submissions and references, we have learned that the opposing faction within SingularDTV GmbH commissioned an investigation of the hacking incident through Kobre & Kim, who led the investigation and engaged Mr. Madura's firm to assist. Collectively, they exchanged documents and communications and ultimately must have reached conclusions. Since their investigations were disclosed in the context of adversarial proceedings against Mr. LeBeau (and my firm) in this case, it is likely that not all evidence pointed to Mr. LeBeau as the perpetrator of the hacking incident. In other words, investigations by Kobre & Kim and parties engaged by the opposing faction likely uncovered information that has not been disclosed in court filings. Our firm needs access to all such documents and communications between SingularDTV GmbH and Alix relating to the hacking incident to determine if there is any information that might lead to another party as the perpetrator of the hacking incident targeting our client.

We respectfully request Your Honor for leave to seek documentation and communications with SingularDTV GmbH personnel and representative related to the engagement of AlixPartners, LLP, testimony regarding its investigative process and findings, as well as copies of work product produced in the course of the investigation by AlixPartners, LLP.

*Secondly*, in addition to production and testimony by Mr. Madura, we also respectfully request permission to demand production of documents from Kobre & Kim related to their investigation of the hacking incident. We note that (i) Morrison Tenenbaum PLLC represents SingularDTV GmbH in this action, and the voluntarily withdrawal by Kobre & Kim of its Motion to Intervene necessarily results in this firm's continued representation of the company; (ii) Kobre & Kim amended its complaint in the related action, *SingularDTV v. LeBeau*, to eliminate all references to the hacking incident and inferences drawn from the investigation by Kobre & Kim and Alix into the hacking incident; and (iii) any documents demands would be strictly limited to communications, transmittals and documents related to its investigation of the hacking incident. While the fruits of that investigation are no longer useful to Kobre & Kim in the factional battlefront, they could be prove import in our pursuit of John Doe in this case. We will also be seeking a protective order to shield privileged communication from disclosure.

We respectfully request Your Honor for leave to seek only the following documents from Kobre & Kim: copies of communications with persons acting for or on behalf of SingularDTV GmbH related to its investigation of the May 2021 hacking incident, and all work product in the course of its investigation, subject to a protective order.

*Thirdly*, according to various statements made by Kobre & Kim as well as declarations by Patrik Allenspach himself, Mr. Allenspach serves as a representative of SingularDTV GmbH and its resident signatory. SingularDTV GmbH has offered two declarations from Mr. Allenspach in support of its original

---

[5] See *id*.

[6] Stated in the transcript of Chris Cogburn, "There is actually a more fundamental problem, though, that prevents that, which is that the company, with us and with the help of an outside consulting firm that's done some investigation into this, we filed a declaration from a Kevin Madura attesting to these issues in, I believe, the 10130 case. The evidence that's that that firm has collected is beginning to point towards Mr. LeBeau's knowing involvement." *SingularDTV GmbH v. Lebeau*, 2022 WL 1082557 (S.D.N.Y. 2022) ECF No. 52 at 3.

M+T

complaint against Zachery LeBeau and Kimberly Jackson in the related matter.[7] In those declarations, Mr. Allenspach presented minutes of meeting at which he claims to have been present, where in those meetings, SingularDTV GmbH took certain actions with respect to the hacking incident.

Specifically, Mr. Allenspach introduced minutes from a May 27, 2021, meeting that he claims took place shortly following the hacking incident. According to Section 4(d) (first bullet) of the minutes of that meeting, the acting board of directors appointed a Dissolution Committee to be co-chaired by Mr. Allenspach. One of the mandates of the Dissolution Committee that Mr. Allenspach co-chaired was to "Continue working with forensic authorities regarding the [hacking incident] in an attempt to recover the lost assets." (Exhibit A, attached hereto). On this basis alone, Mr. Allenspach, as a representative of SingularDTV GmbH, should be compelled to provide all information in his possession related to the hacking incident. This information can also be obtained from Mr. Lubin, who co-chaired the Dissolution Committee according to the meeting minutes introduced by Mr. Allenspach into evidence in the related matter before this court. *Id*.

We respectfully request Your Honor for leave to seek documentation and communications related to (i) negotiations with Ari Levy Cohen preceding the hacking incident and SingularDTV's subsequent investigation, if any; (ii) communications on behalf of SingularDTV GmbH with the following parties, solely to the extent related to the hacking incident and subsequent investigations: (A) Kevin Madura, aforementioned in Section 3; (B) Zach LeBeau; (C) Joe Lubin; (D) Tibor Nagy, the General Counsel who led the post-hack investigation[8]; (E) Carl Volz, the prior U.S. General Counsel; (F) Edward Greenwood, a long-time employee of SingularDTV LLC within the U.S.; and (G) Matt Corva, an attorney for ConsenSys Inc. who was involved in the post-hack investigation (see, Exhibit B, attached hereto).

