UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SINGULAR DTV GmbH,**<br><br>                              *Plaintiff*,<br><br>            v.<br><br>**JOHN DOE**,<br><br>                              *Defendant*. | **Motion to Compel**<br><br>Civil Action No. 1:21-cv-06000-VEC |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA FOR PRODUCTION OF DOCUMENTS
<u>DIRECTED TO NONPARTY BINANCE HOLDINGS LIMITED</u>**

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**

**INTRODUCTION**……………………………………………………………..………... 1

**FACTUAL BACKGROUND**……………………………………………….………….. 1

**ARGUMENT**……………………………………………………………………………. 4

A.     **The Subpoena Seeks Only Relevant Documents That Can Be Obtained from No Other Source**……..……………………………………… 4

B.     **Binance Is in Possession of the Requested Materials, thus Complying with the Subpoena Does Not Impose an Undue Burden**…………………………..…. 6

C.     **Binance Has Not Opposed or Moved to Quash the Subpoena**……………... 8

**CONCLUSION**…………………………………………………………………………... 10

# TABLE OF AUTHORITIES

| **CASES** | **PAGE(S)** |
|---|---|
| *SingularDTV GmbH v. LeBeau*, 2022 WL 1082557 (S.D.N.Y. 2022) (Case No. 1:21-cv-10130, ECF 52 at 2; see ECF No. 1 at ¶ 28) | 4 |
| *Aurelius Capital Partners, LP v. Republic of Argentina*, 07 Civ. 2715 (TPG), 9 (S.D.N.Y. Apr. 3, 2009) | 4 |
| *Novartis & Par Antitrust Litig.*, 2020 US Dist. LEXIS 106863, at *11-12 (SDNY June 18, 2020) | 5 |
| *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15 Civ. 7488, 2017 U.S. Dist. LEXIS 139983, 2017 WL 3822883, at *4 (S.D.N.Y. Aug. 30, 2017) | 5 |
| *Mackey v. IDT Energy, Inc.*, No. 19 Misc. 29, 2019 U.S.Dist LEXIS 77101, 2019 WL 2004280, at *3 (S.D.N.Y. May 7, 2019) | 5 |
| *United States v. First Nat'l City Bank*, 396 F.2d 897, 900–01 (2d Cir. 1968) | 8 |
| *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 233 F.R.D. 143, 145 (D.Del. 2005) | 8 |
| *Beruashvili v. Hobart Corp.*, No. CV 2005-1646, 2006 U.S. Dist. LEXIS 55065, 2006 WL 2289199, at *1 (E.D.N.Y. Aug. 8, 2006) | 8 |
| *Beare v. Millington*, No. 07-CV-3391, 2010 U.S. Dist. LEXIS 2501, 2010 WL 234771, at *3 (E.D.N.Y. Jan. 13, 2010) | 8 |
| *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975 | 9 |
| *Dunkin' Donuts Franchised Restaurants LLC v. Grand Cent. Donuts, Inc.*, No. CV2007-4027, 2009 U.S. Dist. LEXIS 30486, 2009 WL 973363 | 9 |
| *Zhang v Wen Mei, Inc.*, 2016 US Dist LEXIS 176784 at *36-37 (EDNY Dec. 21, 2016, No. 14-CV-1647 (JS)(SIL)) | 9 |

*DG Creditor Corp. v. Dabah*, 151 F.3d 75, 81 (2d Cir. 1998)   9

*Top Jet Enters. v Kulowiec*, 2022 US Dist LEXIS 17314, at
\*11-12 (SDNY Jan. 31, 2022, No. 21-MC-789 (RA) (KH)   9

*In re Corso*, 328 B.R. 375, 384 (E.D.N.Y. 2005)   9

## **RULES**

Fed. R. Civ. §26   5
Fed. R. Civ. §45   5, 6, 7, 8

## INTRODUCTION

SingularDTV GmbH ("SingularDTV or "Plaintiff") respectfully seeks the assistance of this Court to compel Binance Holdings Limited ("Binance") to comply, or to cause certain subsidiaries under the ownership, direction and/or control of Binance to comply, with a subpoena issued in connection with Plaintiff's efforts to (a) determine the identities of the owners of cryptocurrency wallets created on the Binance cryptocurrency exchange and (b) obtain transmission history with respect to cryptocurrency tokens wrongfully misappropriated from Plaintiff through fraudulent means (the "Motion to Compel"). Specifically, Plaintiff seeks to obtain "KYC" or "know your customer" information held by Binance. KYC information includes such information as the name, address, and contact details of the holder(s) of the referenced cryptocurrency wallets. This information will enable Plaintiff to identity the Defendant(s) in this matter and to fully develop the factual record necessary for the fair adjudication of this case.

