UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**SINGULAR DTV GmbH,**

        *Plaintiff*,

v.

**JOHN DOE**,

        *Defendant*.

Civil Action No. 1:21-cv-06000-VEC

# DECLARATION OF JERALD TENENBAUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

I, JERALD TENENBAUM, Esq., pursuant to 28 U.S.C. § 1746 and Local Rule 6.1(d), hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am an attorney duly admitted to practice law in the State of New York. I am a member of the bar of the State of New York and am currently a partner and attorney with Morrison Tenenbaum, PLLC, located at 87 Walker Street, New York, New York 10013. I am counsel to Plaintiff SingularDTV, GmbH ("SingularDTV").

2. I make this declaration in support of Singular's Motion to Compel pursuant to Rule 45(e)(1)(D) of the Federal Rules of Civil Procedure, requesting an Order compelling BINANCE HOLDINGS LIMITED ("Binance") to produce requested documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material, information relevant to this action.

3. The statements in this Declaration are true to the best of my knowledge and belief.

4. Plaintiff commenced this action with the filing of its Complaint on July 13, 2021.

5. Defendant John Doe is alleged to have unlawfully hacked a computer system on Plaintiff's network and fraudulently obtained SNGLS token cryptocurrencies (the "Tokens") as a result of the hack and fraudulent misrepresentation. (See generally Compl.)

6. The information we are seeking relates to a hacking incident that occurred in early May, 2021, whereby the then General Counsel for Plaintiff, SingularDTV GmbH, a Swiss entity operating in the United, was hoodwinked by a hacker or group of hackers (the "John Doe") into authorizing a payment of $2,000,000 in cryptocurrency.

7. The hacking incident described in the complaint and the Affirmation of Carl Volz, (DKT #.   ) the general counsel who was hacked, began an onslaught of litigation between warring factions of the now non-operating SingularDTV GmbH, the plaintiff in this matter, and SingularDTV LLC, its US affiliate.

8. On July 20, 2021, Plaintiff filed its motion for leave to serve a third-party subpoena (Dkt. #2 (Pl. Mem.")), and the supporting declaration and exhibits attached thereto (Dkt. # 3 - 5). Plaintiff's motion requested leave to serve a third-party subpoena on Google LLC ("Google") and Binance Holdings Limited ("Binance") in advance of an answer in order to identify Defendant.

9. On August 16, 2021, this Court granted Plaintiff's request to serve a third-party subpoena on Binance.

10. A true and correct copy of Binance's Terms of Service as of May 6, 2022, is attached hereto as **Exhibit 1**.

11. A true and correct copy of Binance's Privacy Notice as of May 6, 2022, is attached hereto as **Exhibit 2-2(a)**.

12. A true and correct copy of an October 7, 2021, email from Karen King (counsel for

Binance) of Morvillo Abramowitz Grand Iason & Anello PC to emailed me requesting we set up a call to discuss the served Subpoena is attached hereto as **Exhibit 3**.

13. A true and correct copy of an October 13, 2021, email from Karen King to me stating Binance was "wondering if there is a police report filed by your client," and requested a copy if there was a police report is attached hereto as **Exhibit 4**.

14. A true and correct copy of an October 14, 2021, email between me and Ms. King, notifying her that I believe a cybercrime report was filed and asking the relevance is attached hereto as **Exhibit 5**.

15. A true and correct copy of Ms. King email response that it is "easier for [Binance] to disclose information if it is part of a law enforcement investigation or request" and following up with her request for information regarding the cybercrime report is attached hereto as **Exhibit 6**.

16. I was informed on a call with the FBI on October 21, 2021, that the cybercrime unit does not accept phone calls and the only way to obtain the status of an ongoing investigation is to visit the FBI's New. York field office.

17. A true and correct copy of my email to Ms. King, dated October 14, 2021, where I confirmed that a cybercrime claim was filed with the FBI immediately following the incident that is the basis of the Complaint and also notified Ms. King about this action (although the subpoena already served that purpose) to recover stolen cryptocurrency and the fact that this Court granted our request for pre-answer discovery in order to identify the identity of Defendant John Doe is attached hereto as **Exhibit 7**.

18. A true and correct copy of my follow up email to Ms. King on October 20, 2021, asking if there has been any progress locating the information requested in the subpoena is attached

hereto as **Exhibit 8**.

19. A true and correct copy of an October 26, 2021, email from Ms. King stating that she finally heard back from her client and that they are only willing to provide information directly to the FBI due to "a bunch of internal policies and regulatory risk with disclosure" is attached hereto as **Exhibit 9**.

20. A true and correct copy of an October 27, 2021, email to Ms. King where I inform her that this is a civil case and that we will seek judicial intervention to obtain the full scope of our demand based on Binance's unwillingness to cooperate with the properly served Subpoena is attached hereto as **Exhibit 10**.

21. A true and correct copy of a November 2, 202 email exchange between me and Ms. King is attached hereto as **Exhibit 11**.

22. On that same day we had a phone conversation and further discussed Binance's unwillingness to comply with the Subpoena. In sum and substance, Binance reiterated its position of only sharing information with law enforcement officials.

23. A true and correct copy of FedEx tracking information for service is annexed hereto as **Exhibit 12**.

24. The information sought by this subpoena is critical to the issue of identifying Defendant and locating the stolen cryptocurrency.

25. No prior request has been made for the relief requested herein.

26. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 6, 2022
New York, New York

Jerald Tenenbaum, Esq.