# MORRISON TENENBAUM

MORRISON-TENENBAUM PLLC, ATTORNEYS-AT-LAW M-T-LAW.COM
87 WALKER STREET   2ND FLOOR   NEW YORK   NY   10013
PHONE 212.620.0938   FAX 646.998.1972

June 7, 2022

**VIA ECF**
The Honorable Judge Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

                **Re.: *SingularDTV GmbH v. Doe*, Case No. 1:21-cv-06000-VEC**
                     **Status Update**

Dear Judge Caproni:

      We represent Plaintiff SingularDTV GmbH in this matter. Your Honor has ordered counsel to provide regular status reports by the 15th of each month. However there have been a number of recent developments that we wish to bring to the Court's attention in advance of next Wednesday. This letter addresses the following matters:

    A.  Withdrawal of our Motion to Compel Binance Holdings Limited to comply with our subpoena for documents and information served on August 26, 2021.

    B.  Kobre & Kim's objections to all fourteen of Plaintiff's demand for documents and information related to the May 2020 hacking incident and theft perpetrated against Plaintiff.

    C.  Patrick Allenspach's objection and non-compliance, through SingularDTV Swiss counsel, citing improper service.

    D.  Our request for fees incurred in opposing Kobre & Kim's *Motion to Intervene* in this case (Dkt. Nos. 11-39), including without limitation fees incurred objecting to the Motion to Intervene, attending the February 25, 2022, hearing to argue against the later-withdrawn Motion, and responding to Kobre & Kim's subsequent letter-writing campaign.

        **I.**    **Withdrawal of Motion to Compel Binance Holdings Limited**

      In our May 31, 2022 letter we informed the court that our office has been in regular contact with counsel for Binance Holdings Limited following our Motion to Compel, so ordered by Your Honor on May 9, 2022 (Docket No. 47). We are pleased to report that we are making

*SingularDTV GmbH v. Doe*
1:21-cv-06000-VEC
June 7, 2022
Page 2

headway with Binance Holdings Limited and request leave to withdraw our Motion to Compel, without prejudice. We are simultaneously withdrawing our August 26, 2021, subpoena. We anticipate that Binance Holdings Limited will be valuable partner in assisting Plaintiff to root out the perpetrator of the hacking incident.

Kobre & Kim's previous position that obtaining the cooperation of Binance Holdings Limited would be "highly unlikely to yield any recovery for the Company," is more properly descriptive of Kobre & Kim's own actions to shield potentially relevant information in this case from our mutual client.

*Accordingly, SingularDTV GmbH has chosen to withdraw its Motion to Compel against Binance Holdings Limited, without prejudice.*

**II.     Kobre & Kim Has Refused to Comply with Our Subpoena For Information Related to the Hacking Incident.**

On May 14, 2022, Morrison Tenenbaum PLLC served its first subpoena on Kobre & Kim. Our first subpoena seeks the following information related to the May 2021 hacking incident and the transfer of SingularDTV assets to a yet unknown third party following therefrom:[1]

    a. All Communications with AlixPartners;
    b. All Communications with Patrik Allenspach;
    c. All Communications with Joseph Lubin;
    d. All Communications with Arie Levy Cohen;
    e. All Communications with Matthew Corva;
    f. All Communications with SingularDTV GmbH;
    g. All internal Communications of Kobre & Kim concerning any investigation;
    h. All Documents, records and information produced by Kobre & Kim concerning any investigation;
    i. All Documents, records and information provided to Kobre & Kim concerning any investigation;
    j. All Documents, records and information produced or provided by any Person acting for, in concert with or on behalf of Kobre & Kim;
    k. All reports, findings and analyses, including all drafts thereof;
    l. The names of all Persons employed or engaged by Kobre & Kim who produced, reviewed or analyzed Documents, records or information concerning any investigation;
    m. Documents, records and information reviewed by Kobre & Kim to investigate the Alleged Hack; and
    n. Documents, records and information concerning Binance Holdings Limited.

---

[1] Capitalized terms are defined in the subpoena.

