# KOBRE & KIM

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM
TEL +1 212 488 1200

June 13, 2022

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

     **RE:**     *SingularDTV GmbH v. Doe*, No. 1:21-cv-06000 (VEC)

Dear Judge Caproni:

On behalf of non-party subpoena recipient Kobre & Kim in the above captioned action, we respectfully write concerning Mr. Jerald Tenenbaum's (of Morrison Tenenbaum PLLC) Status Report dated June 7, 2022 (Dkt. 55; the "Status Report") and the Court's Order dated June 8, 2022 (Dkt. 56, the "June 8 Order"). While Mr. Tenenbaum's Status Report was not a motion and does not call for a point-by-point response from Kobre & Kim at this time, we write now briefly and only as needed to (a) share a copy of the letter from Mr. Mraz that Mr. Tenenbaum's Status Report withheld and mischaracterized; and (b) correct Mr. Tenenbaum's earlier assertion as to Kobre & Kim's service date (and, as a result, the due date for Kobre & Kim's motion to quash).

**<u>Mr. Tenenbaum Fails (Again) to Explain his Improper Attempt to Bypass the Appropriate Channels for Gathering Evidence in a Foreign Country</u>**

Section III of the Status Report refers to a "letter by e-mail from Mr. Michael Mraz, Partner at Wenger Vieli AG" that was addressed and directed to this Court. (Dkt. 55 at 3.) Apparently wanting to shield that letter's contents from the Court, Mr. Tenenbaum decided not to exhibit that letter for the Court's reference, despite Mr. Mraz's request that he do so. Kobre & Kim was copied on that letter and, consistent with Mr. Mraz's stated request in that letter, we attach it here. (Exhibit A.)

Notably, Mr. Mraz, a Swiss lawyer, makes two important points about Mr. Tenenbaum's improper attempt to serve Mr. Patrik Allenspach in Switzerland that Mr. Tenenbaum failed to mention. *First,* Mr. Mraz explains why, under Swiss law, the subpoena must be served via the Hague Service Convention to be valid in these circumstances. (Exhibit A at 2.) *Second,* he underscores that if Mr. Allenspach were to produce documents under the subpoena directed at him "in the form it has been transmitted to him," he "would expose himself to criminal prosecution in Switzerland." (*Id.*)

**AMERICAS** (NEW YORK, CHICAGO, DELAWARE, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
**APAC** (HONG KONG, SEOUL, SHANGHAI), **CARIBBEAN** (BVI, CAYMAN ISLANDS), **EMEA** (CYPRUS, DUBAI, LONDON, TEL AVIV)

KOBRE & KIM REFERS TO KOBRE & KIM LLP, A NEW YORK LIMITED LIABILITY PARTNERSHIP.

June 13, 2022
Page 2

We note that Mr. Mraz's letter is consistent with the Court's prior Order in this matter denying Mr. Tenenbaum's request to serve Mr. Mraz in Switzerland, in which Your Honor states that Mr. Tenenbaum "offers no explanation why a subpoena would be the appropriate process through which to obtain…documents in a foreign country (as opposed to letters rogatory or a similar process)." (Dkt. 41 at 3.)  In the Status Report, Mr. Tenenbaum ignores Your Honor's direction and again fails to provide any such explanation.  To the extent Mr. Tenenbaum asserts that such international service requirements do not apply "where the Plaintiff and the party on whom the demand has been served are one in the same," (Dkt. 55 at 3) he again does not provide any explanation or authority for this view.[1]

## Mr. Tenenbaum Served Kobre & Kim with a Subpoena by Email on May 16, which, under the Court's May 9 Order, Sets the Motion to Quash Deadline as June 15, 2022

Regarding the subpoena served on Kobre & Kim, contrary to Mr. Tenenbaum's Affidavit of Service (Dkt. 51), he did not serve Kobre & Kim with the subpoena by electronic mail on May 14, 2022.  Indeed, Mr. Tenenbaum acknowledged this error to us in the attached email, which explains that the actual service date by electronic mail was May 16, 2022.  (*See* email with associated excerpted cover letter to subpoena at Exhibit B.)  As the Court noted in its June 8 Order, citing its May 9 Order (Dkt. 48), Kobre & Kim has 30 days from the service date of the subpoena to move to quash it.  Accordingly, under the Court's June 8 Order, the deadline for Kobre & Kim to move to quash the subpoena is June *15*, 2022, and we anticipate filing our motion consistent with that timeline unless the Court wishes Kobre & Kim to proceed differently.[2]

\*     \*     \*

Kobre & Kim reserves its right to further address these, or any other matters raised in Mr. Tenenbaum's Status Report. We appreciate the Court's attention to this matter and are available to discuss these issues at the Court's convenience.

---

[1] In addition, it is not conceded that Mr. Tenenbaum represents SingularDTV GmbH (the "Company") of whom Mr. Allenspach is its representative and Resident Signatory.  Kobre & Kim disagrees with Morrison-Tenenbaum's assertion in the Status Report that by withdrawing its motion to intervene in this action, Kobre & Kim and/or the Company have implicitly acknowledged that Tenenbaum represents the Company. (Dkt. 55 at 4.)  To the contrary, in a letter to the Court at the time of withdrawal, we unequivocally stated that "Morrison-Tenenbaum lacks authority to continue purporting to represent the Company in the *Doe* Action.  The Company does not consent to Morrison-Tenenbaum's purported representation…." (Dkt. 36 at 2.)

[2] Similarly, we understand that Mr. Tenenbaum withdrew his subpoena against Kevin Madura with no response required, and issued a new subpoena against Mr. Madura's firm, AlixPartners, which was served on May 31, 2022 (Dkt. 54).  We further understand that AlixPartners intends to respond to that subpoena based on that May 31 service date and consistent with the Court's May 9 Order, unless the Court wishes it to proceed differently.

June 13, 2022
Page 3

Respectfully submitted,

*/s/ Josef A. Klazen*_____
Josef M. Klazen
Benjamin J.A. Sauter
Calvin K. Koo
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022

Encls.