# EXHIBIT A



Wenger Vieli Ltd.
Dufourstrasse 56
P.O. Box
8034 Zurich

**Michael Mráz ***

**VIA E-MAIL (to Jerald M. Tenenbaum)**
Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

+41 58 958 53 18
m.mraz@
wengervieli.ch

CHE-100.791.342 MWST

MMR

*SingularDTV GmbH v. John Doe*, No. 21-cv-6000
Subpoena to Patrik Allenspach of 14 May 2022

31 May 2022

Dear Judge Caproni:

I am partner with Wenger Vieli Ltd., a Swiss-based law firm. Our firm is advising and representing SingularDTV GmbH (Zug, Switzerland) in Switzerland. We are being instructed mainly by Mr Patrik Allenspach, the local representative and signatory of SingularDTV GmbH.

We are respectfully writing to you regarding an order (subpoena issued by the Plaintiff) dated 14 May 2022 in the above-mentioned matter. This order was sent, by e-mail, by Mr Jerald Tenenbaum, from the e-mail address UmmeR@m-t-law.com, to Mr Allenspach (to the e-mail address patrik.allenspach@palpro.ch) on Monday 16 May 2022, followed by a physical transmission via FedEx a couple of days later. Mr Tenenbaum purports to be the legal representative of SingularDTV GmbH in the above-mentioned matter.[1]

From the content of the e-mail and the attached order (subpoena), it is clear that Mr Tenenbaum seeks SingularDTV GmbH's documents. Mr Allenspach has asked us for advice and authorised us to transmit the below information to you.

This letter is sent to you via the same communication channel that was used by Mr Tenenbaum for transmitting the order (subpoena) on 16 May 2022. We request and expect that Mr Tenenbaum will transmit this letter to you.

---

[1] SingularDTV GmbH disputes and disavows Mr Tenenbaum's authority to act for the company. Indeed, the subpoena itself is objectionable to the extent that it purports to request the production of documents to SingularDTV GmbH that are already in SingularDTV GmbH's possession and control. Nevertheless, for the purposes of this letter, we raise issues with the order (subpoena) based on other reasons (but reserve all rights).

The order (subpoena) of 14 May 2022 "commands" Mr Allenspach to produce a number of documents, information and/or objects to Morrison Tenenbaum PLLC by 23 June 2022, 10am. Pursuant to the explanations on the back side of the order (subpoena), under Federal Rule of Civil Procedure 45, a court "*may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena*".

The present order (subpoena) requires Mr Allenspach to produce evidence for an on-going civil matter before your court in New York. Under Swiss law, such a request, in order to be valid and binding, must (a) emanate from the competent court (which appears to be the case here), and (b) be served upon the person from whom the information is sought pursuant to the applicable rules of the *Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters* (HCCH 1965 Service Convention) to which both Switzerland and the United States of America are parties.

A private individual's (here: the purported representative of SingularDTV GmbH, Mr Tenenbaum) attempted service upon a person in Switzerland of an order of a foreign court by simple e-mail and/or courier is not permitted and thus not valid under the above-mentioned Hague Service Convention and Swiss law.

Moreover, and independently from the above, Swiss law (specifically: Article 271 of the Swiss Criminal Code) prohibits the performance of acts of governmental nature on Swiss territory without permission on behalf of a foreign government. Since, under Swiss law, the gathering of evidence for a foreign (civil) procedure in the form of testimonies or orders to produce documents is an act of governmental nature – more specifically an act performed by a judicial authority – the performance of such act by a private individual amounts to a criminal offence. Thus, Mr Allenspach would expose himself to criminal prosecution in Switzerland if he followed the order (subpoena) dated 14 May 2022.

For these reasons, we respectfully state that Mr Allenspach is neither obligated, nor in a position to disclose any documents under the order (subpoena) in the form as it has been transmitted to him on 16 May 2022.  Moreover, SingularDTV GmbH does not authorize him to do so under the circumstances.  SingularDTV GmbH and Mr Allenspach also reserve all rights to respond, object, or otherwise move to quash the order (subpoena), as well as take any other appropriate action under relevant laws, if proper service is eventually effected.

Yours faithfully,



Michael Mraz, Partner, Wenger Vieli AG
31.05.2022

Qualifizierte elektronische Signatur · Schweizer Recht
Signiert auf Skribble.com

cc:  All counsel of record
   Jerald Tenenbaum, Morrison-Tenenbaum, PLLC (jerald@m-t-law.com)
   Benjamin Sauter, Kobre & Kim LLP (benjamin.sauter@kobrekim.com)