## MORRISON TENENBAUM

MORRISON-TENENBAUM PLLC, ATTORNEYS-AT-LAW M-T-LAW.COM
87 WALKER STREET 2ND FLOOR NEW YORK NY 10013
PHONE 212.620.0938 FAX 646.998.1972

May 13, 2022

VIA FEDEX

Kobre & Kim LLP
Attn: Benjamin Sauter
800 Third Avenue
New York, NY 10022

Re:   SingularDTV GmbH v. Doe

Dear Mr. Sauter,

Please find enclosed our demand for documents and information on behalf of SingularDTV GmbH in connection with the above referenced action. A subpoena and supporting documents are being served upon you pursuant to an order of the Honorable Judge Valerie E. Caproni of the Southern District Court of New York. Should you have any questions about this letter or any enclosure, please contact me at +1 (212) 620-0938 or by email at jerald@m-t-law.com.

For your convenience, we have also enclosed a copy of the document demands on Mr. Patrik Allenspach in his various capacities as a representative of SingularDTV GmbH.

Sincerely,

Jerald M. Tenenbaum,
Morrison Tenenbaum, PLLC

Encl.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SINGULARDTV GmbH,
                                    :
                                    :
                    Plaintiff,      :
                                    :
        -against-                   :
                                    :       21-CV-6000 (VEC)
                                    :
JOHN DOE,                           :            ORDER
                                    :
                    Defendant.      :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/9/22

VALERIE CAPRONI, United States District Judge:

WHEREAS Plaintiff requests leave to file third-party subpoenas pursuant to Federal Rule of Civil Procedure 45 on Kevin Madura, Patrik Allenspach, and Kobre & Kim, see Dkt. 42;

IT IS HEREBY ORDERED that Plaintiff may immediately serve Rule 45 subpoenas on Kevin Madura, Patrik Allenspach, and Kobre & Kim for the documents described in its letter request.

IT IS FURTHER ORDERED that Mr. Madura, Mr. Allenspach, and Kobre & Kim will have **30 days** from the date of service of the Rule 45 subpoenas to move to quash the subpoenas.

IT IS FURTHER ORDERED that if that 30-day period lapses without Mr. Madura, Mr. Allenspach, or Kobre & Kim contesting the subpoenas, they shall have **10 days** to produce the information responsive to the subpoenas to Plaintiff.

IT IS FURTHER ORDERED that Plaintiff must serve this order with each subpoena and post proof of service on the Docket.

SO ORDERED.

Date: May 9, 2022
New York, New York

VALERIE CAPRONI
United States District Judge

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| SingularDTV GmbH | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-06000-VEC |
| John Doe | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Kobre & Kim LLP, Attn. Benjamin Sauter
800 Third Avenue, New York, NY 10022

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

You are to comply with this subpoena pursuant to the terms set forth in the Order attached hereto as Attachment A.

| Place: MORRISON TENENBAUM PLLC<br>87 Walker Street<br>New York, NY 10013 | Date and Time:<br>06/23/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/14/2022

CLERK OF COURT

_____   OR   _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plantiff, SingularDTV, GmbH, who issues or requests this subpoena, are:
Morrison Tenenbaum PLLC, 87 Walker Street, New York, NY 10013, email: jerald@m-t-law.com; Tel: 212-620-0938

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK
-------------------------------------------------------------X
**SINGULARDTV, GmbH,**                              :
                                                    :
                                                    :   **INFORMATION SUBPOENA**
         *Plaintiff,*         :
                                                    :   Civil Action No,: 1:21-cv-06000-VEC
                                                    :   Hon. Valerie E. Caproni
                                                    :
    -against-                              :
                                                    :
                                                    :
                                                    :
**JOHN DOE,**                                       :
                                                    :
         *Defendant.*        :
-------------------------------------------------------------X

To:        KOBRE & KIM LLP
Address:   Attn: Michael S. Kim / Ben Sauter
           800 Third Avenue
           New York, NY 10022
           Telephone: (212) 488- 1200


**YOU ARE HEREBY COMMANDED TO PRODUCE,** and permit inspection and copying, of all documents and things in your possession, custody, or control that are listed in **Exhibit A** hereto, to the offices of Morrison Tenenbaum PLLC, 87 Walker Street, New York, NY, 10013, by Certified Mail, Return Receipt Requested, addressed to the attention of Jerald M. Tenenbaum, Esq., or to an electronic repository to be agreed upon by the parties and notified to you, not later than 40 days from the date of this notice in connection with the above-captioned case pending in the United States District Court for the Southern District of New York, Civil Action No. 1:21-cv-06000-VEC.

## APPENDIX A

## **GENERAL DEFINITIONS**

1. "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of this request any DOCUMENTS which would otherwise not be brought within its scope. AND shall include "ANY and ALL."

2. "ANY" and "ALL" shall both be interpreted in the most inclusive light.

