UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                 :
SINGULARDTV GmbH,              :
                                                 :     Case No. 1:21-Civ-6000 (VEC)
                          Plaintiff,              :
                                                :
      – against –                               :
                                                :     Oral Argument Requested
JOHN DOE,                                        :
                                                :
                          Defendant.           :
                                                :
------------------------------------------------------------------ x

# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO QUASH RULE 45 SUBPOENA

COHEN & GRESSER LLP

    Douglas J. Pepe
    Mathew V. Povolny
    Alexandra K. Theobald
800 Third Avenue, 21st Floor
New York, New York 10022
Phone: (212) 957-7600
Fax: (212) 957-4514
dpepe@cohengresser.com
mpovolny@cohengresser.com
atheobald@cohengresser.com

*Attorneys for Non-Party AlixPartners LLP*

## TABLE OF CONTENTS

Table of Contents ............................................................................................................................ ii

Preliminary Statement ..................................................................................................................... 1

Factual Background ........................................................................................................................ 3

Argument ........................................................................................................................................ 5

    I.     The Subpoena Is An Impermissible Attempt to End-Run The Discovery Process In The LeBeau Action. ............................................................................................................... 6

    II.    The Subpoena Seeks Disclosure of Privileged Materials and Work Product. ................. 8

    III.   Any Non-Privileged Materials Sought Through This Subpoena Can Be Obtained Through Other Less Burdensome Means. ..................................................................... 10

    IV.   Plaintiff Should Be Required to Reimburse AlixPartners for Its Reasonable Expenses. ....................................................................................................................... 13

Conclusion ................................................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re 650 Fifth Ave. and Related Props.*,
  08 Civ. 10934 (KBF), 2013 WL 12335763 (S.D.N.Y. Aug. 28, 2013) ............................. 10-11

*In re Agent Orange Prod. Liab. Litig.*,
  517 F.3d 76 (2d Cir. 2008) ............................................................................................. 11

*Breaking Media, Inc. v. Jowers*,
  21 Misc. 194 (KPF), 2021 WL 1299108 (S.D.N.Y. Apr. 7, 2021) ................................. 10, 13

*Citizens Union of City of New York v. Attorney General of New York*,
  269 F. Supp. 3d 124 (S.D.N.Y. 2017) ............................................................................ 8

*In re Commodity Exch., Inc., Gold Futures and Options Trading Litig.*,
  14-MD-2548 (VEC), 2021 WL 2481835 (S.D.N.Y. Jun. 17, 2021) ............................... 9

*In re Fitch, Inc.*,
  330 F.3d 104 (2d Cir. 2003) ........................................................................................... 5

*Fitzpatrick v. Am. Int'l Grp., Inc.*,
  272 F.R.D. 100 (S.D.N.Y. 2010) .................................................................................... 9

*In re Grand Jury Subpoenas Dated Mar. 9, 2001*,
  179 F. Supp. 2d 270 (S.D.N.Y. 2001) ............................................................................ 8

*In re Grand Jury Subpoena Dated Oct. 22, 2001*,
  282 F.3d 156 (2d Cir. 2002) ........................................................................................... 8

*Horn & Hardart Co. v. Pillsbury Co.*,
  888 F.2d 8 (2d Cir. 1989) ............................................................................................... 10

*JDS Therapeutics, LCC v. CVS Pharmacy, Inc.*,
  15–cv–4365 (JSR), 2015 WL 6459092 (S.D.N.Y. 2015) ............................................... 9-10

*Joffe v. King & Spalding LLP*,
  17-CV-3392 (VEC), 2020 WL 3453452 (S.D.N.Y. Jun. 24, 2020) ................................ 10

*Natixis Fin. Prods. LLC v. Bank of Am., N.A*,
  10 Civ. 3656, 2016 WL 7165981 (S.D.N.Y. Dec. 7, 2016) ............................................ 7

**Page(s)**

*Odeh v. Immunomedics, Inc.*,
    18-cv-17645-MCA-ESK, 2021 WL 5564282 (D. N.J. Nov. 24, 2021) .................................7

