# MORRISON TENENBAUM

MORRISON-TENENBAUM PLLC, ATTORNEYS-AT-LAW M-T-LAW.COM
87 WALKER STREET  2ND FLOOR  NEW YORK  NY  10013
PHONE 212.620.0938  FAX 646.998.1972

July 18, 2022

<u>Via ECF</u>
The Honorable Judge Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

      Re:    **SingularDTV GmbH v. Doe, Case No. 1:21-cv-06000-VEC**
             **Status Update**

Honorable Judge Caproni:

      As you may be aware, none of the three parties we issued subpoenas upon pursuant to Your Honor's May 9, 2022 order (the "Expedited Discovery Order") has provided any documents or information related to the hacking incident: Kobre & Kim and Alix Partners have each filed Motions to Quash (both of which have been opposed by Plaintiff); and Patrik Allenspach has simply refused to turn over any documents, seeking to hide behind the Hague Convention (though it is not clear on which treaty he relies).

      The Kobre & Kim quash motion claims either that (1) all of the relevant information regarding the hacking incident is already in the possession of Plaintiff *because* it is in the possession of the Lubin and Cohen faction and their counsel, Kobre & Kim, a cleverly circular argument, or (2) the information sought by the subpoenas is privileged. Both of these arguments conveniently ignore that following the withdrawal of the Lubin and Cohen Motion to Intervene, Morrison Tenenbaum PLLC indisputably represents the Plaintiff in this action. Further, it is undisputed that there was a SingularDTV dissolution committee charged with investigating the hacking incident, that Kobre & Kim conducted its own investigation, and that Lubin and Cohen acting for SingularDTV GmbH, either directly or through their attorneys, engaged a third party (AlixPartners) to conduct an even more thorough investigation. Despite these investigations, Kobre & Kim now claims that they are not in possession of even a single responsive document that can be turned over to Plaintiff.[1]

      The third subpoena, issued on Mr. Patrik Allenspach, has been informally objected to, but he has not filed a motion to quash. Mr. Allenspach is a paid director/ administrator for Singular DTV GmbH (in fact hired by Kim Jackson) who has refused to comply with the order of this

---

[1] The AlixPartners motion to quash makes nearly identical arguments as those raised by Kobre & Kim on behalf of the Lubin and Cohen faction of SingularDTV. A reply on that motion (Dkt. 69) is presumably forthcoming.

Court by failing to either provide the documents demanded in our subpoena, or, in the alternative, assert a motion before this court to quash or otherwise limit the subpoena. All applicable deadlines have run their course.[2] Mr. Allenspach could have retained counsel to file a motion to quash, or the Lubin and Cohen faction could have engaged Kobre & Kim to assert arguments on his behalf; yet they elected not to; instead they have relied on the May 31, 2022, letter of Mr. Mraz, a Swiss attorney for SingularDTV GmbH working at the behest of Lubin and Cohen. Dkt. 58 Exhibit 'A'

Mr. Mraz is a partisan attorney having no discernable expertise on the applicability of the *Hague Convention on the Taking of Evidence Abroad in Civil or commercial Matters*, 23 U.S.T. 255, T.I.A.S. No. 7444, which he seems to confuse in his letter with the *Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, 20 U.S.T. 361, 658 U.N.T.S. 163.[3]

Mr. Allenspach has been ordered to provide the documents demanded in the Subpoena to the duly appointed legal counsel of his employer, SingularDTV GmbH, who in this case is Morrison Tenenbaum PLLC. Nonetheless, having neglected to file a motion to quash, and having not provided the information demanded in our subpoena, Mr. Allenspach is currently in default of Expedited Discovery Order. It is within the Court's authority to hold Mr. Allenspach in contempt for failing to follow the straightforward timeline established by this Court, and to order the immediate production of those materials.[4] As noted by Kobre & Kim in its Letter to the Court (Dkt. No. 58), Mr. Allenspach received the subpoena at the Swiss corporate office of Plaintiff. *Id*.

