# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

July 20, 2022

**BY ECF**
Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

RE:   *SingularDTV GmbH v. John Doe*, No. 1:21-cv-06000 (VEC)

Dear Judge Caproni:

We write to address Morrison Tenenbaum's two letters dated July 18, 2022 [ECF Nos. 78 & 79], which appear to be the same letter with only minor differences. Although the Court previously ordered Plaintiff to provide monthly status updates on "its effort to identify Defendant" [ECF No. 7], Morrison Tenenbaum submits this purported "status update" to make unauthorized surreply arguments, unfounded accusations against third parties, and inappropriate requests for additional relief. Kobre & Kim respectfully submits that the Court should deny those requests.

The motions to quash the subpoenas about which Morrison Tenenbaum complains were contemplated by the Court [ECF No. 48] and are being briefed in accordance with Court-approved schedules. Although Morrison Tenenbaum here continues to argue their merits, those arguments already have been refuted in Kobre & Kim's briefing. To be clear, our position that the discovery sought from Kobre & Kim already is in the possession of Morrison Tenenbaum's purported client is not "circular" but rather is an indisputable fact: in this action Morrison Tenenbaum claims to represent SingularDTV GmbH ("the Company"), not any particular "faction" of its founders; and Kobre & Kim indisputably is counsel to the Company. Whatever documents Kobre & Kim has in relation to the alleged hacking incident are already in the possession or control of the Company.

Morrison Tenenbaum's complaints about the actions of Mr. Allenspach are equally misguided. In its May 31, 2022 letter, the Company's Swiss counsel, Michael Mráz of Wenger Vieli [ECF 58-1], explained that the subpoena directed at Mr. Allenspach was not properly served in Switzerland and that in fact it would be a criminal offense under Swiss law for Mr. Allenspach to comply with Morrison Tenenbaum's subpoena. Indeed, the Court previously recognized that a subpoena is not the appropriate process to obtain documents in Switzerland. [*See* ECF No. 41 at 3.] But rather than explain why the Company's Swiss counsel is wrong on the merits, Morrison Tenenbaum only levels unwarranted attacks at Messrs. Allenspach and Mráz.

**Americas** (New York, Chicago, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

July 20, 2022
Page 2

  While asserting that it "has vigilantly maintained a non-partisan posture" in the disputes between the Company's founders, Morrison Tenenbaum now asks this Court to issue yet another subpoena to "Mr. Joseph Lubin seeking similar information and documentation to that sought in the Allenspach Subpoena." [ECF No. 79 at 2-3.] In making this request, Morrison Tenenbaum is doing anything but "keep[ing] the partisans out of the fray." *Id.* at 3. As we explained in our briefing on Kobre & Kim's motion to quash, Morrison Tenenbaum is, in reality, doing the bidding of Zachary LeBeau and Kimberly Jackson, and in fact Morrison Tenenbaum has been representing them in multiple actions, including one before Your Honor brought by the Company against Mr. LeBeau and Ms. Jackson, *SingularDTV GmbH v. LeBeau, et al.*, No. 1:21-cv-10130 (S.D.N.Y.),[1] and a derivative action *against* Mr. Lubin (among others) in New York Supreme Court, which Justice Jennifer G. Schecter dismissed just last week on defendants' motion. *LeBeau ex rel. SingularDTV GmbH v. Lubin et al.*, Index No. 655673/2021, NYSCEF No. 121 (N.Y. Sup. Ct. July 12, 2022).

  While Kobre & Kim does not represent Mr. Lubin, it is apparent that Morrison Tenenbaum's request for leave to serve a subpoena on Mr. Lubin is unwarranted. Aside from the fact that Morrison Tenenbaum seeks leave to issue a subpoena through a "status update" instead of a proper motion, Morrison Tenenbaum does not even attempt to meet the relevant legal and factual thresholds for expedited discovery, such as articulating how any discovery from Mr. Lubin will help the Company identify the John Doe defendant. Indeed, Mr. Lubin is a shareholder, officer, and managing director of the Company, and Mr. Lubin's documents, if any, concerning the "hacking incident" already are within the Company's control. Morrison Tenenbaum's request appears to be nothing but an attempt to harass LeBeau's and Jackson's adversary as part of their larger dispute in which Justice Schecter just dealt them a severe blow.

  From the Company's perspective, this entire campaign further highlights the problem of rogue counsel issuing subpoenas to individuals in their individual capacities to try and hide the fact that they cannot ethically subpoena the Company itself. As a result, the Court should deny Morrison Tenenbaum's request to issue further subpoenas and grant the relief requested by Kobre & Kim's motion to quash for the reasons set forth therein.

                Respectfully submitted,

                 */s/ Josef M. Klazen*
                Josef M. Klazen
                Benjamin J.A. Sauter
                Calvin K. Koo
                KOBRE & KIM LLP
                800 Third Avenue
                New York, New York 10022

                *Attorneys for Non-Party Kobre & Kim LLP*

---

[1] Mr. LeBeau's counsel in this action is attorney Neil Postrygacz, who is Of Counsel at Morrison Tenenbaum. *See, e.g.*, *Ronit Bason v. Juliana Paparizou et al.*, Index No. 804313/2022E, NYSCEF No. 2 (Sup. Ct. Bronx Cnty. Feb. 19, 2022) (wherein Mr. Postrygacz verifies: "I am of counsel to the law firm Morrison Tenenbaum PLLC.")