UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
: 
SINGULARDTV GmbH, :
: Case No. 1:21-cv-6000 (VEC)
Plaintiff, :
:
– against – :
: Oral Argument Requested
JOHN DOE, :
:
Defendant. :
:
------------------------------------------------------------------ x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO QUASH RULE 45 SUBPOENA

COHEN & GRESSER LLP

Douglas J. Pepe
Mathew V. Povolny
Alexandra K. Theobald
800 Third Avenue, 21st Floor
New York, New York 10022
Phone: (212) 957-7600
Fax: (212) 957-4514
dpepe@cohengresser.com
mpovolny@cohengresser.com
atheobald@cohengresser.com

*Attorneys for Non-Party AlixPartners LLP*

**Table of Contents**

                                                                                                                   **Page**

Preliminary Statement ................................................................................................................... 1

Argument ........................................................................................................................................ 2

    I.      Plaintiff's Subpoena Is an Impermissible Attempt to Obtain Discovery from Its Adversary's Expert. ................................................................................................. 2

    II.     Plaintiff Fails to Establish Its Entitlement to Protected Materials. ................................ 4

    III.    Plaintiff's Subpoena is Overly Broad and Imposes an Undue Burden. .......................... 6

    IV.    Plaintiff Offers No Legally Cognizable Defense to Avoid Reimbursing AlixPartners for Its Reasonable Attorneys' Fees and Expenses. .......................................................... 9

Conclusion ................................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Breaking Media, Inc. v. Jowers*,
   21 Misc. 194 (KPF), 2021 WL 1299108 (S.D.N.Y. Apr. 7, 2021) ...................................... 7, 10

*In re Commodity Exch., Inc., Gold Futures and Options Trading Litig.*,
   14-MD-2548 (VEC), 2021 WL 2481835 (S.D.N.Y. June 17, 2021) ......................................... 5

*Concord Boat Corp. v. Brunswick Corp.*,
   169 F.R.D. 44 (S.D.N.Y. 1996) ......................................................................................... 7, 8

*In re Grand Jury Subpoena Dated Oct. 22, 2001*,
   282 F.3d 156 (2d Cir. 2002) .................................................................................................. 5

*In re Grand Jury Subpoenas Dated Mar. 9, 2001*,
   179 F. Supp. 2d 270 (S.D.N.Y. 2001) .................................................................................... 4

*Hickman v. Taylor*,
   329 U.S. 495 (1947) .............................................................................................................. 6

*Joffe v. King & Spalding LLP*,
   17-CV-3392 (VEC), 2020 WL 3453452 (S.D.N.Y. June 24, 2020) ......................................... 7

*Natixis Fin. Prods. LLC v. Bank of Am., N.A.*,
   10 Civ. 3656, 2016 WL 7165981 (S.D.N.Y. Dec. 7, 2016) ..................................................... 4

*S.E.C. v. Collector's Coffee Inc.*,
   337 F.R.D. 70 (S.D.N.Y. 2020) ............................................................................................. 6

*Securitas Elec. Sec., Inc. v. DeBon*,
   20-CV-5323 (CM) (KNF), 2021 WL 639071 (S.D.N.Y. Feb. 18, 2021) ................................. 8

*U.S. v. Int'l Bus. Mach. Corp.*,
   83 F.R.D. 97 (S.D.N.Y. 1979) ............................................................................................... 8

*U.S. v. Schwimmer*,
   892 F.2d 237 (2d Cir. 1989) .................................................................................................. 4

*Vangelakos v. Wells Fargo Bank, NA.*,
   13-cv-6574 (PKC), 2014 WL 12772257 (S.D.N.Y. June 26, 2014) ........................................ 8

**Other Authorities**

F̲ED. R. C̲IV. P. 26 .......................................................................................................... *passim*

F̲ED. R. C̲IV. P. 45 .......................................................................................................... *passim*

Non-party AlixPartners LLP ("**AlixPartners**"), by and through the undersigned counsel, respectfully submits this Reply Memorandum of Law in further support of its motion to quash the Information Subpoena served on AlixPartners (the "**Subpoena**").[1]

## PRELIMINARY STATEMENT

Plaintiff's Opposition is an exercise in Kabuki theater.

