# MORRISON TENENBAUM

MORRISON-TENENBAUM PLLC, ATTORNEYS-AT-LAW M-T-LAW.COM
87 WALKER STREET  2ND FLOOR  NEW YORK  NY  10013
PHONE 212.620.0938  FAX 646.998.1972

August 15, 2022

**Via ECF**
The Honorable Judge Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

    Re: **SingularDTV GmbH v. Doe, Case No. 1:21-cv-06000-VEC**
       **Status Update**

Honorable Judge Caproni:

  On May 9, 2022, Your Honor authorized Morrison Tenenbaum PLLC as counsel for Plaintiff ("Morrison Tenenbaum") to issue subpoenas for information relevant to the hacking incident underlying this action (the "May 9 Order"). Following the May 9 Order, Morrison Tenenbaum issued subpoenas on Kobre & Kim, Alix Partners and Patrik Allenspach. As of this date, none of the three parties upon whom subpoenas were served has provided a single document or a shred of information; nor have they produced an index or privilege log or sought to engage in any other type of discovery protection that would prevent the potential misuse of the requested information.

  Kobre & Kim and Alix Partners both filed motions to quash the subpoenas. We opposed those motions, which are now fully submitted. Patrik Allenspach, who works for Plaintiff in Switzerland, has simply refused to turn over any documents. Mr. Allenspach did not file a motion to quash or provide documentation within 30 days from service of the subpoena at Plaintiff's office in Zug, Switzerland. Though he did have Mr. Mraz, an attorney representing SingularDTV GmbH in Switzerland, draft a letter objecting to the subpoena. (Dkt. 58 Exhibit 'A') However, no notice of appearance has been filed by Mr. Mraz, and the letter of objection falls far short of the requirements for a motion to quash. All applicable deadlines have run their course with respect to Mr. Allenspach.[1]

  Kobre & Kim continues to argue that they, rather than Morrison Tenenbaum, are counsel to SingularDTV in this action. In their July 20, 2022, Letter to the Court Kobre & Kim asserted that they are "indisputably… counsel to the Company" (Dkt. 80 at 1). However, with Kobre &

---

[1] *See* Aff. of Service, Dkt. 51. The date of service of the Allenspach subpoena was May 14, 2022; *See also* Dkt. 48. (The Court's order granting Plaintiff's request to serve Rule 45 subpoenas gives the recipients 30 days from the date of service to move to quash (Monday, June 13, 2022) or otherwise produce responsive information within 10 days after the 30-day period lapses (June 23, 2022)).

Kim's March 17, 2022, withdraw of the Motion to Intervene, they are indisputably *not counsel to SingularDTV in this case*. (Dkt. 35). Kobre & Kim's vigorous defense of Mr. Allenspach's outright refusal to comply with Plaintiff's subpoena is the clearest indication yet of their true strategy: despite the shared interest among all the parties in the outcome of this case, the Lubin faction is more interested in impeding Morrison Tenenbaum's efforts than identifying the John Doe or recovering the stolen assets.

  At this time, Plaintiff seeks leave to demand documents and information from Mr. Joseph Lubin pursuant to a subpoena. The proposed subpoena will seek the very same information and documentation sought from Mr. Allenspach. Mr. Lubin and Mr. Allenspach were the two members of the Dissolution Committee formed by the Board of Directors of SingularDTV GmbH for the purpose of investigating the hacking incident. (Dkt. 15, Exhibit '4' at 3). Information from that investigation would undoubtably help in the process of uncovering the unidentified hacker. Mr. Lubin, a New York City resident, cannot hide behind the Hague Convention on the Taking of Evidence; nor should he be permitted to refuse to turn over documents that rightfully belong to the Plaintiff in this case.

  Kobre & Kim preemptively contends that this request is improper and that discovery from Mr. Lubin will not help the Plaintiff identify the John Doe defendant (Dkt. 80 at 2). However, without a detailed index of potentially responsive documents in Mr. Lubin's possession or control, Kobre & Kim's partisan assertion must be seen as merely obstructionist and without any legal basis whatsoever.

  In light of the above, we respectfully ask the Court to issue sanctions on Patrik Allenspach which should compound until he produces the documents requested in Plaintiff's subpoena. Further, Plaintiff requests leave to issue a subpoena on Mr. Lubin seeking documents and information related to the hacking incident.

  We thank the Court for its consideration.

              Respectfully Submitted,

              MORRISON TENENBAUM PLLC

By: _____
              Jerald M. Tenenbaum
              87 Walker Street, Second Floor
              New York, New York 10013
              Telephone: (212) 620-0938
              E-Mail: Jerald@m-t-law.com

M+T