# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

August 17, 2022

**BY ECF**
Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

RE:   *SingularDTV GmbH v. John Doe*, No. 1:21-cv-06000 (VEC)

Dear Judge Caproni:

We write to address Morrison Tenenbaum's status update letter dated August 15, 2022 [ECF No. 82] (the "August 15 Letter"), which asks the Court for (1) relief against Mr. Patrik Allenspach and (2) leave to issue a subpoena on Joseph Lubin. Morrison Tenenbaum made the same requests in its last status update letter dated July 18, 2022 [ECF Nos. 78 & 79], which we responded to in a letter to the Court dated July 20, 2022 (the "July 20 Letter"). For the reasons discussed in the July 20 Letter (which are incorporated herein) and below, we respectfully submit that the Court should deny Morrison Tenenbaum's two requests.

First, as explained in the July 20 Letter (at page 1), Morrison Tenenbaum's complaints about the actions of Mr. Allenspach are misguided. SingularDTV GmbH's (the "Company") Swiss counsel has explained why the subpoena directed at Mr. Allenspach was not properly served in Switzerland and that it would be a criminal offense under Swiss law for Mr. Allenspach to comply with that subpoena. The August 15 Letter noticeably avoids substantively addressing these points and continues to ignore the Court's prior recognition that a subpoena is not an appropriate process for obtaining documents in Switzerland [*see* ECF No. 41 at 3].

Second, regarding the request for leave to subpoena Mr. Lubin, not only does Morrison Tenenbaum fail to take the proper procedural steps to move this Court for leave to issue a subpoena, it also attempts to turn the relevant burden on its head: rather than affirmatively demonstrate the need for the requested discovery (as it must), Morrison Tenenbaum improperly suggests that it is Mr. Lubin that must establish why the request is improper.[1] It is, however, Morrison Tenenbaum that must establish the relevant legal and factual thresholds for expedited

---

[1] Kobre & Kim does not represent Mr. Lubin, but reiterates the points made in its July 20 Letter (at page 2) because Morrison Tenenbaum has raised them again in its August 15 Letter.

**Americas** (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

August 17, 2022
Page 2

discovery, which it fails to do.  Moreover, rather than make that case, the August 15 Letter (at page 2) claims that it needs "a detailed index of potentially responsive documents" from Mr. Lubin even before the Court has granted leave to issue the requested subpoena and before any relevant objections or pending Motions to Quash have been ruled upon.  This is facially premature.

Finally, the August 15 Letter (at pages 1-2) continues to assert the perplexing argument that Kobre & Kim has conceded to Morrison Tenenbaum's representation of the Company.  This argument is addressed thoroughly in Kobre & Kim's pending Motion to Quash briefing [ECF Nos. 60, 77].

For the reasons set forth above, in the July 20 Letter, and in Kobre & Kim's Motion to Quash briefing, the Court should deny Morrison Tenenbaum's August 15 Letter requests.

Respectfully submitted,

*/s/ Calvin K. Koo*
Calvin K. Koo
Josef M. Klazen
Benjamin J.A. Sauter
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022

*Attorneys for Non-Party Kobre & Kim LLP*