Morrison Tenenbaum PLLC reserves all rights with respect to future requests to this Court for leave to issue such further subpoenas for documentation and testimony outside the limited scope proposed in this letter, or for information held by parties not listed herein, including without limitation parties related to SingularDTV GmbH.

We thank Your Honor for your attention to this matter.

Respectfully submitted,

**MORRISON TENENBAUM PLLC**

By: _____

Jerald Tenenbaum
87 Walker Street, Second FloorNew York, New York 10013 Telephone: (212) 620-0938
E-Mail: Jerald@m-t-law.com

---

[7] *SingularDTV GmbH v. Lebeau*, 2022 WL 1082557 (S.D.N.Y. 2022). This case is pending a motion to dismiss. *See* ECF No. 42 at 5.

[8] *SingularDTV GmbH v. Lebeau*, 2022 WL 1082557 (S.D.N.Y. 2022). *See* ECF No. 15. In relevant part, this investigation was pursuant to a "Mandate Agreement" for the hiring of external experts and the Circular Resolution of August 27, 2021, appointing Mr. Nagy as "external legal counsel of SingularDTV GmbH in the United States of America regarding general legal advice." (See, Item 4, Exhibit C, attached hereto)

M+T

Handelsregisteramt Zug

14. /15. Juli 2021

EXHIBIT A

## SingularDTV LLC
(the **Company**)

Registered Office: Zug, Canton of Zug, Switzerland
Enterprise Identification No.: (CHE-143.156.740)

**Minutes of the Meeting of the Managing Directors of the Company** (collectively the **Board**)
Held via Videoconference on May 27, 2021

---

**Present**

- Arie Yehuda Levy Cohen, Chairman of the Board ("AYLC")

- Joseph Michael Lubin, Managing Director ("JML")

**Absent**

— Zachary James LeBeau, Managing Director ("ZJL")

**Chairman**

— Arie Yehuda Levy Cohen

**Secretary**

— As ZJL declined to attend the meeting and presumably instructed company counsel to do the same, JML will be acting as secretary.

**A.   Agenda**

1. Constitution of the Meeting

2. Discussion of compliance incident and resolutions on measures to be taken

3. Discussion of the exit of ZJL as CEO of Breaker, effective immediately

4. Proposal recommending an orderly dissolution

5. Date of the next Meeting of Shareholders

6. Miscellaneous

401869/12653453v2

B. **Business Transacted and Resolutions Passed**

1. Mr. Levy Cohen takes the chair (the **Chairman**); it being noted that the prior secretary Carl Volz was terminated by ZJL, for purposes of this meeting AYLC and JML agree that JML acts as secretary.

   The Chairman opens the meeting at 5PM CEST. He directs the record to show that the meeting of the Board has been duly convened and that a majority of the Managing Directors are present and therefore the Board has a quorum. No objections are raised against these ascertainments.

2. The Chairman restates the recent compliance incident involving the fraudulent transfer of approximately $2,000,000 USD equivalent of company assets at the time of transfer (the "Compliance Incident").

3. JML notes that Company assets were always intended to be secured in a multisignature solution and continuing disappointment that the funds were not in an industry standard multisignature solution, that they continue to be held solely by ZJL and that basic compliance measures were not taken prior to the Compliance Incident. JML notes that the assets, as far as he is aware, still remain in the sole possession of ZJL.

4. The Managing Directors, further to discussions and consideration of all relevant documents, the Managing Directors then resolve as follows:

   (a) Resolved that ZJL is dismissed as CEO with immediate effect.

   Voting in Favor: [signatures]

   Voting Against:

   (b) Resolved that ZJL is expressly instructed to refrain from continuing holding personal control over or disposing of any (digital) assets that belong to the Company (e.g., by way transferring, assigning or selling assets to third parties, or using them in any other way), or otherwise taking any action in relation to such assets that have the effect of depriving the Company from exercising exclusive control over such assets. The Company shall provide ZJL with a wallet address (the "Address"). The Address will be a multisignature wallet with at least 2 out of 3 signatures required, of which at least 2 will be Company employees with fiduciary obligations. ZJL shall effect a transfer of all Company assets under the direct or indirect control of ZJL to the Address within 48 hours of his receipt of the Address, the legitimacy of which shall be confirmed and authenticated using video conferencing. ZJL is also further instructed to provide to the Company all documentation and information required or appropriate for the Company to be able to regain immediate control of its digital and other assets belonging to the Company, including, but not limited to, the documentation and information, including the private key, with respects to the accounts, custodians or wallets in which any such (digital) assets are held for any address containing digital assets which ZJL does not cause a transfer to the Address within 48 hours. Resolved that the Company shall be authorized to take any action necessary against ZJL in a personal capacity in order to fulfill this resolution.