Plaintiff served a subpoena duces tecum on Binance Holdings Limited on August 26, 2021, seeking documents directly related to five cryptocurrency wallets known to have received the proceeds from a fraud perpetrated on Plaintiff. In response to Plaintiff's subpoena, Binance has outright refused to produce a single document. Binance is sole custodian of the records sought by Plaintiff, which relate directly to Plaintiff's claims in this case.

## FACTUAL BACKGROUND

Plaintiff commenced this action with the filing of its Complaint on July 13, 2021. Defendant John Doe is alleged to have unlawfully hacked a computer system on Plaintiff's network in order to fraudulently obtain SNGLS cryptocurrency tokens (the "Tokens"). (ECF No.

1

1.) Specifically, an unknown person or persons (the "John Doe") gained access to the email of the then general counsel for Plaintiff, SingularDTV GmbH, a Swiss entity operating in the United States. The John Doe was able to hoodwink Plaintiff's general counsel into authorizing the release of approximately US$2,000,000 in Tokens intended to be paid by Plaintiff to Arie Levy Cohen for the redemption of his ownership interest.

On July 20, 2021, Plaintiff filed its motion for leave to serve third-party subpoenas (ECF No. 2) along with a supporting declaration and exhibits (ECF No. 6). Plaintiff's motion requested leave to serve a third-party subpoena on Google LLC ("Google") and Binance Holdings Limited ("Binance") for the limited purpose of discovering the identity of the Defendant through information known to be held by each of them.

On August 16, 2021. this Court granted Plaintiff's request to serve a third-party subpoena on Binance (the "Subpoena"). The information requested by Plaintiff in the Subpoena relates directly to the hacking incident described in the complaint and the accompanying Affirmation of Carl Volz, the general counsel whose email account was hacked. The hacking incident resulted in an onslaught of litigation between warring factions of SingularDTV GmbH, which has since ceased operating. (ECF No. 6-3).

The Subpoena, served on August 26, 2021, specifically requested production by Binance of the following materials directly related to this case:

> (a) All Documents, records and information, specifically: *names, physical addresses, email addresses, phone numbers, copies of government issued identifications held on file, and other personally identifiable information and contact details* of the owners, holders and authorized users of the following cryptocurrency account "wallets" reproduced below:
>
> 1. 0x3f5ce5fbfe3e9af397ldd833d26ba9b5c936f0be ("Wallet l").
> 2. 0Xfea5Ec99B2b55412655985c9333137Fe5e487F23 ("Wallet 2").
> 3. 0x5e3E6F420A8d34lfbF4583E8c46453l73c78f8E3 ("Wallet 3").
> 4. 0xffC35A9B54090C7C8293 lc02837Aff8b56BDfB21  ("Wallet 4").

   5. 0x81261 lb I cd734abade0879908aeld4383b21d4f7 ("Wallet 5").

(b) With respect to <u>Wallet 1</u>, all *Transaction details* whereby SNGLS Tokens received from <u>Wallets 2 - 5</u> were transferred or sold along with the *names, physical addresses, email addresses, phone numbers, copies of government issued identifications held on file, and other personally identifiable information and contact details* of the counterparty (or recipient wallet, as the case may be) of each such Transaction.

(c) With respect to <u>Wallet 1</u>: All documents and records containing the *names, physical addresses, email addresses, phone numbers, copies of government issued identifications held on file, and other personally identifiable information and contact details* of the recipient(s) of transfers of SNGLS Tokens, or proceeds from the sale or disposition of SNGLS Tokens, from <u>Wallet 1</u>, solely to the extent that such SNGLS Tokens in <u>Wallet 1</u> were received.