*SingularDTV GmbH v. Doe*
1:21-cv-06000-VEC
June 7, 2022
Page 3

On May 31, 2022, Kobre & Kim submitted Responses and Objections, predictably refusing to turn over any information whatsoever. Kobre & Kim also informed Plaintiff that they would be moving to quash the subpoena altogether. It appears that Kobre & Kim is in the irreconcilable position both abdicating control over this litigation to our firm (having withdrawn its Motion to Intervene) and refusing to cooperate with us in the prosecution of this case for our mutual client. It is ironic (if not hypocritical) that Kobre & Kim is continuing to aggressively pursue advance discovery against Mr. LeBeau in related matter *SingularDTV GmbH v. LeBeau, et al.*, No. 1:21-cv-10130; yet in this matter, where there appears to be an alignment of interests, they refuse to provide a shred of relevant material unless compelled to do so through costly and time-consuming motion practice.

We respectfully request that the Court order Kobre & Kim to conduct at least a cursory review of its files to determine if they are in possession of any information belonging to our mutual client that might prove useful to this litigation, without a waiver of its rights.

### III. Patrick Allenspach Has Refused to Acknowledge Service or to Provid Responsive Materials.

Our office received a letter by e-mail from Mr. Michael Mraz, Partner at Wenger Vieli AG, ("Mr. Mraz") objecting to service of our subpoena on Mr. Allenspach. Mr. Mraz asserts that his firm serves as Swiss local counsel to the Plaintiff in this case, under the direction of Mr. Allenspach.[2] The letter goes on to object to the method of service on Mr. Allenspach by express courier to the official address of SingularDTV GmbH in Zug, Switzerland. Clearly method of service should not be an issue here.

The subpoena served on Mr. Allenspach demands that he, in his capacity as a representative of the Plaintiff in this case, turn over documents and information to legal counsel for the company he purports to represent as "the local representative and signatory". With the Motion to Intervene now abandoned by Kobre & Kim, Morrison Tenenbaum PLLC represents the Plaintiff in this matter, and Mr. Allenspach should be made to provide the requested documents whether or not he personally agrees that Morrison Tenenbaum PLLC is counsel for SingularDTV GmbH. There can be no question of service where the Plaintiff and the party on whom the demand has been served are one in the same.

### IV. Kobre & Kim Should Be Responsible for Morrison Tenenbaum PLLC's Fees Incurred Defending the Motion to Intervene

Kobre & Kim sought to take over this matter on November 29, of 2021. They gave up that effort in March of this year when it became clear that Kobre & Kim would not be able to shield Joseph Lubin and Arie Levy Cohen from discovery. This case and our investigation were stopped cold for those months. Now that we have been authorized to continue to pursue the case,

---

[2] That letter was addressed and directed to Your Honor, but there is no indication that it was electronically filed on the docket or otherwise filed with the Court.

*SingularDTV GmbH v. Doe*
1:21-cv-06000-VEC
June 7, 2022
Page 4

Kobre & Kim is trying once again to stymie our investigative efforts, this time by refusing to provide documents relating to its own investigation into the hacking incident and theft of assets. Kobre & Kim have wasted dozens of hours of our time (and the Court's) by seeking to intervene, then arguing that a hearing on the Motion to Intervene would be necessary (see, appearance transcript, February 25, 2022 p.30 @ 25, p. 31 @ 1-2) ("I don't think there is a way for the Court to avoid making some sort of determination...")), and ultimately refusing to collaborate on a discovery schedule before withdrawing its motion.

   The withdrawal of the Motion to Intervene is an acknowledgment (be it an unwilling one) that Morrison Tenenbaum PLLC represents SingularDTV as plaintiff in this matter. Yet Kobre & Kim has refused to provide us with the fruits of its investigation into the subject hack. Because of Kobre & Kim's wasteful and unnecessarily combative tactics, SingularDTV respectfully submits that it is also appropriate for the Court to order that the faction of SingularDTV GmbH represented by Kobre & Kim be directed pay the cost and fees of Morrison Tenenbaum PLLC in researching and drafting our opposition to the Motion to Intervene, our time preparing for the February 25, 2022 hearing before Your Honor, and our time attempting to negotiate a discovery schedule ordered by the Court, as well as our costs associated with this letter.

   We thank the court for its attention to these matters.

               Respectfully submitted,

               **MORRISON TENENBAUM PLLC**

By: _____

               Jerald Tenenbaum
               87 Walker Street, Second Floor
               New York, New York 10013
               Telephone: (212) 620-0938
               E-Mail: Jerald@m-t-law.com