3. "COMMUNICATION" means any conversation, discussion, letter, email, memorandum, meeting, note or other transmittal of information or message, whether transmitted in writing, orally, electronically or by any other means, and shall include any Document that abstracts, digests, transcribes, records or reflects any of the foregoing. Except where otherwise stated, a request for "COMMUNICATIONS" means a request for all such Communications.

4. "CONCERNING" means, directly or indirectly, in whole or in part, relating to, referring to, describing, evidencing or constituting.

5. "CUSTODIAN" means any Person that, as of the date of this Subpoena, maintained, possessed or otherwise kept or controlled such Document.

6. "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), encompassing any designated Documents or electronically stored information ("ESI") — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. Any information contained in any magnetic or optical storage media is expressly included within the definition of "DOCUMENT." A draft or non-identical copy is a separate Document within the meaning of this term. "DOCUMENT" includes the original Document (or a copy thereof if the original is not available), or drafts of any written, printed, typed, recorded or graphic matter of any kind or description, however produced or reproduced, or any copy thereof which differs in any way from the original, including but not limited to notations, underlining or marking, whether or not in Your possession, custody or control. "DOCUMENT" includes, but is not limited to, documentation, annual reports, books, bulletins, circulars, written Communications, correspondence, letters, charts, checks, contracts, brochures, pamphlets, periodicals, proposals, agreements, promotional literature, sales aids, bills, invoices, orders, diaries, calendars, appointment books, studies, summaries, memoranda, reports, reviews, notes, notebooks, telegrams, telecopies, manuals, policy statements, ledgers, journals, accounting or other work papers, audit reports, income and expense statements, balance sheets, computer printouts, resumes, time edits, time edit summaries, electromagnetically recorded data, discs, graphs, drawings, claims, complaints, petitions, tickets, ticket stubs, applications, evaluations, expense reports, personnel files, employee evaluations, quotas, spreadsheets, employment records,

termination notices, employment applications, logs, forecasts, credit card receipts, minutes, resolution, notations, messages, intra-office and intra-company memoranda, files, calculations, spreadsheets, subcontracts, tapes or other recordings, telegrams, pay or salary stubs or receipts, W-2 forms and other tax forms, and federal and state tax returns.

7. "ELECTRONIC DATA" means all information of all kinds maintained by electronic or computer processing systems including all non-identical copies of such information. Electronic Data includes, but is not limited to, computer programs (whether private, commercial, complete, or work-in-progress), programming notes or instructions, input and/or output used or produced by any program or utility (including electronic mail messages and all information referencing or relating to such messages anywhere on the computer system), word processing Documents and all information stored in connection with such Documents, electronic spreadsheets, databases including all records, fields and structural information, charts, graphs and outlines, arrays of information, and all other information used or produced by any software, operating systems, source code of all types, programming languages, linkers and compilers, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said Electronic Data consists of an active file, deleted file or file fragment. ELECTRONIC DATA includes any and all information stored in computer memories, hard disks, floppy disks, CD-ROM drives, USB drives, flash media devices of all types and their equivalent, magnetic tape of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal. The term ELECTRONIC DATA also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with the information described above.

8. "EACH" means each and every.

9. The term "INCLUDING" as used herein is illustrative and is in no way a limitation on the information requested.

10. "PERSON" OR "PERSONS" means, without limitation, any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, limited liability company (LLC), doing business as (DBA), or other legal, business or governmental entity.

11. "REGARDING" or "RELATING" or "RELATED" shall be construed in the broadest sense and shall mean and include: concerning, alluding to, responding to, referring to, connected with, commenting on, summarizing, with respect to, pertaining to, about, regarding, relating to, discussing, involving, showing, describing, reflecting, analyzing, evidencing, comprising, constituting, containing, embodying, mentioning, consisting of or otherwise relating to the subject matter.

## **PARTICULAR DEFINITIONS**

1. The terms "YOU," "YOUR," and "KOBRE & KIM" as used herein means and includes in your capacity as (a) counsel for SINGULARDTV GMBH in the action captioned *SingularDTV v. LeBeau et al.* Case No. 1:2021cv10130 (VEC); (b) as counsel for SINGULARDTV GMBH in connection with the Motion to Intervene filed by KOBRE & KIM in this action (since withdrawn); and (c) such other positions and/or roles you may hold in connection with SINGULARDTV GMBH or any of its owners, officers or directors.

2. "ALIXPARTNERS" means AlixPartners, LLP a Delaware Limited Partnership having a registered office in the state of Delaware at Corporation Trust Center, 1209 Orange St. Wilmington, DE 19801, Attn: The Corporation Trust Company, qualified to do business as Foreign Limited Liability Company in the State of New York, with an address for Service of Process C/o C T Corporation System, 28 Liberty St., New York, NY 10005, along with any of its subsidiaries and affiliates that is the Custodian of Documents, records and/or information related to any Cyber Incident or cryptocurrency transactions, to the extent any such Cyber Incident or cryptocurrency transactions may be related to (a) SINGULARDTV GMBH or (b) entities associated with SINGULARDTV GMBH.