*Securitas Elec. Sec., Inc. v. DeBon*,
    20-CV_5323 (CM) (KNF), 2021 WL 639071 (S.D.N.Y. Feb. 18, 2021) ........................... 5-6

*United States v. Int'l Bus. Mach. Corp.*,
    83 F.R.D. 97 (S.D.N.Y. 1979) ..........................................................................................6

*Vangelakos v. Wells Fargo Bank, NA.*,
    13-cv-6574 (PKC), 2014 WL 12772257 (S.D.N.Y. Jun. 26, 2014) ............................... 11-12


**Rules**

FED. R. CIV. P. 26 ................................................................................................ *passim*

FED. R. CIV. P. 45 ................................................................................................ *passim*


**Other Authorities**

Sedona Conference, *Best Practices Recommendations & Principles for
    Addressing Electronic Document Production* (3d Ed. 2018) ...................................................12

Non-party AlixPartners LLP ("**AlixPartners**"), by and through the undersigned counsel, respectfully moves pursuant to Federal Rules of Civil Procedure 26 and 45 to quash the Information Subpoena served on AlixPartners on May 31, 2022 (the "**Subpoena**").

## PRELIMINARY STATEMENT

Through its Subpoena, Plaintiff and its counsel improperly seek to end-run the Court-ordered discovery schedule in related litigation, to gain access to protected work product from an opposing expert, and to obtain expert disclosure far beyond that permitted by Rules 26(a)(2) and (b)(4). Nothing in the Federal Rules of Civil Procedure countenances such an abuse of the expert discovery process or permits a party to obtain burdensome discovery from its adversary's expert. The Subpoena should be quashed.

While the Plaintiff here purports nominally to act on behalf of SingularDTV GmbH ("**SingularDTV**" or the "**Company**"), in reality it represents the interests of former SingularDTV directors and officers Zachary LeBeau and Kimberly Jackson (collectively, "**Plaintiff**"). Mr. LeBeau and Ms. Jackson were terminated following a 2021 cyber incident involving the Company's digital tokens (the "**Cyber Incident**") and are currently defendants in a related action brought by SingularDTV in this Court, *SingularDTV GmbH v. LeBeau, et al.*, No. 1:21-cv-10130 (VEC) (the "**LeBeau Action**").

AlixPartners was engaged as a blockchain consultant to analyze the Cyber Incident by Kobre & Kim LLP ("**Kobre & Kim**"), SingularDTV's counsel in the LeBeau Action. While AlixPartners is currently a non-testifying expert in the LeBeau Action, it is possible that Kevin Madura of AlixPartners could in the future be identified as an expert to testify at trial, in which case he would provide a Rule 26(a)(2) expert report and a Rule 26 (b)(4) deposition under the

scheduling order entered by this Court in that case. *See* LeBeau Action, ECF No. 83 (providing for completion of expert discovery within 135 days of initial disclosures).

AlixPartners is not a party, or a retained expert for any party, in this separate "**John Doe**" action, which Plaintiff brought allegedly to uncover the supposedly "true" perpetrator of the Cyber Incident. SingularDTV did file a Motion to Intervene in this case relying in part on a declaration by Mr. Madura, but withdrew that motion to avoid the cost and expense of extensive discovery, motion practice, and a hearing. ECF Nos. 11, 36, 39. AlixPartners, therefore, has no connection to this John Doe action, and will not be called upon to provide expert testimony—or have any other involvement—in this case.

Rather than proceed with ordinary course expert discovery in the LeBeau Action, Plaintiff served a Subpoena in the John Doe Action in an obvious attempt to use this case as a vehicle to obtain expert discovery from AlixPartners far beyond that permitted by the Federal Rules of Civil Procedure, essentially seeking AlixPartners' entire case file and all communications relating to its engagement by Kobre & Kim. The Subpoena is improper and should be quashed for three independent reasons. *First*, the Subpoena is an impermissible end-run on the scope and timing of expert discovery in a related matter (*see* Section I below). *Second*, the Subpoena seeks disclosure of materials protected by privilege and the attorney work-product doctrine (*see* Section II below). *Third*, production of any non-privileged materials sought by the Subpoena would impose an undue burden on AlixPartners, and the information can be obtained through other less burdensome means (*see* Section III below).