Throughout this case Morrison Tenenbaum has vigilantly maintained a non-partisan posture recognizing that all of the owners of SingularDTV GmbH share a common interest in recovering the stolen assets, and that of all the various cases raging between Lubin, Cohen, Jackson and LeBeau in before Your Honor and in Switzerland (there are now three such cases – the dissolution proceeding brought by the LeBeau and Jackson faction and two subsequent cases brought by the Lubin and Cohen faction – one case against SingularDTV LLC (the U.S. affiliate) and another case that seeks to grant Lubin and Cohen control over the Ethereum now being held

---

[2] *See* Aff. of Service, Dkt. 51. The date of service of the Allenspach subpoena was May 14, 2022; *See also* Dkt. 48. (The Court's order granting Plaintiff's request to serve Rule 45 subpoenas gives the recipients 30 days from the date of service to move to quash (Monday, June 13, 2022) or otherwise produce responsive information within 10 days after the 30-day period lapses (June 23, 2022)).

[3] *Id.* Mraz relies on the *Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, without reference to the *Hague Convention on the Taking of Evidence Abroad in Civil or commercial Matters*. See *Strauss v. Credit Lyonnais*, S.A., 249 F.R.D. 429, 442 (E.D.N.Y. 2008) ("...parties seeking discovery need not resort to the Hague Convention as their first or exclusive means for securing foreign discovery....")

[4] Dkts. 48, 51, *supra* note 1.

M+T

in escrow by Kobre & Kim – none of these cases deals with the hacking incident or seeks to recover the stolen assts.

At this juncture, and despite our efforts to keep the partisans out of the fray, we have no choice but to seek leave from this Court to issue a subpoena on Mr. Joseph Lubin seeking similar information and documentation to that sought in the Allenspach Subpoena. Mr. Lubin and Mr. Allenspach were the two members of the Dissolution Committee formed by the Board of Directors of SingularDTV GmbH for the purpose of investigating the hacking incident. (Dkt. 15, Exhibit '4' at 3). Mr. Lubin, a New York City resident, cannot hide behind the Hague Convention on the Taking of Evidence; nor should he be permitted to refuse to turn over documents that rightfully belong to the Plaintiff in this case, questions we will most certainly be addressing in Mr. Lubin's future motion to quash.

In light of the above, we renew our request (raised in last month's status letter) for reimbursement of legal fees and costs for opposing both motions to quash. Neither of those motions would have been necessary had AlixPartners and Kobre & Kim provided lists of responsive documents and privilege logs, or had they made even a minimal effort to identify materials that are not relevant to the various cases pending before Your Honor and in Switzerland. It is clear that neither AlixPartners nor Kobre & Kim made any effort whatsoever to evaluate what materials could be turned over and that they have no interest in conferring over production.

The motions to quash should not be granted, Plaintiff should be granted leave to serve a subpoena on Mr. Lubin, and any costs or expenses of compliance with the Expedited Discovery Order should be reimbursed by SingularDTV GmbH pursuant to the Resolution Agreement authorizing the parties to release of escrow funds on unanimous consent.[5]

We thank the Court for its consideration.

Respectfully Submitted,

**Morrison Tenenbaum, PLLC**

By: _____
Jerald M. Tenenbaum
87 Walker Street, Second Floor
New York, New York 10013
Telephone: (212) 620-0938
E-Mail: Jerald@m-t-law.com

---

[5] *See SingularDTV GmbH v. LeBeau, et al* 1: 21-cv-10130 (VEC) Dkts. 65-66 (The parties reached an agreement to resolve the *Motion for Order to Show Cause Why Preliminary Injunction Should Not Issue and, in the interim, Temporary Restraining Order* (ECF No. 12), where the parties entered into a Resolution Agreement and an Escrow Agreement).

M+T

M+T