AlixPartners has no relationship to the lawyers and principals purporting to prosecute this action on behalf of "SingularDTV GmbH." Whoever and whatever individuals or entities are prosecuting this case, they did not engage AlixPartners to perform an expert analysis. As our Opening Brief made clear, AlixPartners was engaged by Kobre & Kim LLP ("**Kobre & Kim**"), counsel to plaintiff SingularDTV GmbH in the LeBeau Action ("**SingularDTV**"), as a blockchain consultant and potential testifying expert. (ECF No. 71 at 1, 3, 6, 9, 11).

Plaintiff's Opposition pretends that AlixPartners was never engaged as an expert in the related LeBeau Action; never submitted a declaration in that case; and was never slated to testify at the preliminary injunction hearing about the circumstantial evidence suggesting involvement by LeBeau in the alleged hacking incident. (LeBeau Action, ECF Nos. 52, 57). It also overlooks that blockchain issues within the scope of AlixPartners' expertise remain front-and-center in that case, particularly in light of this Court's recent Order relating to the LeBeau Defendants' failure to comply with the Consent Order concerning SingularDTV's cold storage wallet. (LeBeau Action, ECF No. 117).

To the extent AlixPartners is called to testify for any purpose in the LeBeau Action, its discovery obligations are circumscribed by Rules 26(a)(2)(B), (b)(3)(A), and (b)(4). To the extent it is not, discovery from AlixPartners is constrained by Rule 26(b)(3) and (b)(4)(D). In

---

[1] Unless otherwise noted, all capitalized terms have the meanings ascribed to them in AlixPartners' Opening Brief (ECF No. 71).

either event, AlixPartners no longer has any role in this case and any discovery from AlixPartners should be addressed in the LeBeau Action under the strictures of Rule 26 and the timing established by this Court's Order. (*See* LeBeau Action, ECF No. 83). Plaintiff has articulated no basis under Rule 45 to subject AlixPartners to the burden and expense of serving as Plaintiff's unpaid consulting expert, or to compel AlixPartners to produce voluminous documents protected by the privileges of Plaintiff's adversary and the work product of its adversary's counsel.

The Court should grant the Motion and quash the Subpoena.[2]

## ARGUMENT

I. **Plaintiff's Subpoena Is an Impermissible Attempt to Obtain Discovery from Its Adversary's Expert.**

As discussed in detail in AlixPartners' Opening Brief, Plaintiff's Subpoena is an impermissible attempt to end-run the scope of expert discovery under Rule 26 and this Court's discovery schedule in the LeBeau Action.

Plaintiff's Opposition (ECF No. 75) ("Opp.") goes to great lengths attempting to argue that the John Doe Action is "independent" of the LeBeau Action, asserting that "there is no procedural or substantive overlap between the instant *John Doe* lawsuit and the *LeBeau* Action" and that the only similarity between the John Doe Action and the LeBeau Action is that "[b]oth cases were brought by the same Plaintiff." (Opp. at 6). This ignores the role of AlixPartners in both cases.

As the Court is aware, claims surrounding Mr. LeBeau's involvement in the alleged hacking incident were at issue both in the Complaint in the LeBeau Action and in

---

[2] AlixPartners adopts and incorporates by reference all arguments made by Kobre & Kim in its July 14, 2022 Reply Memorandum of Law in Support of Motion to Quash Rule 45 Subpoena. (*See* ECF No. 77).

SingularDTV's Motion to Intervene in this John Doe Action.  (*See* LeBeau Action, ECF No. 1, ¶¶ 23-42, 60-65; ECF No. 11).  Kobre & Kim, counsel to SingularDTV, engaged AlixPartners to provide blockchain expertise in anticipation of litigation in both cases.  Mr. Madura of AlixPartners submitted a declaration in support of the Motion to Intervene in the John Doe Action and the Preliminary Injunction in the LeBeau Action, and was scheduled to testify at the Preliminary Injunction hearing in the LeBeau Action.  (*See* ECF No. 26; LeBeau Action, ECF Nos. 52, 57).