   Voting in Favor: [signatures]

Voting Against:

(c) It is resolved that all signatory authorities and powers to act in the name and on behalf of the Company granted to ZJL are herewith immediately withdrawn. The Board authorizes Patrik Allenspach, and failing his willingness to do so, Mr. Cohen and Mr. Lubin, each acting singly (and not jointly), to instruct all banks and other custodians to cancel any signatory powers of ZJL with respect to accounts of the Company with immediate effect.

Voting in Favor: [signatures]

Voting Against:

(c) The Board reminds ZJL that he shall continue to be subject to all confidentiality obligations as a managing director of the Company (no vote required).

(d) It is resolved that the Board shall form a Dissolution Committee. The purpose of the Dissolution Committee, which ZJL is invited to be a part of should he so choose, is to conclude a proposal for an orderly wind-down of the Company as soon as is practicable. The Dissolution Committee shall be co-chaired by Joseph Lubin and Patrik Allenspach, and any such members as appointed by the Board in the ordinary course. The Dissolution Committee will, among other actions standard for such committees:

- Continue working with forensic authorities regarding the Compliance Incident in an attempt to recover the lost assets;
- Continue working with Patrik Allenspach to finalize all remaining tax obligations of the Company;
- Appoint a third party to complete an accounting of all debts, if any, owed by shareholders, directors, and/or employees, to the Company;
- Make a proposal for the Shareholders regarding how the remaining Company assets may be allocated to limit liability, promote the interests of SNGLS token holders, and potentially, continue on some aspects of the business; and
- The Dissolution Committee is expressly authorized to engage third party professional services in Switzerland as required to conclude this analysis.

Voting in Favor: [signatures]

Voting Against:

5. The Board resolves that any spending on content, if any, that is taking place be ceased immediately, and that the Company takes all steps to completely exit any remaining obligations for the production of content, effective immediately.

Voting in Favor: [signatures]

Voting Against:

6. The Board resolves that any relationship between the Company and Breaker LLC shall be terminated by the Company as soon as possible.

Voting in Favor: *[signatures]*

Voting Against:

7. The Board resolves to convene an extraordinary general meeting of shareholders on July 1, 2021, for the purposes of voting on recommendations from the Board as described herein, as well as any proposals from the Dissolution Committee that are ready to be effected.

There being no further business to be transacted, the Chairman closes the board meeting.

[*signatures on the next page*]

Executed as of the date written on the cover page to these resolutions

The Chairman:

The Secretary:

_____
Arie Yehuda Levy Cohen

**Distribution:**

- Domicile
- Managing Officers

Exhibit B

# Patrik Allenspach

| | |
|---|---|
| **Von:** | Matt Corva <matt.corva@consensys.net> |
| **Gesendet:** | Samstag, 8. Mai 2021 05:40 |
| **An:** | Zach LeBeau; Kim Jackson; Carl Volz; Patrik Allenspach; Edward Greenwood |
| **Cc:** | Joseph Lubin; Michael Kriak; Arie Y LEVY COHEN |
| **Betreff:** | Written Demand for Transfer of Digital Assets for Safekeeping |

Breaker Team -

We were disturbed to learn of the news regarding the transfer to someone purporting to be Arie today, in the equivalent of ~2MM USD in digital assets. We want to learn more about the event and are already investigating based on the records we received from Carl. Regardless of the circumstances, it is clear that a bad actor has compromised systems in a way that were exploited and can continue to be exploited, jeopardizing remaining digital assets.

We therefore demand management of Breaker take immediate action to move all remaining digital assets to a secure and reputable third party custodian by the close of business on Wednesday, May 12th as a reasonable effort to safeguard company assets. Please provide us an update as to the third party custodian of choice, and please also prepare an accounting of all transactions mapping remaining digital assets to the transfer to the third party custodian. Please also provide details regarding the third party custodian account itself, including who has access to that account. Please ensure that the account requires multi-party and multi-factor authentication with at least 2 signatories, ideally from different functions within the company (e.g. Management + Legal or Management + Accounting, or Accounting + Legal etc). It's our understanding there is sufficient fiat on-hand to carry near term expenses.