(d) With respect to <u>Wallet 2, Wallet 3, Wallet 4</u> and <u>Wallet 5</u>, all *Transaction details* for the following dates: May 5, 2021, through the date of YOUR response to this Subpoena, along with the *names, physical addresses, email addresses, phone numbers, copies of government issued identifications held on file, and other personally identifiable information and contact details* of the counterparty (or recipient wallet, as the case may be) of each such Transaction.

(e) Documents, records, and other information actively or passively collected by you, including but not limited to the name, email address, phone number, IP addresses, browser information and MAC information, associated with each *person* and / or *wallet* identified, and associated with each recipient of SNGLS Tokens - or proceeds from the sale of SNGLS Tokens - identified in a., b., c. and d., above.

Throughout October of 2021, Counsel for Plaintiff engaged in multiple telephone calls and email exchanges with Karen King of the law firm Morvillo Abramowitz Grand Iason & Anello PC, located at 555 5th Ave., New York, NY, to discuss the Subpoena. Ultimately, counsel for Binance indicated that it would be willing to provide information directly to the FBI, but that they Binance would not comply with the Subpoena ordered by this Court, citing "a bunch of internal policies and regulatory risk with disclosure." K. King Email, Exhibit 9. However, Binance did not oppose the Subpoena or file a motion to quash the Subpoena.

Counsel for Binance was informed, again by email, that the Binance Terms of Service contemplates the discretionary release of personally identifiable information to investigate a

crime or when required pursuant to a subpoena. Tenenbaum Email, Exhibit 10. In a later discussion with Ms. King, she reiterated that Binance would share information only with law enforcement officials and would not comply with the Subpoena. K. King Email, Exhibit 11.

As of this date, Binance has not provided materials responsive to Plaintiff's August 26, 2021, Subpoena.

## ARGUMENT

**A.  The Subpoena Seeks Only Relevant Documents That Can Be Obtained from No Other Source**

The information sought in the Subpoena is necessary because it is likely to identify the defendant and the location of the stolen cryptocurrency. Plaintiff own investigation and the investigation of Mr. Kevin E. Madura, Senior Vice President in the global cybersecurity practice group at AlixPartners, LLP ("Alix"), and an expert in cryptocurrency technology, provided the following statements regarding the hacking incident in his declaration in this case and again in the related case *SingularDTV GmbH v. LeBeau et al* also before this court: "I have been retained as an expert in this matter and have been asked to provide context regarding blockchain technology and my analyses of certain transactions related to SingularDTV GmbH and associated entities (ECF No. 26 at 2). "SingularDTV is investigating this sequence of events [the "Hack"] and has not ruled out the involvement of one or more company insiders, including LeBeau." *SingularDTV GmbH v. LeBeau*, 2022 WL 1082557 (S.D.N.Y. 2022) (Case No. 1:21-cv-10130, ECF 52 at 2; see ECF No. 1 at ¶ 28)

The information sought by this Subpoena is not available elsewhere. Only Binance has or is likely to have this information, which will put to rest three burning questions raised in the Complaint and accompanying litigation between two ownership factions of SingularDTV: (1) Were any SingularDTV insiders involved in the hacking incident and subsequent theft (a charge

4

raised by both factions), (2) who owns the cryptocurrency wallets that transacted the misappropriated Tokens, and (3) what happened to the proceeds from the hacking incident?

Prior to making this motion to compel, Plaintiff has attempted to find alternate avenues for obtaining the materials demanded in its Subpoena, including serving a third-party subpoena on Google. Binance is likely in possession of the information requested in the Subpoena and the disclosure of the requested materials by Binance will enable Plaintiff to identify the John Doe or lead to the discovery of parties involved in the hacking incident.