3. "ALLEGED HACK" means the CYBER INCIDENT that is the subject of the action captioned *SingularDTV v. John Doe*, Case No. 1:21-cv-6000-VEC, filed in the Southern District Court of New York on July 13, 2021.

4. "CYBER INCIDENT" means the ALLEGED HACK and any other event occurring on or conducted through a computer network that actually or imminently jeopardized the integrity, confidentiality, or availability of information or communications systems, or information resident thereon, utilized by PLAINTIFF. "CYBER INCIDENT" includes a vulnerability in information or communication systems, system security procedures, internal controls, or implementations that could be exploited by a threat source that affect or control infrastructure or communications networks utilized by PLAINTIFF.

5. "KOBRE & KIM" means Kobre & Kim LLC a New York Professional Service Limited Liability Company with an address for service of process at 800 Third Avenue, New York, NY 10022, Attn: Michael S. Kim.

6. "SINGULARDTV GMBH" is a private a *Gesellschaft mit beschränkter Haftung* (or "GmbH") organized under Swiss law and headquartered in the Canton of Zug, Switzerland.

7. "SNGLS TOKENS" as used herein are localized cryptocurrency issued by SINGULARDTV GMBH.

8. "PLAINTIFF" as used herein means and includes Plaintiff, SINGULARDTV GMBH, and its employees, independent contractors, agents, representatives, subsidiaries and affiliates and/or ANY PERSON on their behalf.

## INSTRUCTIONS

1. Pursuant to Fed. R. Civ. Proc. R. 45, you must produce the below-enumerated categories of Documents, including tangible items of any nature which are now or have at any time been within your possession, custody, or control. In lieu of producing the original Documents and things, you may provide a legible copy to Plaintiff's counsel at MORRISON TENENBAUM, PLLC, 87 Walker Street, Second Floor, New York, NY 10024, Attn: Jerald M. Tenenbaum, Esq., or to an electronic repository to be agreed upon by the parties and notified to you, within the time permitted by law. By permitting you to provide legible copies in lieu of originals, Plaintiff reserves the right to request the inspection of any original document or tangible thing at any time and place that is mutually convenient.

2. Each Document produced pursuant to this Request shall be produced as it was kept in the usual course of business and shall be identified at such production according to the number of the request to which it corresponds. Each Document shall be produced in its original file folder, or, in lieu thereof, any writing on the file folder from which each such document is taken and shall be copied and appended to such document.

3. For each Document produced, identify the Person for whom, or the department, division, or office for which, such Document is maintained.

4. Electronic Documents and computerized information shall be produced in an intelligible electronic format or together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

5. Identify all Documents requested hereby that were at any time in your possession, custody, or control and have since been destroyed by stating a description of the Document and identifying the names and titles of any Person involved in or with knowledge of the destruction.

6. If you object to a request as unduly burdensome or overly broad, you shall answer those portions of the request which are unobjectionable and state specifically in what respect the request is objectionable.

7. If you withhold or redact any Document responsive to this Subpoena on ground of privilege or other legal doctrine, you shall submit with the Documents produced a statement in writing under oath stating: (a) the document control number(s) of the Document withheld or redacted; (b) the type of Document; (c) the date of the Document; (d) the author(s) and recipients of the Document; (e) the general subject matter of the Document; and (f) the legal ground for withholding or redacting the Document. If the legal ground for withholding or redacting the Document is attorney-client privilege, you shall indicate the name of the attorney(s) whose legal advice is sought or provided in the Document.

**DEMAND FOR PRODUCTION OF DOCUMENTS**

Kobre & Kim is hereby authorized and ordered expeditiously to disclose certain information (1) related any Cyber Incident, including without limitation the Alleged Hack, and (2) concerning any transaction of SingularDTV GmbH assets related to any Cyber Incident, including without limitation any transfers of SNGLS Tokens related to the Alleged Hack.

Such identifying information shall include, if possessed by Kobre & Kim:

a. All Communications with AlixPartners;

b. All Communications with Patrik Allenspach;

c. All Communications with Joseph Lubin;

d. All Communications with Arie Levy Cohen;

e. All Communications with Matthew Corva;

f. All Communications with SingularDTV GmbH;

g. All internal Communications of Kobre & Kim concerning any investigation;

h. All Documents, records and information produced by Kobre & Kim concerning any investigation;

i. All Documents, records and information provided to Kobre & Kim concerning any investigation;

j. All Documents, records and information produced or provided by any Person acting for, in concert with or on behalf of Kobre & Kim;

k. All reports, findings and analyses, including all drafts thereof;

l. The names of all Persons employed or engaged by Kobre & Kim who produced, reviewed or analyzed Documents, records or information concerning any investigation;

m. Documents, records and information reviewed by Kobre & Kim to investigate the Alleged Hack; and

n. Documents, records and information concerning Binance Holdings Limited.

5