For these reasons, and the reasons set forth by Kobre & Kim in its Motion to Quash (ECF No. 60), which we incorporate by reference, the Court should quash the Subpoena and order that Plaintiff reimburse AlixPartners for reasonable expenses under Rule 45(d)(1).

**FACTUAL BACKGROUND**

Kobre & Kim set out key facts in its Motion to Quash (ECF No. 60), which are incorporated here by reference. As background, Zachary LeBeau and Kimberly Jackson are former employees of SingularDTV. SingularDTV terminated their employment on May 27 and June 8, 2021, respectively (ECF No. 15 at 9-10) following an alleged May 2021 Cyber Incident resulting in Mr. LeBeau authorizing the Company's payment of $2,000,000 in cryptocurrency to an illegitimate recipient. *See* ECF No. 42. SingularDTV engaged Kobre & Kim to represent the Company in connection with the Cyber Incident.

Plaintiff commenced this John Doe Action on July 13, 2021, purportedly on behalf of SingularDTV and allegedly seeking to identify the "true" perpetrator(s) of the Cyber Incident. Mr. LeBeau and Ms. Jackson instructed their counsel, Morrison Tenenbaum PLLC, to serve as counsel to Plaintiff in this lawsuit.

Kobre & Kim engaged AlixPartners as an expert on October 11, 2021, to analyze the alleged Cyber Incident.

On November 28, 2021, SingularDTV, through its counsel Kobre & Kim, moved to intervene in the John Doe Action (the "**Motion to Intervene**"). In support of the Motion to Intervene, SingularDTV attached a declaration of Kevin Madura of AlixPartners. ECF No. 26. Mr. Madura reviewed and analyzed certain transactions on the public Ethereum blockchain ledger and other associated information to test assertions the Plaintiff had made about the alleged hack. *Id*. at ¶¶ 6, 9, 24, 26. As discussed in detail in Mr. Madura's declaration, "[b]ecause the blockchain is a public, open, and distributed system, "anyone is able to view and examine transactions recorded in the ledger." *Id*. at ¶ 9 (emphasis added).

Based on his review of this publicly available information and other materials made available in his declaration, Mr. Madura identified circumstantial evidence that Mr. LeBeau himself benefited from at least some of the transfers at issue in the Cyber Incident, because some of the funds were used to pay down debt owed by Mr. LeBeau to the Company while other funds were sent to the GazeTV Foundation, which Mr. LeBeau co-founded. ECF No. 26 at ¶¶ 13-14, 23-24, 26. Mr. Madura also identified evidence that "[Mr. LeBeau] may be associated with, or know the identity of, the individual(s) in control" of another wallet address involved in the Cyber Incident. ECF No. 26 at ¶ 13.

On November 29, 2021, SingularDTV commenced the LeBeau Action in this Court against Mr. LeBeau and Ms. Jackson. See *SingularDTV GmbH v. LeBeau, et al.*, No. 1:21-cv-10130 (VEC). On December 10, 2021, Mr. Madura submitted a declaration in the LeBeau Action, again outlining his analysis of the Cyber Incident and the circumstantial evidence relating to Mr. LeBeau. LeBeau Action, ECF No. 52.

The LeBeau Action remains pending. On March 14, 2022, this Court entered a scheduling order providing for the completion of expert discovery "within 135 days" after the parties exchange initial disclosures. See LeBeau Action, ECF No. 83.

On March 17, 2022, when faced with disproportionate economic costs of conducting discovery, motion practice, and an evidentiary hearing in connection with the Motion to Intervene, SingularDTV withdrew its Motion to Intervene in the John Doe Action. ECF Nos. 35, 36, 38, 39. The withdrawal of the Motion to Intervene ended AlixPartners' involvement in the John Doe Action. ECF Nos. 11, 23, 26 & 35. AlixPartners remains a retained expert in connection with the LeBeau Action only.

On May 31, 2022, Plaintiff served a Subpoena on AlixPartners seeking burdensome discovery of information relating to AlixPartners' work as an expert engaged by counsel to Mr. LeBeau and Ms. Jackson's adversary in the LeBeau Action. The Subpoena seeks eleven broad categories of information, amounting to AlixPartners' entire case file and materials, including privileged communications, work product, draft reports and analyses, and other information to which Mr. LeBeau, Ms. Jackson, and their counsel would have no entitlement in expert discovery in the LeBeau Action. *See* Theobald Decl. Exhibit A.