This Court subsequently entered a Consent Order in the LeBeau Action compelling Mr. LeBeau and Ms. Jackson, among other things, to turn over the Cold Wallet and private keys at issue in that case.  (LeBeau Action, ECF No. 66).  That mooted the Preliminary Injunction hearing at which Mr. Madura was scheduled to testify.  SingularDTV also withdrew the Motion to Intervene in this case.  (ECF Nos. 35, 39).  That eliminated any potential for Mr. Madura to testify here, because SingularDTV is not a party and no longer seeks intervention.

Contrary to Plaintiff's argument in the Opposition, this does not mean that it has free reign to seek discovery from AlixPartners.  It means that AlixPartners currently stands as a non-testifying, consulting expert engaged in anticipation of litigation by counsel to what Plaintiff has described as "the opposing faction of SingularDTV GmbH" (ECF No. 42, at 1).[3]

The scope and timing of discovery that the "LeBeau faction" can obtain from

---

[3]  While Mr. Madura's Preliminary Injunction testimony in the LeBeau Action was mooted by the Consent Order, it remains possible that he could have a testifying role in the future.  Issues in his area of expertise are implicated by this Court's holding that the LeBeau Defendants "faile[d] to comply with prior Orders of the Court" relating to the disposition of the SingularDTV Cold Wallet.  (*See* LeBeau Action, ECF No. 117, at 4).  Moreover, Plaintiffs' claim that "the Subpoena is expressly limited" to documents related to the "Hacking Incident" is false.  (Opp. at 2).  The Subpoena seeks, *e.g.,* "[a]ll Documents…provided to you by SingularDTV GmbH or any other Person for or on behalf of SingularDTV GmbH," "[a]ll Documents…reviewed by you related to any Cyber Incident *or cryptocurrency transactions*…," "[a]ll Documents…related to the engagement of AlixPartners LLP by SingularDTV GmbH or by any other Person for or on behalf of SingularDTV GmbH" and "[a]ll Communications between (i) you, or any Person acting by, for or on your behalf, and (ii) any Person by, for or on behalf of SingularDTV GmbH." (*See* ECF No. 70-1, Requests c, d, i & j) (emphasis added).

AlixPartners in the LeBeau Action—which is the live case between these adversaries in this Court—are circumscribed by this Court's discovery Order and Rule 26.  Plaintiff cites no case (and we are aware of none) that would allow Plaintiff to end-run this Court's expert discovery schedule, and the carefully-crafted limitations on discovery from an adversary's consulting experts under Rule 26, through the simple expedient of a Rule 45 subpoena in a related action in which its adversary no longer has any role.  *See, e.g.*, *Natixis Fin. Prods. LLC v. Bank of Am., N.A.*, 10 Civ. 3656, 2016 WL 7165981, at *4 (S.D.N.Y. Dec. 7, 2016) (rejecting request for discovery of expert reports in parallel matter on grounds it would confer an unfair advantage on requesting party).

II.     **Plaintiff Fails to Establish Its Entitlement to Protected Materials.**

Rule 45 mandates that a subpoena "must [be] quash[ed] or modif[ied]" if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45(d)(3).  Despite that its Subpoena unquestionably seeks materials from an expert retained in anticipation of litigation, Plaintiff claims that those materials should receive no protection from disclosure.  Plaintiff's arguments fail for three reasons.

*First*, it is axiomatic that the attorney-client privilege attaches and "may cover communications made to agents of an attorney . . . hired to assist in the rendition of legal services."  *In re Grand Jury Subpoenas Dated Mar. 9, 2001*, 179 F. Supp. 2d 270, 283 (S.D.N.Y. 2001) (quotation and citations omitted); *see also U.S. v. Schwimmer*, 892 F.2d 237, 243-44 (2d Cir. 1989) (finding information furnished by attorney to agent protected by attorney-client privilege).  The Subpoena explicitly requests information that is plainly privileged, including "[a]ll Communications" between AlixPartners, a consultant hired by Kobre & Kim, and the firm and its client and "[a]ll Documents" relating to AlixPartners' investigation and engagement. (*See* ECF No. 70-1, Requests a, h, j).  Plaintiff offers no legal authority to support its request of

4

such protected communications and cannot demonstrate why it would be entitled to such materials here.