If there are any objections to this request, please raise them immediately. Note that we have long requested industry standard measures be put in place to safeguard Breaker's digital assets. This event would not have taken place were they in place. If the funds are not transferred reasonably in accordance with this proposal, we will immediately move to legal remedies in Switzerland to preserve the safety of the company assets. Lastly, we understand the volatile nature of these situations and would appreciate being quickly apprised of incidents like this when they occur as well as any findings you uncover on your side.

Matt



# Minutes
of the
# Extra Ordinary Board Meeting
of
# SingularDTV GmbH

held on Friday, 27 August, 2021

17.30 – 18.00 CET (11.30AM-12.00AM Eastern Time)

Via zoom Videoconference

**Attendees:**

- **Arie Yehuda Levy-Cohen,** Board Member / Chairman of the Board

- **Joseph Lubin,** Board Member

- **Zachary LeBeau,** Board Member

- **Patrik Allenspach,** Resident Signatory

1

Agenda:

1. Constitution of the meeting
2. Approval of the minutes of the last meeting of the Board of Managing Directors, dated June 8th 2021
3. Ratification of resolution regarding removal of Kim Jackson as COO of SingularDTV GmbH, that was taken at the meeting of the Managing Directors on June 8, 2021
4. Mandating Attorney-at-Law Tibor Nagy, Dontzin Nagy & Fleissig LLP as external legal counsel of SingularDTV GmbH in the United States of America regarding general legal advice
5. Convocation of an extraordinary members' general meeting (shareholders' meeting)
   a. Proposed agenda for the extraordinary members' general meeting (not limited to this agenda item):
      - Removal of Zachary James LeBeau as Managing Director ("*Geschäftsführer*") of SingularDTV GmbH
6. Miscellaneous

2

1. **Constitution of the Meeting**

Present (via videoconference):

- **Arie Levy Cohen**, Managing Director and Chairman of the Board ("AYLC")
- **Joseph Lubin**, Managing Director ("JML")
- **Zachary James LeBeau**, Managing Director ("ZJL")
- **Patrik Allenspach**, Resident Signatory ("PA")

JML takes the chair for the meeting. PA is nominated as secretary and will take the minutes.

No objection is raised.

The invitation and agenda to this meeting were distributed by AYLC on Tuesday August 17th, 2021, via e-mail.

On Monday August 23rd, 2021, ZJL requested time to 1. state his official position for the record and 2. propose two possible ways forward for the company. He further advised that he intends to bring his personal lawyers and Kim Jackson to the call.

AYLC then stated on Tuesday, August 24th, 2021, that the meeting is limited exclusively and only to members of the board of directors and advised that all three board members will be given ample time to submit any comments and statements at the beginning of the call.

On Friday, August 27th, 2021, at 17.16h CET, ZJL distributed to AYLC, JML and PA a document with the content of his official position which he intended to present during the meeting and asked to add to the minutes.

It was agreed that ZJL will be given time to present his official position prior to proceeding to the agenda's voting items 2-5.

JML pointed out that the meeting shall be guided by the agenda.

3



### ZJL official position and proposal of possible ways forward

ZJL presented the content of the document which he had distributed at 17.16h CET. He also explained the content of a separate communication he had provided on August 26th, 2021, to AYLC and JML, please refer to attachments:

- "Advance Written Statement Agenda to be added to Meeting Minutes"
- "Zach LeBeau's reservation of rights and 2 exit proposals to be added to meeting's minutes"

JML confirmed that the objections and proposal which have been presented by ZJL and provided in written form by ZJL will be considered, and that the meeting will continue with discussion/voting on the foreseen agenda points.

### 2. Approval of the minutes of the last meeting of the Board of Managing Directors, dated June 8th 2021

Voting in Favor: Joseph Michael Lubin and Arie Yehuda Levy Cohen

Voting Against: None

With reference to his position presented at the beginning of the meeting, Zachary James LeBeau declared he will abstain from voting.

### 3. Ratification of resolution regarding removal of Kim Jackson as COO of SingularDTV GmbH, that was taken at the meeting of the Managing Directors on June 8, 2021

Voting in Favor: Joseph Michael Lubin and Arie Yehuda Levy Cohen

Voting Against: None

With reference to his position presented at the beginning of the meeting, Zachary James LeBeau declared he will abstain from voting.