Federal Rule of Civil Procedure 45 "allows a party to serve a subpoena on a non-party for the production of documents." *Mackey v. IDT Energy, Inc.*, No. 19 Misc. 29, 2019 U.S. Dist. LEXIS 77101, 2019 WL 2004280, at *3 (S.D.N.Y. May 7, 2019); *see* Fed. R. Civ. P. 45(a). Motions to compel discovery are subject to a "two-step analytical framework": First, the moving party must demonstrate that the information sought is "discoverable"; second, once discoverability has been shown, "it is up to the responding party to justify curtailing discovery." *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15 Civ. 7488, 2017 U.S. Dist. LEXIS 139983, 2017 WL 3822883, at *4 (S.D.N.Y. Aug. 30, 2017) (quotation marks and alterations omitted) ("*In re Namenda*"). (*In re Novartis & Par Antitrust Litig.*, 2020 US Dist. LEXIS 106863, at *11-12 (SDNY June 18, 2020)).

The scope of what is properly discoverable is affixed by Federal Rule of Civil Procedure 26, which provides in pertinent part that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. FRCP 45 Committee Notes on Rules – 2015 Amendment at 12. Here, the information sought is beyond relevant; it is the only means Plaintiff has for discovering the identity of the Defendant. Without this information, Plaintiff will be challenged to litigate its claims. As of now, the Defendant is named "John Doe," and Binance, an international company with nearly unlimited resources, can easily comply with Singular's requests; according to its own Terms of Service, it should do so without having to be compelled. Binance Terms of Service. [1] *See generally*, Binance Terms of Service, Exhibit 1.

### B. Binance Is in Possession of the Requested Materials, thus Complying with the Subpoena Does Not Impose an Undue Burden

Binance should be compelled to fully answer the demands set forth in the Subpoena because this discovery is not unduly burdensome. FRCP Rule 45 explicitly contemplates the use of subpoenas in relation to non-parties and governs subpoenas served on a third party ... as well as motions to quash. It also limits demands to those documents that are "electronically stored, or tangible things in that person's possession, custody, or control" (FRCP Rule 45(a)(1)(A)(iii)) The Subpoena at issue requires Binance to provide only that information which it collects and holds pursuant to its own well established account opening procedures in this country and abroad.

It is undisputed that Binance collects personally identifiable information from its account holders. The Privacy Notice listed on Binance.com lists the personal information it collects and processes. That information includes – name, gender, date of birth, home address, phone number, nationality, device ID, a video recording of you, and transactional information.[2] Binance Privacy Notice, Exhibit 2a, at 2. Binance collects such detailed

---

[1] https://www.binance.com/en/terms
[2] https://www.binance.com/en/privacy

information from its users in order to "comply with our Know Your Customer ("KYC") obligations under applicable laws and regulations and Anti-Money Laundering laws and regulations." *Id.*

Binance, through counsel, clearly stated its position that it would not provide the materials demanded in Plaintiff's Subpoena, not because compliance would be burdensome, but because to do so would fall outside of its own internal policies (K. King Email, Exhibit 9), a position contradicted by the Binance Privacy Notice. That notice clearly reserves Binance's right to disclose personal information for various purposes, including to comply with legal obligations:

> We may share your information: (A) to comply with laws; (B) to cooperate with government investigations, including when we are compelled to do so by a subpoena, court order, or similar legal procedure; (C) to comply with one or more forms of "travel rules" that require our transmitting of your information to another financial institution; (D) when we believe in good faith that the disclosure of personal information is necessary to prevent physical harm or financial loss; (E) to report suspected illegal activity; or (F) to investigate violations of our Terms of Use or any other applicable policies. Binance Privacy Policy, Exhibit 2.

To determine whether a subpoena imposes an undue burden, courts consider factors such as relevance, necessity, breadth, time-period, particularity, and the actual burden of production. *In re Namenda, 2017* WL 4700367, at *2 (citations omitted). It is "the responsibility of the target of the subpoena to establish, with evidence and argument, that the discovery sought is unduly burdensome." *Id.*

In her email of October 14, 2021, Karen King, counsel to Binance, explained that "it is easier for [Binance] to disclose information if it is part of a law enforcement investigation request." (K. King Email, Exhibit 6) Later, on October 26, 2021, Ms. King further explained her client's position, writing in relevant part, "Binance is willing to provide information to law

7

enforcement directly." (K. King Email, Exhibit 9) These statements together suggest that (1) the requested materials is in the possession and control of Binance, and (2) it is easily accessible. These email communication of Ms. King indicate merely a *preference* for non-compliance, not the inability to comply.