AlixPartners served Responses and Objections to the Subpoena on June 21, 2022, and brings this Motion to Quash as permitted by this Court's May 9, 2022, Order. *See* ECF No. 48.

**RELIEF REQUESTED**

By this Motion, AlixPartners respectfully requests that this Court quash the Subpoena and enter an order substantially in the form attached to this Motion.

**ARGUMENT**

This Court has wide discretion in matters of pre-trial discovery, including when considering a motion to quash. *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) ("Motions to compel and motions to quash a subpoena are both 'entrusted to the sound discretion of the district court'"). In general, parties may only obtain discovery of nonprivileged materials that are relevant to a claim or defense and proportional to the needs of the case and burden on the recipient of the subpoena. FED. R. CIV. P. 26(b)(1). Whether a subpoena imposes an undue burden depends on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Securitas Elec. Sec., Inc. v. DeBon*, 20-

CV_5323 (CM) (KNF), 2021 WL 639071 at *3 (S.D.N.Y. Feb. 18, 2021) (citing *United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)).

    **I.**    **The Subpoena Is an Impermissible Attempt to End-Run The Discovery Process In The LeBeau Action.**

AlixPartners is not a percipient witness to the Cyber Incident—which predated its engagement by Kobre & Kim—and nothing in AlixPartners' files is so unique that it could not be replicated by another competent expert. As described in Mr. Madura's declaration, he relied on disclosed materials and publicly available information on the Ethereum blockchain to conduct his analysis. ECF No. 26 at ¶ 9. The Ethereum blockchain is an electronic ledger of transactions. Digital tokens created using this system can be transferred freely among "wallets" also known as "addresses," which are identified by a long string of letters and numbers. This information may be viewed by anyone for free using a specific type of software known as a "block explorer"[1] that is accessible using standard internet browsers.

Nothing prevents Plaintiff from hiring its own expert to conduct its own investigation using the same information and tools applied by AlixPartners, which would avoid forcing

---

[1]    Examples include Etherscan (https://etherscan.io/) or Tokenview (https://tokenview.com/).

AlixPartners to provide its expertise without compensation[2] and the substantial burden imposed on AlixPartners by this Subpoena.

It is obvious that Plaintiff's real interest in serving the Subpoena in the John Doe Action is to gain a tactical advantage in the LeBeau Action by obtaining premature expert discovery that is far broader than Rule 26 would allow in that case. That discovery should be conducted in accordance with Rules 26(a)(2) and (b)(4) and the procedures, requirements, and timelines established in the LeBeau Action, not here. *See* LeBeau Action, ECF No. 83.

This Court's decision in *Natixis Fin. Prods. LLC v. Bank of Am., N.A*, 10 Civ. 3656, 2016 WL 7165981 (S.D.N.Y. Dec. 7, 2016), is instructive. In *Natixis*, several plaintiffs, including Natixis Financial Products LLC ("**Natixis**"), Deutsche Bank ("**DB**"), and BNP Paribas ("**BNP**") brought separate actions against a Bank of America ("**BofA**") arising from the collapse of a mortgage-backed security trust. *Id.* at *1. Expert discovery was exchanged between the BofA and DB and BNP in the related actions. *Id.* at *2-3. Natixis sought discovery of the BofA expert reports exchanged in the DB and BNP actions before the time its own expert report would be due in its own case. The Court rejected the request, holding that to do so would confer an unfair advantage on Natixis. *Id*. at *4.

---

[2] Rule 45(d)(3)(B)(ii) empowers the Court to quash a subpoena if it requires "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." The information analyzed on the Ethereum blockchain by Mr. Madura is a canonical record of transactions that is beyond serious dispute. Moreover, AlixPartners is not a retained expert by any party in this case. The only connection AlixPartners has to this matter is the declaration Mr. Madura submitted in connection with SingularDTV's Motion to Intervene (ECF No. 11), which was withdrawn on March 18, 2022 (ECF Nos. 35, 39). The Subpoena should be quashed for these reasons alone. *See generally* Odeh v. Immunomedics, Inc., 18-cv-17645-MCA-ESK, 2021 WL 5564282 at *6 (D. N.J. Nov. 24, 2021) (quashing subpoena for unretained expert report and other information where the publicly-available factual information was not in dispute).