*Second*, Plaintiff argues that AlixPartners "has not properly made the threshold showing that the work product doctrine applies or the extent to which a responsive production would implicate the work product doctrine." (Opp. at 10). Again, Plaintiff conveniently ignores the nature of the relationship between AlixPartners, Kobre & Kim, and SingularDTV in both this and the LeBeau Action. Plaintiff does not challenge that AlixPartners was engaged by counsel to an "opposing faction" in anticipation of litigation, or attempt to grapple with the implications of that concession. "The work product privilege establishes a zone of privacy for an attorney's preparation to represent a client in anticipation of litigation." *In re Grand Jury Subpoena Dated Oct. 22, 2001*, 282 F.3d 156, 160 (2d Cir. 2002). Moreover, a party is not entitled to drafts and other materials created by experts at the direction of an attorney in connection with ongoing or anticipated litigation. FED. R. CIV. P. 26(b)(3)(A) and (B), 26(b)(4)(B). *See, e.g.*, *In re Commodity Exch., Inc., Gold Futures and Options Trading Litig.*, 14-MD-2548 (VEC), 2021 WL 2481835, at *2-*4 (S.D.N.Y. June 17, 2021) (non-testifying experts were not fact witnesses and their notes were subject to work product protection). Here, AlixPartners was retained as an expert by SingularDTV's counsel, Kobre & Kim. Its analyses, opinions, and documents created in conjunction with its role as an expert in the litigations are thus protected by the work-product doctrine, and AlixPartners has fully demonstrated that the work-product doctrine applies to the materials sought by Plaintiff in its Subpoena.[4]

---

[4] Plaintiff makes the bizarre claim that AlixPartners "admits it was retained on behalf of SingularDTV" so therefore should freely produce materials. (Opp. at 12). As the Opening Brief repeatedly points out, AlixPartners was engaged by Kobre & Kim, counsel to SingularDTV, the plaintiff in the LeBeau Action and withdrawn intervenor here. (ECF No. 71 at 1, 3, 6, 9, 11). To the extent SingularDTV provided materials to AlixPartners, or *vice versa*, those materials are in the possession of SingularDTV, the entity. AlixPartners has no role or relationship with the persons or entities claiming to instruct the Plaintiff in this case or its counsel.

*Third*, Plaintiff concedes that Rule 26(b)(3) provides work product protection over the information it requests (Opp. at 8), but fails to establish that Plaintiff "has *substantial need* for the materials to prepare its case and *cannot, without undue hardship, obtain their substantial equivalent by other means*." FED. R. CIV. P. 26(b)(3) (emphasis added). "[T]he burden of showing 'substantial need' is on the party seeking the documents." *S.E.C. v. Collector's Coffee Inc.*, 337 F.R.D. 70, 78 (S.D.N.Y. 2020). "Substantial need is demonstrated where the factual material contained in the otherwise protected documents is 'essential to the preparation of one's case.'" *Id*. (quoting *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)). Plaintiff cannot meet its burden. As discussed in AlixPartners' Opening Brief, Plaintiff <u>already has</u> Mr. Madura's analysis, which relied on disclosed information and publicly available data from the Ethereum blockchain. The factual material contained in AlixPartners' analysis is thus not essential to the preparation of Plaintiff's case, and the substantial equivalent can be replicated by any expert Plaintiff chooses to retain using an internet browser. Moreover, Plaintiff has represented that it expects Binance will be able to assist it in identifying the perpetrator (ECF No. 45 at 10; ECF No. 55 at 2; *see also* ECF No. 60 at 16), thus obviating the need to involve non-party AlixPartners at all. Under these facts, Plaintiff has utterly failed to meet its burden.

For these reasons, the Court should uphold the privilege and work product protections over the requested materials and quash the Subpoena.

### III.   Plaintiff's Subpoena is Overly Broad and Imposes an Undue Burden.

Plaintiff's arguments that its Subpoena is not unduly burdensome on AlixPartners effectively collapse into: (1) AlixPartners' status as a non-party "is neither dispositive nor particularly relevant to the inquiry at hand"; and (2) the Subpoena was "careful[ly] crafted" in terms of scope and time. (Opp. at 13, 14). Both of these arguments are factually and legally flawed.