### 4. Mandating Attorney-at-Law Tibor Nagy, Dontzin Nagy & Fleissig LLP as external legal counsel of SingularDTV GmbH in the United States of America regarding general legal advice

Voting in Favor: Joseph Michael Lubin and Arie Yehuda Levy Cohen

Voting Against: None

With reference to his position presented at the beginning of the meeting, Zachary James LeBeau declared he will abstain from voting.

4



5. **Convocation of an extraordinary members' general meeting (shareholders' meeting)**

Discussion about the proposed agenda, consisting of:

- Removal of Zachary James LeBeau as Managing Director ("*Geschäftsführer*")
- Re-Election of the auditor

Voting in Favor: Joseph Michael Lubin and Arie Yehuda Levy Cohen

Voting Against: None

With reference to his position presented at the beginning of the meeting, Zachary James LeBeau declared he will abstain from voting.

The extraordinary shareholder meeting will be scheduled September 24th, 2021, 17.30-18.30 CET (11.30-12.30 Eastern time), to be held via videoconference.

JML, AYLC and ZJL confirmed their availability for this extraordinary shareholder's meeting.

Addendum: After initial review/consideration of the two documents provided by ZJL, the two additional items requested by ZJL were added to the agenda of the extraordinary shareholder meeting.

5



6. **Miscellaneous**

There were no further points to discuss.

JML closed the videoconference at 18.00h CET.

The Chairman of the Board

*[signature]* 30-AUG-21
Arie Y. Levy Cohen
Arie Yehuda Levy Cohen

The Secretary

*[signature]* 10.09.2021
Patrik Allenspach

Distribution:

- Domicile
- Managing Directors

Appendices:

– "Advance Written Statement Agenda to be added to Meeting Minutes"
– "Zach LeBeau's reservation of rights and 2 exit proposals to be added to meeting's minutes"
– "Resignation_RD_SDTV_GmbH_2019-02-12"

6

- Removal of Joseph Lubin as Managing Director ("*Geschäftsführer*") of SingularDTV GmbH in accordance with Article 815 of the Swiss Code of Obligations ("**CO**"), due to breaches of this duty of care, duty of loyalty as a managing director, namely because of his conflicts of interest (Article 812 CO), e.g.

  - Continued conflicts of interests by entering into agreements between ConsenSys (a company founded and controlled by Joseph Lubin) and SingularDTV GmbH at conditions considerably in breach of the arm's length principle under section VIII/1 of the By-Laws of SingularDTV GmbH, which is a serious breach of the provisions of conflicts of interest in section X of the By-Laws of SingularDTV GmbH.

  - Attempt to terminating the services agreement with Singular LLC without cause and in a retaliatory manner by (null and void) resolution during the invalidly constituted meeting of the Managing Directors on 27 May 2021

  - Repeated, verifiable acts as a part of the majority of shareholders (together with Arie Levy Cohen) against the interests of the company as well as against the rights and legitimate interests of the minority shareholders and token holders.

- Application to the court in accordance with Article 12 no. 14 of the articles of association of SingularDTV GmbH to exclude Arie Levy Cohen as Shareholder ("*Gesellschafter*") of SingularDTV GmbH for good cause ("*wichtige Gründe*"), due to breaches of this duty of care, duty of loyalty, namely because of his conflicts of interest, e.g.

  - Repeated, verifiable acts as a part of the majority of shareholders (together with Joseph Lubin) against the interests of the company as well as against the rights and legitimate interests of the minority shareholders.

**C. Additional Agenda Items for the Meeting of the Board of Managing Directors of August 27th, 2021**

**1. Removal of Arie Levy Cohen as Managing Director ("*Geschäftsführer*") of SingularDTV GmbH from the Commercial Registry**

- Arie Levy Cohen resigned as managing director by written resignation letter on February 12th, 2019. He has not been re-elected as managing director. Consequentially, he has to be removed instantly as Managing Director of SingularDTV GmbH from the Commercial Registry of the Canton of Zug.

**2. Nullity of the resolutions of the meeting of the Managing Directors on May 27th, 2021, and June 8th, 2021**

- Arie Levy Cohen resigned as managing director by written resignation letter on 12 February 2019. He has not been re-elected as managing director. Therefore, the meetings of the Board of Managing Directors, dated May 27th, 2021 and June 8th, 2021, were not validly constituted (in accordance with para. 14 et seqq. of the By-Laws of SingularDTV GmbH). The resolutions taken during the meetings of the Board of Managing Directors of May 27th, 2021, and June 8th, 2021, are null and void.

Appendix 2: Zach LeBeau's reservation of rights and 2 exit proposals to be added to meeting's minutes

8