Even if the information requested in the Subpoena is held by a subsidiary or affiliate of Binance Holdings Limited, applicable law gives this Court the discretion to compel an entity that is in control of documents to produce them. *See Aurelius Capital Partners, LP v. Republic of Argentina*, 07 Civ. 2715 (TPG), 9 (S.D.N.Y. Apr. 3, 2009) (requiring the production of information to the extent that it is within the control of a party in receipt of a subpoena, "regardless of where the information is physically located") quoting *United States v. First Nat'l City Bank*, 396 F.2d 897, 900–01 (2d Cir. 1968). "Control is defined as the legal right to obtain the documents required on demand." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.,* 233 F.R.D. 143, 145 (D.Del. 2005).

    C.    **Binance Has Not Moved to Quash the Subpoena**

An attorney "may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena." *Beruashvili v. Hobart Corp.*, No. CV 2005-1646, 2006 U.S. Dist. LEXIS 55065, 2006 WL 2289199, at *1 (E.D.N.Y. Aug. 8, 2006) (citing Fed. R. Civ. P. 45(a)(3)); *see also Beare v. Millington*, No. 07-CV-3391, 2010 U.S. Dist. LEXIS 2501, 2010 WL 234771, at *3 (E.D.N.Y. Jan. 13, 2010) ("Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena."). "Absent an improperly issued subpoena or an 'adequate excuse'

by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued." *Beruashvili*, 2010 U.S. Dist. LEXIS 2501, 2006 WL 2289199, at *1. Further, "[i]n the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness," *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975), unless the party challenges that it "has a sufficient privacy interest in the confidentiality of the records sought." *Dunkin' Donuts Franchised Restaurants LLC v. Grand Cent. Donuts, Inc.*, No. CV2007-4027, 2009 U.S. Dist. LEXIS 30486, 2009 WL 973363, at *1 (E.D.N.Y. Apr. 9, 2009). (*Zhang v Wen Mei, Inc.*, 2016 US Dist LEXIS 176784, at *36-37 (EDNY Dec. 21, 2016, No. 14-CV-1647 (JS)(SIL)))

      Under Rule 45(d)(2)(B), objections to a subpoena must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." The Second Circuit has held that objections to a subpoena for production and inspection must set forth all of its grounds for objection, including privilege grounds, within fourteen days of service of the subpoena so that discovery does not become a game. *DG Creditor Corp. v. Dabah*, 151 F.3d 75, 81 (2d Cir. 1998). "The fourteen-day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a waiver of such objections." *In re Corso*, 328 B.R. 375, 384 (E.D.N.Y. 2005). (*Top Jet Enters. v Kulowiec*, 2022 US Dist LEXIS 17314, at *11-12 (SDNY Jan. 31, 2022, No. 21-MC-789 (RA) (KHP)))

      Here, Binance was served on August 27, 2021, August 31, 2021, and August 30, 2021. Following service of the Subpoena, Binance engaged counsel, Ms. King, who contacted Plaintiff by email and telephone for the purpose of discussing Plaintiff's document demands. At that time, Ms. King could have moved to quash the Subpoena yet failed to do so even after being informed that Plaintiff intended to seek judicial intervention to compel Binance to release the requested

9

materials. Binance failed to provide any adequate excuse and at no time claimed any privilege which would prohibit Binance from complying with the properly issued and served Subpoena. *See* Fedex Tracking Information, Exhibit 12. Binance did not object to the Subpoena within the 14 days required by Rule 45(d)(2)(B), and thus should be compelled to produce the materials requested in the Subpoena.

## CONCLUSION

The motion to compel compliance should be granted, and Binance Holdings Limited should be ordered to produce the records sought in the duly authorized Subpoena of SingularDTV GmbH, Plaintiff.

Dated: May 6, 2022
New York, NY

MORRISON TENENBAUM PLLC

By: /s/ Jerald Tenenbaum
Jerald M. Tenenbaum
87 Walker Street, Second Flr.
New York, NY 10013
Tel.: (212) 620 0938
E-Mail: jerald@m-t-law.com

*Attorneys for Plaintiff*