The unfairness of the Subpoena is even more palpable here. Plaintiff seeks this discovery from a third party under Rule 45, and the requested materials go far beyond seeking an expert report contemplated by Rule 26(a)(2)(B).[3] The Subpoena extends to AlixPartners' entire working file and all communications, including the privileged materials and work product of an adverse party. Rule 45 is not designed as a vehicle for an adversary to obtain premature expert discovery in related actions, or to seek the tactical advantage of obtaining discovery beyond that permitted by Rule 26.

## II. The Subpoena Impermissibly Seeks Disclosure of Privileged Materials and Work Product.

Rule 45(d)(3) of the Federal Rules of Civil Procedure provides that the Court "must modify or quash" a subpoena, upon a party's timely motion when the subpoena "requires disclosure of privileged or other protected" information. FED. R. CIV. P. 45(d)(3); *see Citizens Union of City of New York v. Attorney General of New York*, 269 F. Supp. 3d 124, 138 (S.D.N.Y. 2017). It is black-letter law in the Second Circuit that the attorney-client privilege attaches and "may cover communications made to agents of an attorney . . . hired to assist in the rendition of legal services." *In re Grand Jury Subpoenas dated Mar. 9, 2001*, 179 F. Supp. 2d 270, 283 (S.D.N.Y. 2001) (quotation and citations omitted); *see also In re Grand Jury Subpoena Dated Oct. 22, 2001*, 282 F.3d 156, 160 (2d Cir. 2002) ("The work product privilege establishes a zone of privacy for an attorney's preparation to represent a client in anticipation of litigation"). Further, a party is not entitled to drafts and other materials created by experts at the direction of an attorney in connection with ongoing or anticipated litigation. FED. R. CIV. P. 26(b)(3)(A) and

---

[3] Notably, Plaintiff already has Mr. Madura's declaration and the facts and information disclosed in it.

(B) & 26(b)(4)(B); *In re Commodity Exch., Inc., Gold Futures and Options Trading Litig.*, 14-MD-2548 (VEC), 2021 WL 2481835 at *2 (S.D.N.Y. Jun. 17, 2021) (non-testifying experts were not fact witnesses and their notes were subject to work product protection). Due to the nature of the relationship between AlixPartners, Kobre & Kim, and SingularDTV, most if not all documents responsive to the Subpoena are likely to be privileged or work product. Accordingly, as the Subpoena specifically targets privileged information and information protected by the work product doctrine, it should be quashed in its entirety.

Plaintiff has no capacity to waive this privilege. Plaintiff does not instruct Kobre & Kim, which hired AlixPartners, and neither Mr. LeBeau nor Ms. Jackson currently holds any position at SingularDTV. *Fitzpatrick v. Am. Int'l Grp., Inc.*, 272 F.R.D. 100, 108 (S.D.N.Y. 2010) (a former director and officer retain no control over the corporation's privilege); *see also* ECF No. 60 at 19. In fact, Mr. LeBeau and Ms. Jackson ae *adverse* to SingularDTV in the LeBeau Action, and this Court has found that the Company is likely to succeed on its claim against Mr. LeBeau. *See* LeBeau Action, ECF No. 21 (granting temporary restraining order) & 88 at 4 (citing "[SingularDTV]'s likelihood of succeeding on the merits of the underlying claims" against Mr. LeBeau and Ms. Jackson); *see also* ECF No. 42 (Plaintiff describing the Company representatives working with Kobre & Kim as the "opposing faction" of SingularDTV).

Rule 26 prohibits discovery of materials prepared in anticipation of litigation unless "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3); *JDS Therapeutics, LCC v. CVS Pharmacy, Inc.*, 15–cv–4365 (JSR), 2015 WL 6459092 at *1-2 (S.D.N.Y. 2015) (upholding work product protections where Plaintiff is capable to conducting its

9

own analysis); *Horn & Hardart Co. v. Pillsbury Co.*, 888 F.2d 8, 12 (2d Cir. 1989) (declining to pierce work product protection over notes when "satisfactory alternative" was available).