*First*, AlixPartners' status as a non-party to this litigation is particularly germane. Courts in this circuit "give special weight to the burden on non-parties of producing documents to parties involved in litigation." *Breaking Media, Inc. v. Jowers*, 21 Misc. 194 (KPF), 2021 WL 1299108, at *5-*6 (S.D.N.Y. Apr. 7, 2021) (quotation and citation omitted); *see also Joffe v. King & Spalding LLP*, 17-CV-3392 (VEC), 2020 WL 3453452, at *5 (S.D.N.Y, June 24, 2020) (Caproni, J.) ("[c]ourts in this circuit are particularly sensitive to burdens imposed on non-parties") (citations omitted). There can be no dispute that AlixPartners is a true non-party. It is not a percipient witness to *any* of the events at issue in the matter and was only retained by Kobre & Kim as a non-party expert following the Cyber Incident.

Moreover, as discussed in further detail below, the eleven broad categories of information sought by the Subpoena impose an exceedingly undue burden upon AlixPartners, effectively seeking its entire working file and all communications, including the privileged materials and work product of an adverse party. Accordingly, the burden placed on AlixPartners by the Subpoena should be afforded the "special weight" to which it is entitled. Plaintiff's attempt to minimize or turn this legal standard on its head must be rejected. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (noting special consideration of witness's status as a non-party and granting motion to quash subpoena).

*Second*, the Subpoena's eleven requests are overly broad and impose a clear undue burden on AlixPartners, requiring it to produce information that its role as a non-party would not ordinarily require under Rules 45(d)(1) and 26(b)(2)(C). "Whether a subpoena imposes an undue burden depends on 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Securitas Elec. Sec., Inc. v. DeBon*, 20-CV-5323 (CM)

7

(KNF), 2021 WL 639071, at *3 (S.D.N.Y. Feb. 18, 2021) (quoting *U.S. v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). Each of these factors demonstrate the undue burden imposed on AlixPartners by the Subpoena.

Plaintiff asserts that its requests are "narrowly tailored" and that the definitions in the Subpoena "clearly specify that each subcategory is limited to only those documents that arise from Alix's investigation into the Hacking Incident." (Opp. at 2, 14). This ignores the Subpoena itself, which requests basically every document and all communications relating to AlixPartners' engagement. (*See, e.g.*, ECF No. 70-1 at c, i, j).[5] By its very terms, Plaintiff's Subpoena is not "limited to a single investigation into a single hacking incident" (Opp. at 14) and is similarly not "careful[ly] crafted to seek out only information and materials related to Alix's work on the subject Hacking Incident." (*Id*.; see *Concord Boat Corp.*, 169 F.R.D. at 50 (granting motion to quash subpoena as "overbroad on its face," effectively encompassing documents relating to every transaction over ten years); *Vangelakos v. Wells Fargo Bank, NA.*, 13-cv-6574 (PKC), 2014 WL 12772257, at *2 (S.D.N.Y. June 26, 2014) (quashing subpoena where requesting party offered no explanation for why it sought "any and all" business records)).

Further, Plaintiff offers no explanation as to why the documents that it seeks from AlixPartners are not already in its possession, custody, or control. If Plaintiff truly represents SingularDTV GmbH in this litigation, as it repeatedly asserts, then it should already possess virtually all of the documents that it seeks from AlixPartners. For example, the Subpoena seeks "[a]ll Documents, records and information provided to you by SingularDTV GmbH or any other Person for or on behalf of SingularDTV GmbH"; "[a]ll Documents, records and information

---

[5] Even the definition of "CYBER INCIDENT" belies Plaintiffs' argument: "the ALLEGED HACK *and any other event occurring on or conducted through a computer network that actually or imminently jeopardized the integrity, confidentiality, or availability of information or communications systems, or information resident thereon, utilized by PLAINTIFF*." (ECF No. 70-1 at 3) (emphasis added).

related to the engagement of AlixPartners LLP by SingularDTV GmbH or by any other Person for or on behalf of SingularDTV GmbH"; and "[a]ll Communications between (i) you, or any Person acting by, for or on your behalf, and (ii) any Person by, for or on behalf of SingularDTV GmbH." (ECF No. 70-1 at c, i, j). Each of these requests plainly seek documents that are also within SingularDTV's possession, custody, or control.[6]

### IV. Plaintiff Offers No Legally Cognizable Defense to Avoid Reimbursing AlixPartners for Its Reasonable Attorneys' Fees and Expenses.