As discussed above, AlixPartners' analysis relied on disclosed information and publicly available data from the Ethereum blockchain. Any expert with an internet browser can replicate the analysis. Moreover, Plaintiff has represented that it expects Binance will be able to assist it in identifying the perpetrator (ECF No. 45 at 10; ECF No. 55 at 2; *see also* ECF No. 60 at 16), thus obviating the need to involve non-party AlixPartners at all. For these reasons, the Court should uphold the privilege and work product protections over the requested materials and quash the Subpoena.

### III. Any Non-Privileged Materials Sought Through This Subpoena Can Be Obtained Through Other Less Burdensome Means.

The Subpoena imposes an undue burden on AlixPartners by requiring it to produce information that its role as consultant to a litigating party would not ordinarily require, and Plaintiff cannot show that it is unable to obtain the information it seeks through other means. FED. R. CIV. P. 45(d)(1) and 26(b)(2)(C). "Whether a subpoena imposes an 'undue burden' depends upon such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Breaking Media, Inc. v. Jowers*, 21 Misc. 194 (KPF), 2021 WL 1299108 at *5 (S.D.N.Y. Apr. 7, 2021). However, courts also "give special weight to the burden on non-parties of producing documents to parties involved in litigation." *Id*. Indeed, "[c]ourts in this circuit are particularly sensitive to burdens imposed on non-parties." *Joffe v. King & Spalding LLP*, 17-CV-3392 (VEC), 2020 WL 3453452 at *5 (S.D.N.Y, June 24, 2020) (Caproni, J.) (citations omitted); *see also In re 650 Fifth Ave. and Related Props.*, 08 Civ. 10934 (KBF), 2013 WL 12335763 at *2 (S.D.N.Y. Aug. 28, 2013) ("[w]ithin this Circuit, courts have held nonparty status to be a

10

'significant' factor in determining whether discovery is unduly burdensome") (citations omitted). Here, each of the relevant factors demonstrate the undue burden imposed on AlixPartners by the Subpoena.

*First*, AlixPartners is a true non-party to this John Doe Action and has no unique knowledge of the facts. As previously discussed, AlixPartners was only retained by Kobre & Kim *after* the Cyber Incident occurred. AlixPartners is an expert, not a percipient witness to any events at issue in the litigation. Requiring AlixPartners to conduct a broad search at great expense for potentially responsive information, most of which will be privileged or subject to work-product protections, is unjustifiable. Some of the documents sought by the Subpoena are already in the possession of SingularDTV, while other information is potentially the subject of expert discovery in the LeBeau Action at the appropriate time, and within the strictures of Rule 26. *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (district court did not abuse discretion in quashing subpoena where Plaintiff may have obtained the same information in related litigation). In the interim, the requested materials are of limited value to the matter at hand and do not justify the burden imposed on AlixPartners.

*Second*, Plaintiff's sweeping requests are not narrowly tailored to the needs of the case and instead amount to a request for AlixPartners' entire case file related to its engagement with Kobre & Kim. Theobald Decl. Exhibit A (requesting "All Documents, records and information . . . relating to any Cyber Incident"[4] or "reviewed by you related to any Cyber Incident" or "related to the engagement of AlixPartners LLP by SingularDTV" among others); *see*

---

[4] CYBER INCIDENT is a defined term used in the Subpoena to mean "the ALLEGED HACK and any other event occurring on or conducted through a computer network that actually or imminently jeopardized the integrity, confidentiality, or availability of information or communications systems, or information resident thereon, utilized by PLAINTIFF."

*Vangelakos v. Wells Fargo Bank, NA.*, 13-cv-6574 (PKC), 2014 WL 12772257 at *2 (S.D.N.Y. Jun. 26, 2014) (quashing subpoena where requesting party offered no explanation for why it sought "any and all business records").