Plaintiff does not assert any legal defense and offers no legal authority for why it should not reimburse the reasonable attorneys' fees and expenses incurred by AlixPartners in connection with this motion to quash. Instead, Plaintiff contends that AlixPartners is not entitled to its reimbursement because it "has neglected to specify the actual cost of its production." (Opp. at 16). Plaintiff further contends that "to the extent this Court determines [AlixPartners] might deserve compensation under Rule 45, such compensation should be offset by [AlixPartners'] failure to mitigate (if not cause outright) the parties to incur expenses associated with its Motion to Quash and this opposition." Id.

Neither of these unsupported assertions reflect the relevant legal standard. Rule 45(d)(1) provides that when a party issues a subpoena without taking "reasonable steps to avoid imposing undue burden or expense" on a non-party, the issuing court "*must* . . . impose an appropriate sanction—which may include lost earnings and reasonable attorneys' fees—on a party or attorney who fails to comply." FED. R. CIV. P. 45(d)(1) (emphasis added). In determining

---

[6] Plaintiff also now seeks to have the Court "modify the subpoena as needed to mitigate whatever undue burden this Court determines Alix might suffer, while still giving the Plaintiff the opportunity to review this vital research expediently and inexpensively." (Opp. at 15). AlixPartners timely served its responses and objections to the Subpoena, and Plaintiff made no effort to modify the Subpoena or to meet and confer with AlixPartners and address the undue burden imposed by the Subpoena. It is not incumbent upon either AlixPartners or the Court to narrow the terms of the Subpoena when Plaintiff has neglected to make any attempt to do so.

whether sanctions are warranted under Rule 45(d)(1), courts undertake a two-part inquiry: "[i] whether the challenged subpoena imposed an undue burden or expense on the person(s) subject thereto; and [ii] if so, what, if any, reasonable steps the subpoenaing party and its counsel took to avoid imposing such a burden." *Breaking Media, Inc.*, 2021 WL 1299108, at *7 (internal quotations and citations omitted).

AlixPartners satisfies both prongs of the two-part inquiry. The Subpoena sought to force AlixPartners to (1) act as an expert in this matter without compensation and produce discovery far more burdensome than its role as expert would normally entail; (2) produce material that is plainly protected from disclosure as attorney work product; and (3) produce information that could be obtained from public sources through its own investigation. Moreover, Plaintiff made no effort to avoid imposing such a burden on AlixPartners, failing to even meet and confer with AlixPartners about the scope of its Subpoena. Accordingly, it is appropriate for the Court to impose a sanction on Plaintiff of the reasonable attorneys' fees and expenses incurred by AlixPartners in responding to the Subpoena and bringing this Motion to Quash.[7]

## CONCLUSION

For the reasons set forth above and in its Opening Brief on this motion, AlixPartners respectfully requests that the Court grant its Motion to Quash the Rule 45 Subpoena served by Plaintiff, and similarly grant AlixPartners request for reasonable attorneys' fees and expenses incurred in connection with this motion.

---

[7] It has come to our attention that Plaintiff has also claimed in a side-letter that it should be reimbursed for its legal fees and costs for opposing AlixPartners' motion to quash. (*See* ECF No. 78 at 3). Because no reference was made to any such request in the Opposition or in any properly noticed cross-motion, AlixPartners respectfully submits that it is waived.

Dated: July 28, 2022
   New York, New York

        Respectfully submitted,

        **COHEN & GRESSER LLP**

        */s/ Douglas J. Pepe*
        Douglas J. Pepe
        Mathew V. Povolny
        Alexandra K. Theobald

        800 Third Avenue, 21st Floor
        New York, New York 10022
        Phone: (212) 957-7600
        Fax: (212) 957-4514
        dpepe@cohengresser.com
        mpovolny@cohengresser.com
        atheobald@cohengresser.com

        *Attorneys for Non-Party AlixPartners LLP*

To:
   Jerald M. Tenenbaum
   Morrison Tenenbaum, PLLC
   87 Walker Street, 2nd Floor
   New York, NY 10013
   Phone: (212) 620-0938
   Fax: (646) 998-1972
   jerald@m-t-law.com

   *Attorneys for Plaintiff*