Moreover, the Subpoena is improper because it seeks documents already in the possession, custody, and control of SingularDTV. FED. R. CIV. P. 26(b)(2)(C). Plaintiff attempts to justify this imposition by simultaneously asserting that it has the authority to act on behalf of the Company in serving the Subpoena, while also claiming that Plaintiff has been "frozen . . . out" of "all company matters." ECF No. 42 at 2. This tension does not justify imposing the burden of discovery on non-party AlixPartners to obtain documents in SingularDTV's custody and control, especially since AlixPartners has agreed to maintain documents from its engagement as confidential. Sedona Conference, *Best Practices Recommendations & Principles for Addressing Electronic Document Production*, Comment 2.d at 69 (3d Ed. 2018) ("burdens on information technology personnel and the resources required to review documents for relevance, privilege, confidentiality, and privacy should be considered in any calculus of whether to allow discovery . . . In addition, the non-monetary costs (such as invasion of privacy rights, risks to business and legal confidences, and risks to privileges) should be considered").

*Third*, the burden of the proposed discovery outweighs its benefit under Rule 26(b)(1). Plaintiff asserts that it needs the requested documents to "determine whether there is any information that might lead to another party as the perpetrator of the hacking." ECF No. 42 at 3. Mr. Madura, however, has no first-hand knowledge of the facts and is not a percipient witness to the Cyber Incident. His analysis and the information he relied on have all been made available to Plaintiff and to the public. *See* ECF No. 26. Plaintiff is free to engage an expert to analyze this data and the public Ethereum blockchain on its own to test Mr. Madura's conclusions, including

12

that circumstantial evidence suggested Mr. LeBeau benefitted financially from the Cyber Incident.  Imposing on a non-party the immense burden of combing through privileged materials which are unlikely to yield anything of value to Plaintiff is unjustified.  *Breaking Media, Inc. v. Jowers*, 21 Misc. 194 (KPF), 2021 WL 1299108 at *5 (S.D.N.Y. Apr. 7, 2021).

### IV.     Plaintiff Should Be Required to Reimburse AlixPartners for Its Reasonable Expenses.

When a party issues a subpoena without taking "reasonable steps to avoid imposing undue burden or expense" on a third party, the issuing Court "*must ...* impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees"—on the party or attorney responsible for the failure to do so.  FED. R. CIV. P. 45(d)(1) (emphasis added); *see also Breaking Media, Inc. v. Jowers*, 21 Misc. 194 (KPF), 2021 WL 1299108 at *7 (S.D.N.Y. Apr. 7, 2021) (awarding attorneys' fees for subpoena seeking irrelevant information and refusing to narrow the requests when faced with objections on privilege and relevance grounds).  As discussed in detail above, Plaintiff's requests are entirely improper.  The Subpoena seeks to force AlixPartners to (1) act as an expert in this matter without compensation and produce discovery far more burdensome than its role as expert would normally entail; (2) produce material that is plainly protected from disclosure as attorney work product; and (3) and produce information that could be obtained from public sources through its own investigation.  Its requests are overly broad and duplicative, and stretch far beyond what is reasonable or necessary for the needs of this case.  The Court must award reasonable attorneys' fees to AlixPartners for the cost of this motion, or in the alternative for reasonable attorneys' fees, costs and expenses incurred in complying with the Subpoena.

## CONCLUSION

For the reasons set forth above, AlixPartners respectfully requests that the Court grant this Motion to Quash the Rule 45 Subpoena served by Plaintiff on May 31, 2022.

Dated: June 30, 2022
New York, New York

Respectfully submitted,

**COHEN & GRESSER LLP**

*/s/ Douglas J. Pepe*
Douglas J. Pepe
Mathew V. Povolny
Alexandra K. Theobald

800 Third Avenue, 21st Floor
New York, New York 10022
Phone: (212) 957-7600
Fax: (212) 957-4514
dpepe@cohengresser.com
mpovolny@cohengresser.com
atheobald@cohengresser.com

*Attorneys for Non-Party AlixPartners LLP*

To:
Jerald M. Tenenbaum
Morrison Tenenbaum, PLLC
87 Walker Street, 2nd Floor
New York, NY 10013
Phone: (212) 620-0938
Fax: (646) 998-1972
jerald@m-t-law.com

*Attorneys for Plaintiff*